IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| GEORGE B. KEEPSEAGLE, *et al.*, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | Case No. | 1:99CV03119 (EGS) |
| | ) | | |
| ANN M. VENEMAN, Secretary of Agriculture, | ) | Judge: | Emmet G. Sullivan |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S EXPEDITED MOTION
TO RECONSIDER THE COURT'S ORDER OF DECEMBER 5, 2003**

On December 5, 2003, this Court granted Phil Givens' Motion to Opt Out of the Class Action to allow him to "pursue any and all administrative matters now pending before the Department of Agriculture." See Order (Dec. 5, 2003) (Docket No. 179). The Court noted that "Rule 23 is sufficiently flexible to grant opt-out right[s] in Rule 23(b)(2) class actions," citing Eubanks v. Billington, 110 F.3d 87 (D.C. Cir. 1997). Defendant respectfully submits that the Court has, however, misapplied the holding of Eubanks and has also acted contrary to the interpretation and the instructions of the Court of Appeals for the D.C. Circuit in this case. See In re Veneman, 309 F.3d 789 (D.C. Cir. 2002). These authorities make it clear that a class certified solely pursuant to Rule 23(b)(2), as in this case, provides for opt-out rights only in specific situations not yet shown here and that allowing parties to opt out is premature at this point in the case. Therefore, defendant requests that this Court reconsider its December 5 order and deny Mr. Givens' Motion to Opt Out.

On September 28, 2001, this Court certified a class "pursuant to Rule 23(b)(2) for purposes of declaratory and injunctive relief," defining the class as:

> All Native-American farmers and ranchers who (1) farmed or ranched between January 1, 1981 and November 24, 1999; (2) applied to the USDA for participation in a farm program during that time period; and (3) filed a discrimination complaint with the USDA individually or through a representative during the time period.

Order of September 28, 2001 (Docket No. 126), as modified by Memorandum Opinion and Order of December 12, 2001 (Docket No. 134). The Court expressly *declined* to certify a "hybrid" class action, or to certify a class under Rule 23(b)(3). Id.

In Eubanks v. Billington, 110 F.3d 87 (D.C. Cir.1997), the D.C. Circuit held that district courts may grant opt-out rights in (b)(2) class actions in two situations – either (1) by certifying a (b)(3) class as to claims for monetary relief (*i.e.*, a hybrid class) or (2) by exercising their discretion under Rule 23(d)(5) to allow opt-outs from the (b)(2) class "to facilitate the fair and efficient conduct of the litigation." Id. at 96. The D.C. Circuit stated that the latter situation would arise when a court "conclude[d] that the claims of particular class members are unique or sufficiently distinct from the claims of the class as a whole, and that opt-outs should be permitted on a selective basis." Id. Notably, the D.C. Circuit concluded that the claims of the plaintiffs seeking to opt out in Eubanks (in which there was no 23(b)(3) certification) did not meet these criteria, and affirmed the denial of their motions to opt out. Id. at 99.

In the present case, this Court certified a Rule 23(b)(2) class that the D.C. Circuit specifically described as a "no-opt-out class." See In re Veneman, 309 F.3d at 795. As this Court expressly declined to certify part or all of the case under Rule 23(b)(3), option (1) outlined in Eubanks does not apply here. Nor has Mr. Givens established that he is entitled to an exception pursuant to Eubanks option (2). Mr. Givens has pointed to nothing unique about his claims that would differentiate them from the claims of the other class members. Moreover, this Court has not even

2

attempted to engage in the type of analysis required by Eubanks.

More generally, the issue of the proper nature and scope of the class in this case remains in limbo following the remand of the case from the D.C. Circuit and it therefore is premature to allow *any* class members or possible class members to "opt out." When it remanded this case, the D.C. Circuit directed this Court to order full briefing on, and then decide in advance of any further litigation of the case, class certification issues that bear directly on the scope, if any, of class members' opt-out rights. In re Veneman, 309 F.3d at 796.[1] If this Court intends not to adhere to that instruction, it should state that clearly, and promptly, so that defendant can examine its options and seek review of that decision, if appropriate. See id. (defendant is "free to seek appellate review" of any subsequent class certification order via Rule 23(f)).

## **CONCLUSION**

For these reasons, the Court should reconsider its Order of December 5, 2003, and Mr. Givens' Motion to Opt Out of Class Action should be denied.

                                                     Respectfully submitted,

                                                     PETER D. KEISLER
                                                     Assistant Attorney General

                                                     ROSCOE C. HOWARD, JR.
                                                     United States Attorney

---

[1] Specifically, these issues were: (1) whether Rule 23(c)(4)(A) provides authority for "partial certification" in these circumstances, *i.e.*, whether it allows the Court to certify a class for equitable relief when the class seeks both equitable and monetary relief, when the Court has not made a determination that the predominant final relief is equitable; (2) how such "partial" class certification affects the due process rights (such as notice rights) of absent class members; and (3) whether parties will be bound by the judgment.

_____
MICHAEL SITCOV
CAROL FEDERIGHI
U.S. Department of Justice
Civil Division - Room 7120
P. O. Box 883
Washington, D.C. 20044
Telephone: (202) 514-1903

Dated:  December 11, 2003