**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GEORGE P. KEEPSEAGLE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 99-3119 (EGS) |
| | ) | |
| | ) | |
| MIKE JOHANNS, Secretary, | ) | |
| United States Department | ) | |
| of Agriculture | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before the Court is the Ft. Berthold
Movants'(hereinafter "movants") fifth motion to opt out and
plaintiff's motion for class certification of economic relief
claims.  A motions hearing was held on November 10, 2005.  The
Court considered the motions, the oppositions and replies
thereto, the entire record and the relevant statutory and case
law.  On November 10, 2005, the Court found the movants' claims
to be sufficiently distinct from those of the plaintiff class
under Federal Rule of Civil Procedure 23 and the holding of
*Eubanks v. Billington*, 110 F.3d 87 (D.C. Cir. 1997) and granted

1

movants' motion for leave to opt out of the plaintiff class.  The
Court also denied plaintiff's motion for class certification of
economic relief claims without prejudice to refile at the
conclusion of discovery.  The Court issued a minute order
memorializing the Court's findings on the same day.  This
Memorandum Opinion articulates the justification for the Court's
November 10, 2005 Order.

**I. FACTUAL AND LEGAL BACKGROUND**

**1. The Existing Plaintiff Class**

   The plaintiff class of Native American farmers and ranchers
(hereinafter "farmer(s)") allegedly applied for United States
Department of Agriculture ("USDA") farm loan and benefit programs
between January 1, 1981 and November 24, 1999. The eight hundred
and thirty-eight (838) plaintiffs named in the Sixth Amended
Complaint, and the absent class members, make three common
claims: (1) USDA discriminated against them on the basis of race
in processing their farm program applications; (2) USDA did not
investigate complaints of discrimination and (3) USDA
discriminated against them on the basis of race in the operation
of USDA's loan servicing programs.  *See* Sixth Am. Compl. at 2.
According to the plaintiffs and class members, the USDA
discriminated against them by, *inter alia*, denying them access to
the programs or treating them less favorably than non-Native
American farmers in processing their applications, servicing

2

loans, and/or administering benefits. *See id.* The plaintiffs and class members also allege that they complained of this discrimination to USDA, but that USDA failed to properly process and investigate their complaints. *See id.*

The plaintiffs and class members allege that USDA's discrimination against them in the administration of farm loan and benefits programs violates the Equal Credit Opportunity Act ("ECOA") and 15 U.S.C. § 1691e and the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).  In particular, plaintiffs allege that the discrimination in USDA's processing of credit applications and its failure to investigate is a violation of ECOA, and that discrimination in the department's processing of applications for non-credit programs and its failure to investigate such discrimination is a violation of the APA.  Sixth Am. Compl. at 3.

Plaintiffs seek declaratory, injunctive relief and damages pursuant to the ECOA. *See* Sixth Am. Compl. at 41.  Under the APA, plaintiffs pray for "appropriate relief," including "an accounting of discrimination complaints made to the USDA, whether orally or in writing, by members of the Class, investigation and redress of such complaints, and such changes to the civil rights complaint system as are necessary to bring it into compliance with the APA." *Id.*

## 2. The Movants

The movants are a group of twenty-seven registered tribal members of the Three Affiliated Tribes, Fort Berthold Indian Reservation, located in north central North Dakota. Each of the movants has farmed, owned or leased land on the Reservation between 1981 and 2005. Mov.'s 5th Mot. to Opt Out at 3. Movants have contended since the inception of this lawsuit that they are distinct from the plaintiff class. Like plaintiffs, movants claim that USDA discriminated against them in the administration of its lending programs and failed to process their discrimination complaints. Movants also submit, however, that they are entitled to pursue their claims against the USDA administratively under Section 741 of the Agricultural, Rural Development, Food and Drug Administration and Related Agencies Appropriations Act of 1999, codified as 7 U.S.C. § 2279. (Hereinafter "Section 741") *See* Mov.'s 5th Mem. at 3. The conditions for making Section 741 claims are specified in regulations promulgated as 7 C.F.R. 15f.1 et seq. Movants contend that they, unlike plaintiffs, have met the numerous requirements imposed by the regulations and, therefore, are eligible for administrative relief. Chief among these is the requirement of evidence of a discrimination complaint filed with USDA prior to January 1, 1997 and further filings requesting adjudication of that complaint prior to October 21, 2000. Movants submit that

4

under this statutory scheme, they are entitled to an "accelerated administrative settlement and adjudication process" otherwise unavailable to plaintiff class members. *See* Mov.'s 5th Mem. at 5-7. Movants claim that their involuntary inclusion in the plaintiff class is a barrier to the expedient adjudication of their claims against the USDA, and they request leave to opt out of the class.  Plaintiffs have dropped their opposition to movants' motion. *See* Pl.'s Mem. at 21 n.15. Defendants continue to oppose movants' request, although their opposition is now relegated to a footnote. *See* Def. Opp. at 36 n. 33.

**3.   Requirements of Federal Rule of Civil Procedure 23(a)**

Federal Rule of Civil Procedure 23 governs all issues of class certification. Fed. R. Civ. P. 23. The four prerequisites of Rule 23(a) require plaintiffs to demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition to the above requirements, putative classes must also show that they meet the specific requirements of at least one of three distinct class categories outlined in Rule 23(b), namely, either the (b)(1) action, the (b)(2) action, or the (b)(3) action. The three categories are not

5

mutually exclusive, and a class may be certified under more than one category. *Eubanks v. Billington*, 110 F.3d 87, 91-92 (D.C. Cir. 1997)(internal citations omitted).  This Court certified the plaintiff class pursuant to Rule 23(b)(2) in its Order of September 28, 2001 finding that the putative plaintiff class satisfied both the prerequisites of Rule 23(a) and the specific requirements for class certification under 23(b).

**4. Rule 23(b)2 Certification of Plaintiff Class**

Rule 23(b)(2) provides that a class may be certified where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Fed. R. Civ. P. 23(b).  *See Eubanks*, 110 F.3d at 92.  While courts have generally allowed plaintiff classes to seek monetary relief under each of the three categories, there are important procedural distinctions between the (b)(1) and (b)(2) actions and the (b)(3) action. *Id.* "Rule 23(c)(2) provides that all class members in a (b)(3) action are entitled to notice and an opportunity to exclude themselves from the class and the preclusive effect of any judgment by opting out of the lawsuit. The rule has no comparable provision for (b)(1) and (b)(2) classes." *Id.* Because there is not a corresponding opt out provision,(b)(1) and (b)(2) actions are

known as "mandatory" class actions, as their relief is intended
to apply to the entire class without exception.

In its September 28, 2001 Order, the Court declared that
the plaintiff class had satisfied the necessary requirements and
certified the plaintiff class as a (b)(2) action. The primary
issue before the Court today is not the propriety of that
certification, but rather whether the movants can legally opt out
of this (b)(2) action.[1]  For the following reasons, the Court
finds that they can.

**II. DISCUSSION**

**1. The D.C. Circuit's interpretation of Rule 23**

In *Eubanks v. Billington*, the D.C. Circuit definitively held
that "the language of Rule 23 is sufficiently flexible to afford
district courts discretion to grant opt out rights in (b)(1) and
(b)(2) class actions." 110 F.3d at 94.  Rule 23 does not
expressly preclude opt out rights in non-(b)(3) actions; rather
Rule 23(d) has an inherent "procedural flexibility" that

---

[1] In their opposition to the movants' request, defendants
contend, as they have throughout this litigation, that the
plaintiff class fails to satisfy the requirements of Rule 23(a)
or 23(b) and should be decertified.  *See* Def.'s Opp. to Pl.'s
Mot. for Class Cert. of Economic Relief Claims at 21-35. However,
defendants have failed to present any compelling reason why the
Court should reconsider its 2001 certification order and, thus,
it declines to do so.

supports a wide range of judicial choice.  *Id.*[2]  Although opt

outs should not be permitted if it would undermine the policies

behind (b)(1) or (b)(2) certification, "where both injunctive and

monetary relief are sought, the need to protect the rights of

individual class members may necessitate procedural protections

beyond those ordinarily provided under (b)(1) and (b)(2)."  *Id.*

at 94-95.

The *Eubanks* Court detailed at least two ways that a district

court may exercise its discretion when class members seeking

monetary and injunctive or declaratory relief want to opt out of

a (b)(2) action. First, the court may create a hybrid class,

"certifying a (b)(2) class as to the claims for declaratory or

injunctive relief, and a (b)(3) class as to the claims for

monetary relief, effectively granting (b)(3) protections

including the right to opt out to class members at the monetary

relief stage." *Id.* at 96.  *See also Holmes v. Continental Can

Co.*, 706 F.2d 1144, 1154-60 (11th Cir. 1983)(explaining the form

and potential functions of class actions certified as hybrids

---

[2] The district court:

> may make appropriate orders ... (2) requiring, for the
> protection of the members of the class or otherwise for
> the fair conduct of the action, that notice be given in
> such manner as the court may direct to some or all of
> the members of any step in the action, or of the
> proposed extent of the judgment, or of the opportunity
> of members to signify whether they consider the
> representation fair and adequate ... [or] (5) dealing
> with similar procedural matters..."

Fed. R. Civ. Pro. 23(d)(quoted in *Eubanks*, 110 F.3d at 94 n.11).

under both (b)(2) and (b)(3)).  The Circuit also gave a second example, where "the court may conclude that the claims of particular class members are unique or sufficiently distinct from the claims of the class as a whole, and that opt outs should be permitted on a selective basis."  *Id.*   The *Eubanks* court adopted the view of the Second Circuit, declaring "Rule 23(d)(5) to be broad enough to permit the court to allow individual class members to opt out of a (b)(1) or (b)(2) class when necessary to facilitate the fair and efficient conduct of the litigation." *Id.*[3]

**2.  Movants meet *Eubanks'* standard for selective opt out rights**

---

[3] District Courts in our circuit have relied on this understanding of Eubanks to exercise discretion in certification decisions. *See Taylor v. D.C. Water & Sewer Auth.*, 205 F.R.D. 43 (D.D.C. 2002) (denying defendant employer's motion to dismiss, holding that  "D.C. Circuit case law… emphasizes an ad-hoc approach and does not treat compensatory damages claims as per se incompatible with 23(b)… [D]istrict courts have ample discretion to implement hybrid certification under Rule 23(d)(5), which allows them to "make appropriate orders ... requiring for the protection of the members of the class or otherwise for the fair conduct of the action." This rule is "broad enough to permit the court to allow ... (b)(2) opt outs ... when necessary to facilitate the fair and efficient conduct of the litigation.")(quoting *Eubanks v. Billington*, 110 F.3d 87, 96 (D.C. Cir, 1997), Fed. R. Civ. P. 23(d)(5)(internal citations omitted)). *See also Pate v. United States*, 328 F. Supp. 2d 62, 71 (D.D.C.  2004)(interpreting *Eubanks* to allow flexible accommodation of opt out requests at the discretion of the trial judge, based on principles of "basic fairness" and upon an affirmative request by the party).

Because the movants have presented "sufficiently distinct claims from the class as a whole," the Court finds that movants satisfy the second *Eubanks* option. 110 F.3d at 96.  The movants have detailed significant ways in which their claims differ from those of the plaintiff class. *See* Mov.'s Mem. at 12. At a minimum, movants seek relief under Title VI of the Civil Rights Act of 1964 in addition to ECOA, they seek non-economic as well as economic damages, and they filed their administrative claims with USDA several years prior to the filing of this lawsuit*. Id*. Movants further contend that their claims are different because they are documented in a way that uniquely brings them under the Section 741 remedy created by Congress, a remedy they contend is not available to the plaintiff class as a whole. *Id.* Plaintiffs have conceded that the movants present broader claims than those sought by the class and support invoking the Court's discretion under Rule 23(d) to let the movants opt out.

Defendants have dedicated the great majority of their briefing on this issue to advocating the decertification of the class as a whole.  Defendants appear to adopt the contradictory position that, on the one hand, the movants are so different from the plaintiffs that the class fails to meet Rule 23(a)'s commonality requirement, and, on the other hand, that movants' differences are insufficient to satisfy the opt out requirements under 23(d).  Adopting defendants contradictory arguments would

10

relegate the movants to a procedural no man's land, where movants' claims are sufficiently different to destroy class cohesion but insufficiently unique to free them from this action's preclusive effects. Defendants do not contend USDA will suffer prejudice if the movants opt out; rather they address movants' arguments only as examples of why they believe the entire class is not viable.  Defendants point to movants' desire to leave the class, their dissatisfaction with class counsel, and the conflicts of interest and claims between the two groups as examples of why the class should be decertified.  Yet ironically, defendants conclude that these differences are not enough to satisfy the opt out requirements under *Eubanks. See* Def. Opp. at 36 n.33.

Defendants rely on a narrow reading of *Thomas v. Albright,* 139 F.3d 227 (D.C. Cir. 1998), to support their contention that movants' pending administrative claims are "simply not enough" to justify opting out on a selective basis under *Eubanks*.  Def. Opp. at 36 n.33.  In *Thomas*, the D.C. Circuit reversed the District Court's decision to allow plaintiff class members to opt out at settlement because the District Court made no findings that the dissident plaintiffs were sufficiently different from the plaintiff class.  *Thomas,* 139 F.3d at 236.  The dissident plaintiffs argued that they stood to be under-compensated by the

settlement, an argument rejected by *Eubanks* as sufficient reason for allowing opt outs.  *Id.* at 236 (holding that an opt out cannot be justified simply because "appellants received less under the settlement agreement than they might have expected to receive had they prevailed in individual lawsuits . . . as no party can reasonably expect to receive in a settlement precisely what it would receive if it prevailed on the merits.").  The dissidents had also argued that they should be allowed to opt out because several of them had pending individual discrimination claims against the defendant State Department.  The Circuit found, however, that "one may not, by first filing an administrative charge and then *affirmatively joining a class action* as a named plaintiff or an intervenor, obtain the option to see whether the result in the class suit is satisfactory and, if not, then to take up the administrative charge again." *Id* (emphasis added).

The Court recognizes the *Thomas* Court's concern that by indiscriminately granting opt out rights, plaintiffs could potentially ride out a class action lawsuit only to return to a pending administrative complaint if the settlement is not as favorable as they had hoped.  These circumstances are not present in this case.

Unlike other dissident plaintiffs who attempt to leave an

action after a disappointing settlement, the movants have persistently pursued a right to opt out since the inception of this litigation.  In contrast to the *Eubanks* plaintiff who failed to avail himself of a statutory remedy, and the *Thomas* plaintiff who argued only that he was unhappy with his compensation as a class member, the movants argue that forcing them to remain in this class will rob them of a "meaningful opportunity to present the merits of their individual claims." *Eubanks*, 110 F.d at 97.

Unlike the dissident plaintiffs in both *Thomas* and *Eubanks*, in the present case, movants are not named plaintiffs or intervenors in the *Keepseagle* action.  *Cf. Thomas*, 139 F.3d at 236 (rejecting named plaintiff's motion to opt out of (b)(2) action at settlement).  Rather than defecting from a failing cause, movants have always contended that they are "trapped" in an action they do not support, which was filed years after they initiated their administrative claims, and which advanced different legal theories, and employed counsel to whom they object. *See* Mov.'s Mem. at 14.  Movants are a discrete group of claimants attempting to avail themselves of a statutory remedy created by Congress to rectify the USDA's admitted failure in processing discrimination claims.  Movants have been, and continue to be, represented by their own counsel.

The Court finds that the substantive and procedural

differences that separate the movants from the plaintiffs are precisely the circumstances contemplated by the *Eubanks* Court and, therefore, permit movants to opt out under Rule 23(d).

## III. CONCLUSION

Upon consideration of movants' motion for leave to opt out, the response and reply thereto, counsels' representations at oral argument, and the relevant statutory and case law, the movants' motion is **GRANTED.**

Signed:     **EMMET G. SULLIVAN**
                  **United States District Judge**
                  **March 23, 2006**