IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARILYN KEEPSEAGLE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TOM VILSACK, Secretary, United States Department of Agriculture,<br><br>        Defendant. | Civil Action No. 1:99CV03119 (EGS)<br><br>Judge:    Emmet G. Sullivan<br>Magistrate Judge:  Alan Kay |

**JOINT STATUS REPORT**

Since submission of the last status report, the parties have continued to engage in face-to-face and telephonic discussions. The parties have made considerable progress on reaching agreement on the disposition of the *cy pres* funds.

The settlement agreement already in place establishes a mechanism for distributing *cy pres* funds, which includes a one-time, pro rata distribution to all *cy pres* beneficiaries designated by plaintiffs' counsel (within limits set by the agreement) and approved by the Court. Plaintiffs believe that this mechanism is ill-suited for dispersing the amount of funds remaining, so they initiated negotiations with the USDA regarding a new mechanism for distributing the *cy pres* funds.

As a result of these negotiations, the parties have tentatively agreed to modify the settlement (i) to require plaintiffs to initially distribute some of the funds in a manner similar to the method envisioned by the current agreement and (ii) to permit plaintiffs to create a charitable trust to disperse the rest of the money to non-profit organizations that serve Native American farmers and ranchers. The agreement to modify the settlement is tentative because a number of

details remain to be resolved, the Department of Justice has not given final approval (because of these remaining details), and the Court has yet to approve it, as is required by the settlement agreement. But, if a final agreement is reached, the parties anticipate that it will include the following features:

(a) Within six months of the Court's approval of these plans, Class counsel will recommend to the Court for its approval an initial distribution of settlement funds of approximately 10% of the total undisbursed settlement funds, or $38 million, to non-profit organizations eligible to receive such funds. Class counsel may solicit the advice of an advisory board and publicize the availability of these funds within Indian Country in order to inform their recommendations to the Court. Upon approval by the Court, these funds will be disbursed.

(b) The remaining undistributed settlement funds will be transferred to a Trust created to administer the funds, which would seek tax exempt status under the Internal Revenue Code, § 501(c)(3). The terms of the Trust would require it to distribute all funds within 20 years of the date it begins its operations. The Trust would be charged with disbursing funds to not-for-profit organizations for projects that will serve Native American farmers and ranchers (as farmers and ranchers).

(c) The parties have also agreed that individuals familiar with the needs of Native American farmers and ranchers will oversee the Trust and select recipients of the Trust funds.

(d) In addition to these terms for distribution of the *cy pres* funds, the plaintiffs or the parties jointly intend to submit for the Court's approval other terms, which must still be negotiated. No transfer of funds to the Trust will occur until the Court has approved all necessary documents.

The parties negotiated the definition of *cy pres* beneficiaries as part of the resolution of this matter and did not agree to distribute the *cy pres* funds to class members who had successfully recovered under the administrative claims process. Plaintiffs believe that it would be appropriate to modify the settlement agreement to permit this use of the *cy pres* funds. The USDA does not support redistributing *cy pres* funds to prevailing class members. Prevailing class members received the full value of their claims under the settlement agreement (which they could have, but did not, opt out of): The sliding-scale provision of the agreement, which would have reduced compensation below the maximum available ($50,000 for Track A claimants and $250,000 for Track B claimants) if the number of claimants was too high, was not triggered. In the view of the USDA, any additional compensation would be a windfall. Therefore, plaintiffs are willing to modify the *cy pres* term of the Settlement Agreement in a manner that does not provide additional direct payments to any class members.

Before completing negotiations with the USDA and submitting these materials to the Court, Class counsel propose to schedule several meetings to permit Native American farmers and ranchers to, among other things, identify needs of the community that should be considered in framing the mission statement for the Trust, and share views on qualities desired in members of the Board of Trustees.

The parties propose that the Court schedule another status conference in September, 2014. They hope that all of the documents necessary for approving the modification of the settlement agreement will have been submitted before a September conference date.

| | |
|---|---|
| Dated: May 7, 2014 | Respectfully submitted, |
| By <u>/s/*Joseph M. Sellers*</u><br>Joseph M. Sellers, Bar No. 318410<br>Christine E. Webber, Bar No. 439368<br>Peter Romer-Friedman, Bar No. 993376<br>COHEN MILSTEIN SELLERS &<br>   TOLL PLLC<br>1100 New York Avenue, N.W.<br>Suite 500, East Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 | <u>/s/ Justin M. Sandberg</u><br>JUSTIN M. SANDBERG<br>(Ill. Bar No. 6278377)<br>Trial Attorney<br>U.S. Dept. of Justice, Civil Division,<br>Federal Programs Branch<br>20 Mass. Ave., NW, Rm. 7302<br>Washington, DC 20001<br>(202) 514-5838 phone<br>(202) 616-8202 fax |
| *Attorneys for Plaintiffs* | *Counsel for Defendant* |

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2014, the foregoing was served via the Court's ECF system, which will cause an electronic copy to be sent to all counsel of record in the case.

Respectfully submitted,

*/s/ Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
COHEN MILSTEIN SELLERS &
   TOLL PLLC
1100 New York Avenue, N.W.
Suite 500, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
