IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN KEEPSEAGLE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. 1:99-CV-3119 (EGS) |
| TOM VILSACK, Secretary of Agriculture, | ) ) ) | |
| Defendant. | ) ) | |

### **MEMORANDUM REGARDING PRUDENTIAL STANDING AND *LEXMARK***

Defendants have opposed the intervention motion filed on behalf of the Choctaw Nation and its Jones Academy Foundation (referred to collectively as "the Choctaw Nation"). Resp. to Mtn. to Intervene, Dckt. No. 651, Sept. 23, 2013. At the May 21, 2014 status conference in this matter, the USDA explained that, in addition to the arguments laid out in the opposition brief, the Choctaw Nation's motion should be denied because, as it is neither a party to the settlement agreement nor an intended third-party beneficiary, it lacks prudential standing to intervene to block the amendment of the agreement.[1] The D.C. Circuit adopted a nearly identical argument in *Deutsche Bank National Trust Company v. FDIC*, stating that the appellants in that case "lack[ed] prudential standing to enforce the terms of the Agreement because they were neither parties nor intended third-party beneficiaries to this contract." 717 F.3d 189, 194 (D.C. Cir. 2013). The court classified the argument as a "third-party prudential standing" argument because "[w]hen a litigant is neither party to nor

---

[1] The Choctaw Nation addressed prudential standing in its reply brief in support of intervention. Reply Br. in Support of Mtn. to Intervene, Dckt. 653, Sept. 26, 2013, at 7-8.

1

an intended beneficiary of a contract, then any claim brought under that contract must belong to a third party." *Id.* at 194 n.5.

After his presentation, counsel for the USDA informed the Court that a recent Supreme Court decision may have upended the prudential standing argument. The Court instructed counsel to file a brief on the effect of the Supreme Court decision. In fact, the decision, *Lexmark International v. Static Control Components*, 134 S. Ct. 1377 (2014), leaves the USDA's prudential standing argument in this case untouched. In *Lexmark*, the Supreme Court explained that "prudential standing is a misnomer as applied to the zone-of-interests analysis." *Id.* at 1387. But the USDA has not raised a zone-of-interest-related prudential standing argument. Rather, it raises a prudential standing argument based on the (in)ability of the Choctaw Nation to raise a third-party's purported rights. *See Deutsche Bank,* 717 F.3d at 194 n. 5. And the Supreme Court in *Lexmark* expressly declined to address third-party prudential standing: "This case does not present any issue of third-party standing, and consideration of that doctrine's proper place in the standing firmament can await another day."[2] *Id.* n. 3. Thus, *Deutsche Bank* remains good law. And it stands for the proposition that the Choctaw Nation's motion to intervene should be denied.


DATED: May 28, 2014                                    Respectfully submitted,

                                                       STUART F. DELERY
                                                       Assistant Attorney General

---

[2] In *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank,* the Fifth Circuit stated in dicta that "the continued vitality of prudential 'standing' is now uncertain in the wake of the Supreme Court's recent decision in [*Lexmark*]." 2014 WL 1633508, at *5 n.34 (5th Cir. 2014). But as noted above, *Lexmark* in fact expressly avoided addressing third-party prudential standing, so the D.C. Circuit's opinion in *Deutsche Bank* still governs.

2

RONALD C. MACHEN JR
 United States Attorney

JUDRY L. SUBAR,
DC Bar # 347518
Assistant Director
Federal Programs Branch

　/s/ Justin M. Sandberg　
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20001
(202) 514-5838 phone
(202) 616-8202 fax
*Counsel for Defendant*