## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN KEEPSEAGLE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:99-CV-3119 (EGS) |
| | ) | |
| TOM VILSACK, Secretary of Agriculture, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE TO MINUTE ORDER REGARDING NOTICE

Plaintiffs have filed a motion asking the Court to approve a modification to the class-wide settlement reached earlier in this case.  The proposed modification would alter the disposition of the *cy pres* funds (*i.e.*, the funds remaining after the conclusion of the claims process set up by the settlement agreement).  ECF Dckt. No. 709.  In an October 20, 2014 minute order, the Court instructed the parties to respond to the following three questions related to providing notice to the class about the proposed modification:

> (1) whether the Court must direct notice to the Class and hold a fairness hearing pursuant to Federal Rule of Civil Procedure 23(e); (2) whether, if Rule 23 does not permit the Court to require such notice and a hearing, the Court may nonetheless exercise discretion to direct notice to the class and to permit class members to give their thoughts on [ ]the proposed modification during a status hearing or motion hearing; and (3) what content and form any notice – whether required by Rule 23(e) or permitted by the Court's discretion – should take.

To summarize defendant's answers to the Court's questions, (1) the Court need not direct notice to the class or hold a hearing pursuant to Rule 23(e), but (2) may exercise discretion to direct notice and a hearing, and (3) any notice should be designed to apprise class members of the central elements of the proposed modification so that they will have a meaningful opportunity to be heard.

The Court is not obligated to direct plaintiffs' counsel to provide notice to the class of the proposed modification to the *cy pres* provisions of the settlement agreement or to hold a hearing. Plaintiffs addressed the need to provide notice in their memorandum in support of their proposed modification of the Settlement Agreement, ECF Dckt. No. 709-1 ("Pls.' Memo."), at 18-23. The USDA agrees with their conclusion that Plaintiffs' counsel is not required to direct notice to the class[1] because the modification to the settlement agreement that has been proposed will not materially and adversely affect class members' rights as a matter of law. *Id.* at 19-20*; see also In re Diet Drugs Products Liability Litigation*, 2010 WL 2735414, *6 (E.D. Pa. July 2010). The class members received all of the relief to which they are entitled under the current settlement agreement. Pls.' Memo. at 22 ("Simply put, because the Class Members have received all relief that the Settlement Agreement provided them, the proposed amendment cannot adversely affect their rights as a matter of law."). The current agreement provides no entitlement for class members to receive funds remaining after the completion of the claims process, and those are

---

[1] When there is an obligation to provide class notice, it falls on the plaintiffs. *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1008 (D.C. Cir. 1986) (referring to "the representatives of the [] class [and] their obligation to provide individual notice to absentee class members").

the funds that are affected by the proposed modification.  Revised Settlement
Agreement ("RSA"), Exhibit 2 to Unopposed Motion to Revise Settlement
Agreement, July 31, 2013, ECF Dckt. No. 621-2, at 2, 3, 33.   To the contrary, under
the current agreement, *cy pres* funds are to be distributed to later-identified non-
profit organizations.  *Id.* at 2, 3, 33.   Under plaintiffs' proposed modification, *cy
pres* funds will be distributed to later-identified non-profit organizations and/or
tribal organizations.  *See* Addendum to Settlement Agreement ("Addendum"),
Exhibit A to Pls.' Memo. at 1-2.  The proposed modifications would alter the method
of distribution of *cy pres* funds (*i.e.*, the funds would be distributed by a trust rather
than class counsel), expand the time period over which distribution of *cy pres* funds
would occur, and increase the number of types of organizations that will be eligible
to receive funds.  *Id.* at 1-2.  But the proposed modifications would not diminish
any benefit owed to class members and, therefore, would not have a material
adverse effect on the rights of class members.

   Although notice to class members of the proposed modification and a hearing
are not legally required, the Court may, in its discretion, (i) direct plaintiffs' counsel
to provide notice to the class and (ii) provide a hearing.  Given the amount of
correspondence sent to the Court regarding the appropriate disposition of the *cy
pres* fund, *e.g.*, ECF Dckt. Nos. 710, 715, 721, 725, providing notice and an
opportunity to speak at a hearing may serve an important function by allowing for
the expression of views and also clarification of the nature of the modification
proposal.  And the Court's inherent power to control its docket furnishes it with the

authority to require notice and to hold a hearing at which interested parties may speak, especially as such a hearing may serve to assuage class members' concerns and obviate future district court or appellate litigation regarding the proposed modification. *See Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936) (explaining that there is a "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

If the Court chooses to direct plaintiffs to provide notice of the proposed modification to the class, the notice should apprise class members of the main components of the proposed modification so that they may meaningfully present their views to the Court. *Cf. In re Baby Products Antitrust Litigation*, 708 F.3d 163, 180 (3d Cir. 2013) ("Generally speaking, the notice should contain sufficient information to enable class members to make informed decisions on whether they should take steps to protect their rights . . . ."). The primary components of the proposed modification include the creation of a charitable trust to distribute the *cy pres* funds; the requirement that the trust wind-up operations in approximately 20 years; the obligation for class counsel to distribute of 10% of the *cy pres* fund in the near term; and the expansion of the categories of entities eligible to receive *cy pres* funds. Addendum at 1-2. The form of the notice – *i.e.*, the methods of distributing the notice – could be similar to the forms used to provide notice of the original

settlement, RSA at 11, and could be supplemented by direct mailings to claimants,

whose addresses should be accessible to plaintiffs' counsel.[2]

DATED:  November 12, 2014                    Respectfully submitted,

                                             JOYCE R. BRANDA
                                             Acting Assistant Attorney General

                                             RONALD C. MACHEN JR
                                              United States Attorney

                                             JUDRY L. SUBAR,
                                             DC Bar # 347518
                                             Assistant Director
                                             Federal Programs Branch

                                               /s/ Justin M. Sandberg
                                             JUSTIN M. SANDBERG
                                             Ill. Bar No. 6278377
                                             Trial Attorney
                                             U.S. Dept. of Justice, Civil Division,
                                             Federal Programs Branch
                                             20 Mass. Ave., NW, Rm. 7302
                                             Washington, DC 20001

---

[2] Plaintiffs should pay for any class notice that the Court orders.  Parties to a settlement agreement may agree on an allocation of the costs of class notice in the agreement.  *See* Manual for Complex Litigation, Fourth, § 21.312, 296 (2004) ("The parties generally use the settlement agreement to allocate the cost of settlement notices….").  The settlement agreement in this case, however, does not address the cost of providing notice of amendments to the settlement agreement.  The agreement does address "implementation costs," but it defines that phrase to refer only to the implementation of the provisions of that particular agreement.  RSA at 12 (addressing allocation of "implementation costs"), 4 (defining "implementation costs" to include the costs of providing notice of "*this* settlement agreement") (emphasis added to parenthetical).  And absent contractual agreement, the general rule, with exceptions irrelevant here, is that plaintiffs bear the cost of furnishing class notice.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178–79 (1974).  This rule makes particular sense here where the but-for cause of any notice is plaintiffs' motion to modify the settlement agreement, and where the outer limit of defendant's obligations in this case was set in the settlement agreement and further solidified by this Court's approval of that agreement and dismissal of this action.

(202) 514-5838 phone
(202) 616-8202 fax
*Counsel for Defendant*