January 12, 2016

Chambers of the Honorable Emmett G. Sullivan
US District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC  20001

RE: Distribution of our funds

Honorable Sullivan:

I filed a claim with the KEEPSEAGLE V. VILSAC on time and I received my share of the original settlement. I received a letter from the claims administrator stating there was quite a bit of money left over.

I would like to ask you to understand the difficulties a PHYSICALLY HANDICAPPED MINORITY had while trying to start a business venture. I have suffered rejection, humiliation, trials and nasty remarks while trying to convince non-minority lenders the importance of this loan! I was unable to get the financing needed to start my much needed business.  I have Cerebral Palsy and I am almost unable to walk.  I am pretty good with computers and wanted to start a SIT DOWN computer business from my home.  Because I was denied a loan due to my RACE, I have now been approved for disability and food stamps.  I live in a cold trailer park far away from the city I need to get help from and I am living in poverty conditions.

Your Honor, PLEASE divide the remaining funds from OUR lawsuit between the original claimants that suffered from this Horrid form of Governmental Discrimination...we were DISCRIMINATED against for being NATIVE AMERICANS! Please...consider giving the funds from our lawsuit BACK to the tribal members that really need it.

January 12, 2016

Sincerely,

Jeremy Peters

2970 Highway 51, Ariton Al, 36311

January 12, 2016

Leave to file GRANTED

United States District Judge

Chambers of the Honorable Emmett G. Sullivan
US District Court of Columbia
333 Constitution Avenue N.W.
Washington D.C.  20001

RE:  Distribution of remaining funds

Honorable Sullivan:

Thank you for the many hours you have spent on this project.

As I recall the many stories my husband told me, the government took the tribal land
away from the Indians and then it took years and YEARS for the government to decide to
pay the Indian tribe for their land.  Now I understand there is money left over from the
funds of Indians lawsuit money  to be divided.  It is my opinion that this should be
divided between the tribal members....NOT divided amongst charities or those who have  not
experienced hardships or humiliation.

Kindly consider my opinion and the request of others who desperately NEED these funds,
that were sought after by those who need it terribly.


Sincerely,

Vera Rebold
254 Newton Ave.
Ozark, Al.  36360
334-701-3323

Leave to file GRANTED

United States District Judge

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board. The other

three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1.300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00 Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests it is a shortfall. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan we successful claimants would like to thank you for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

Name: Stormy Kosel  – Stormy Kosel

Address: P.O. Box 143

WhiteHorse, SD 57661

January 12, 2016

Chambers of the Honorable Emmett G. Sullivan
US District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC  20001

RE: Distribution of our funds

Honorable Sullivan:

 I received a letter from the claims administrator stating there was money left over from the KEEPSEAGLE V VILSAC settlement.  I also read that several high ranking individuals have been nominated to decide where the rest of the funds were supposed to go!

I would like to tell you that I can't stay on my "farm" much longer as I have had to file bankruptcy!!!  I am going to lose my home, my farm land, my vehicle and my life savings!  I would like for YOU AND THESE PEOPLE DECIDING HOW TO DIVIDE UP OUR LEFT OVER FUNDS to walk in my shoes!

Why not give the money left over from the KEEPSEAGLE settlement back to the Indians that suffered the humiliation and Embarrassment of being denied the right to secure funds to keep their farms going? To give each individual an additional $18,000.00 would certainly be helping the very individuals that made this suit possible through their sufferings and losses!

PLEASE consider giving the funds from this INDIAN lawsuit BACK to the tribal members that really need it.

Thank You.
Sincerely,

Janet A. Peters
696 County Road 249
Ozark, Al.  36360
(334)545-1122

Chambers of the Honorable Emmet G. Sullivan                    January 06, 2016

U.S .District Court for the District of Columbia

333 Constitution Ave. N.W.

Washington, D.C. 20001


Re:  Distribution of remaining funds

Honorable Sullivan:

I am a farmer in Alabama that is connected with the KEEPSEAGLE V. VILSAC settlement.  I received a letter from the Keepseagle Claims Administrator, dated Dec. 30, 2015 and it stated several proposals regarding distribution of remaining funds were to be decided on by 14 Native American leaders with experience in agriculture. I wonder if ANY of these leaders have suffered any loss as great as I, or any of the other farmers in this law suit have!

 Your Honor,  I have lost many things while farming as a Female Minority. I am raising 4 children on my own, and farming has all but been a failure to us.  I am behind on the house payment and am going to try to qualify for Food Stamp Assistance.

Since this law suit was created BECAUSE OF AMERICAN INDIAN FARMERS due to discriminatory issues, I feel as though the remaining funds should be evenly distributed to those AMERICAN INDIAN FARMERS that have been denied their rights that have suffered the MONETARY loss and continue to deal with the hardships that face the farmers even NOW!


To give our funds to a charity is quite noteworthy...however, there are some of us HERE that are struggling to pay electric bills and put food on our table.

Therefore, it is with my very HUMBLE request, that I URGE you to please consider re-distributing the remaining funds to the Claimants that NEED it the MOST.

To have the additional $18,500.00 distributed to each of the Claimants in the KEEPSEAGLE V.VILSAC settlement would be MORE BENEFICIAL and APPRECIATED than anyone in ANY CHARITY Group would be.

This settlement was created FOR the PEOPLE, BY the PEOPLE and should, hence go, TO THE PEOPLE who needed it THEN but were DENIED it because of their ETHNICITY!!!

Sincerely,

Lynnette M. Rebold Peters

2493 Marley Mill Rd.

Ozark, AL.  36360

(334)733-2150

**Jeffrey and Greta Manus**
1518 E. 13th St
Okmulgee, OK 74447

Leave to file GRANTED

United States District Judge

January 4, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

To Whom It May Concern,

We are successful Claimants in the case of KEEPSEAGLE V. VILSACK. However, we are unable to attend the hearing scheduled for February 4, 2016. We would like the Court to have input from us. We along with many others suffered as a result of discrimination by the USDA and feel it is only fair that the approximately $380 million that has not been distributed be divided equally among the successful Claimants.

Thank you for the opportunity to have our voices heard.

Sincerely,

Jeffrey and Greta Manus

January 4, 2016

Re: The supplemental Notice
re; Keepseagle v. Vilsack

From: Rita I, Green
27795 Dequindre Rd., Apt #318
Madison Heights, MI 48071

New Address →

Leave to file GRANTED

United States District Judge

I agree with the revised
proposal which provides each Prevailing
Claimant a supplemental payment
of 18,500 directly and 2,775 paid
to the IRS for a total of 21,275.

Rita I Green
(313) 971-6828

In behalf of the Estate of
Ruth Ella Bush

Leave to file GRANTED

United States District Judge

To whom it may concern,

I write on behalf of all Native Americans who were discriminated against in 1981 and 1999. First, we were told we could only apply for fifty-thousand dollars in regards to the lawsuit. Secondly, the funds that have not been distributed should be divided amongst those who filed the claims not churches, nonprofit organizations, and others. They were not the ones trying to borrow money so they should not benefit from the remaining sum of money left from the lawsuit that we won. Many of the claimants could still have outstanding debt or need to be reimbursed for this time when we could not get the help we needed. Those who went bankrupt or lost everything they owned need this to get back on their feet. This was a devastating experience for all parties involved. I cannot stress enough that those affected should receive the remaining balance. I have made phone calls, written letters, and attended meetings on this matter. My last step will be to contact lawyers, committee members, or liaisons who are working to correct this issue on my behalf. Again, churches, nonprofit organizations, schools, and others did not work through or lose everything so they are not entitled to the remaining balance. Thank you for hearing my views.

Thank you,

Kathy S Hall

Kathy Sue Taylor (Hall)

1-7-16

Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560

271802135894

000 0016681 00000000 001 002 04671 中中 0 0
KATHY S HALL (TAYLOR)
ROUTE 1 BOX 5500
ANTLERS, OK 74523

JAN. 4, 2016

CHAMBERS OF THE HONORABLE EMMET G. SULLIVAN

US DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 CONSTITUTION AVE. NW

WASHINGTON DC 20001

Hello Hon. Emmet G. Sullivan,

Leave to file GRANTED

_____
United States District Judge

  I really really appreciate the extra settlement claim amount which I will gladly take but I want it to be known that with what I did receive and what I will get still will not cover what I had to go through, things that I lost, the discrimination & humiliation - some things are not replacable and no amount can "take care of" the discrimination & humiliation, I hope that you understand that I was severely damaged by those actions. I really would like more information on the non-profit organizations & grants because I would really like to "get on" with living like a human being again, I don't have internet access and that makes things harder for me.  Again Thank You.

BillyBudd Sullivan

P.O.BOX 478

TREGO, MT 59934

1

Jan. 4, 2016

Chambers of the Honorable Emmet G. Sullivan

US DISTRICT COURT OF THE DISTRICT OF COLUMBIA

333 Constitution Ave. NW

Washington DC 20001

Dear Hon. Sullivan,

**Leave to file GRANTED**

_____
United States District Judge

  I am greatful for the extra settlement claim amount which is badly needed and I'm deserving of but it will not cover my / our severe loss, discrimination, humiliation, and prejudice that was gone through, some things are not replacable. My family suffered tremendous amounts and you would not believe some of the awful things that we went through, if you are interested let me know. Again thanks, I'm  really grateful.

Nancy Talbot    *Nancy Talbot*

P.O.BOX 478

TREGO, MT 59934

Honorable Emmet G. Sullivan

January 2, 2016

Leave to file GRANTED

United States District Judge

US District Court

333 Constitution Ave

Washington, D.C. 20001

Dear: Honorable E.G. Sullivan

The following are my views about how the remaining settlement funds could be used.
I am a Native American man living on the reservation in New Mexico. I have US Government
use land permit #12- 3842  which is transferred to me by my father. I also have US
Government issued grazing permit #12- 20 Acreage.

I do farming on dry land, depending on rain fall and melted snow run-off to irrigate my crops, it
is  very difficult to farm under these conditions.

In addition, to this I also own cattle, goat and sheep that graze on dry land forages in the
summer months. When all green pastures disappear as the result of the winter season arriving,
I start purchasing feed for them; sweet mix plus, corn, alfalfa and grasses including salt, health
vaccinations supplies for treatment. It cost me a great amount of my funds, which I earned
from retirement and social security benefits.

Honorable E.G. Sullivan I need assistance with the remaining undistributed funding to continue
farming and ranching activities. I would be so grateful for any assistance that you provide.

Please consider my request.

Willie Johnson Sr.

PO Box 1224

Shiprock, NM 87420

Leave to file GRANTED

United States District Judge

Bobby Dover
Dover Farm & Ranch
P.O. Box 914
409741 East 1240 Road
Eufaula, Oklahoma 74432

6 January 2016

Chambers of the Honorable Emmet G. Sullivan
District Judge
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Attention: Chambers of the Honorable Emmet G. Sullivan:

Re: Keepseagle V. Vilsack remaining funds

I am writing to you to share my views about the new proposal pertaining to a letter that I recently received in the mail titled, SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK.

This new proposal is a compromise agreed to by the Class, USDA, and Marilyn Keepseagle is a combination of two prior proposals which proposes that: prevailing each claimant would be paid $18,500 directly and that $2,775 would be paid to the IRS on their behalf, for a total supplemental award of $21,275.00. It also states that remaining funds, including interest earned (minus expenses and some money going to several of the named Plaintiffs as Class Representative service awards) would be distributed to help Native American farmers and ranchers through grants and nonprofit organizations, as the current agreement provides. But the agreement would be changed in the following ways: (1) Most of the unclaimed funds would be placed in a trust that could disburse the funds over a 20-year period, rather than immediately; (2) Decisions on how to distribute the funds would be made by a board comprised of 14 Native American leaders with experience in agriculture, Native American issues, financial issues, and grant making, rather than by Class Counsel; (3) Recipients of grants from the settlement funds would be expanded to include certain educational institutions, tribal-sponsored

reimburse them and still leave funds to promote business assistance, development, agricultural educational opportunities, technical support, or advocacy services to Native American farmers and ranchers, as well as, those seeking to become farmers or ranchers, to support and promote their continued engagement in agriculture. Again, I would like to thank you for taking the time to consider my input on this matter.

Sincerely,

*Bobby Dover*

Bobby Dover
Owner of Dover Farm & Ranch

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Leave to file GRANTED

United States District Judge

Re:  Keepseagle v. Vilsack
     No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  _Daisy Wallace_
Name:       _2320 Co. Rd. 514_
Address:    _Elba, Al._
            _36323_

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Theru Smith_

Address: _2531 County Rd. 814_
_Elba, Al. 36323_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

*Leave to file GRANTED*

*United States District Judge*

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

     Re:    <u>Keepseagle v. Vilsack</u>
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Melissa S. Grant*
Name:     *Melissa S. Grant*
Address:   *441 Co. Rd. 304*
           *Glenwood, A. 36034*

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Melina S Grant_

Address: _441 Co. Rd. 304_
_Glenwood, Al. 36034_

*Leave to file GRANTED*

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Debbie Shelton

Address: 2537 County Rd 514, Elba, AL, 36323

*Leave to file GRANTED*

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the
Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9)
Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle
Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys
are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-
claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600
valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement
agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the *consent of the parties.*"
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _____

Address: P.O. 156
New Brockton AL 36351

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Leave to file GRANTED

United States District Judge

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

      Re:    <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:
Name:
Address:

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Cheryl Gimright

Address: 23478 Hwy 167   Jack Al, 36346

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

*Leave to file GRANTED*

*United States District Judge*

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Frank McCarty_

Mailing Address: _15697 McCarty Drive_
_Opp, AL 36467_

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

United States District Judge

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Brunise Smith_                    _334-897-3608_

Address: _23424 Hwy 167_
_Jack, Al. 36346 -_

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Ralph Jones

Address: 730 Ashcreek Ct
Roswell, GA 30075

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

*United States District Judge*

      Re:    <u>Keepseagle v. Vilsack</u>
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Ralph Jones_
Name:      Ralph Jones
Address:    730 Ashcroft Ct
            Roswell, GA 30075

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Donald Smith_

Address: _2531 Co. Rd. 514_
_Glen, Aa 36927_

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

*Leave to file GRANTED*

*United States District Judge*

      Re:   <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: *Donald W. Smith*
Name: DON SMith
Address: 2527 County Rd. S/4
Elba, AL 36323

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Daisy Wallace

Address: 2537 County Rd 814
Elba, Al. 36323

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

_____
United States District Judge

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: DAVID D JOHNSON
Mailing Address: 2667 County Rd 5
KINSTON, AL 36453

Leave to file GRANTED

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

      Re:   Keepseagle v. Vilsack
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:
Name:       DAVID D JOHNSON
Address:    2607 COUNTY RD 5
            KINSTON, AL 36453

*Leave to file GRANTED*

_____
United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

       Re:   <u>Keepseagle v. Vilsack</u>
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Joyce W. Sanders*
Name:  *Joyce W. Sanders*
Address:  *9539 County RD 16*
*E/b A, AL 36323*

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Joyce W. Sanders_

Address: _2537 County Rd 514_
_Elba, AL 36323_

Leave to file GRANTED

_United States District Judge_

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Herbert Holloway, Jr._

Mailing Address: _3717 - Co, rd. 514_
_New Brockton, AL. 36351_

Leave to file GRANTED

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Re:  <u>Keepseagle v. Vilsack</u>
No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Brenda Johnson_
Name:   BRENDA JOHNSON
Address:  2665 CR 5
KINGSTON, AL 36453

Leave to file GRANTED

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

       Re:    <u>Keepseagle v. Vilsack</u>
               No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **<u>DID NOT</u>** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Kristy Long_
Name: _Kristy Long_
Address: _29111 Canal Road_
_Orange Beach, AL 36561_

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: BRENDA JOHNSON

Mailing Address: 2667 CR S
Kinston, AL 36453

Leave to file GRANTED

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Re:   Keepseagle v. Vilsack
No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Tim Archie_
Name: _Tim Archie_
Address: _665 C.M. Phillips Rd_
_Kinston, AL 36453_

*Leave to file GRANTED*

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

      Re:    <u>Keepseagle v. Vilsack</u>
             No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Herbert Holloway Jr*
Name:      *Herbert Holloway*
Address:    *3717 Co Rd 514*
               *New Brockton AL 36851*

*Leave to file GRANTED*

United States District Judge

TO THE CHAMBERS OF THE HONORABLE EMMET G. SULLIVAN

PLEASE CONSIDER MY VIEWS ON HOW THE FUNDS SHOULD BE USED. I THINK THAT ALL CLAIMANTS SHOULD RECEIVE THE SUPPLEMENTAL PAYMENT BECAUSE OF THE SUFFERINNG THAT WE HAD TO ENDURE BECAUSE OF DISCRIMINATION. THIS CAN'T UNDO THE DAMAGE THAT HAS ALREADY BEEN DONE BUT IT WILL SURELY HELP.  AFTER THE CLAIMANTS HAVE BEEN COMPENSATED THEN ALL REMAINING FUNDS SHOULD GO TO NON-PROFIT ORGANIZATIONS.

THANK YOU,

CLAIMANT:  ELSIE BROWN

# JUSTIN BURL EARP
P.O. BOX 59
JAY, OK 74346

*Leave to file GRANTED*

*United States District Judge*

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Dear Sir,

The correspondence is in regards to the Keepseagle settlement.  This settlement was reached with the USDA for discriminating against Native Americans applying for farm loans or loan servicing and were denied based on their race.

I am very grateful for the settlement that I was awarded.  However, since I was the Native American that suffered discrimination I do not believe the remaining funds should be awarded to non-profit organizations.  Furthermore, it only makes sense that the remainder of the settlement be distributed amongst successful Track A and Track B claimants.

Once again, please remember those Native Americans that were denied services by USDA are the victims of this situation.  If additional funds are available, should those suffering negative impacts not be further compensated rather than awarding money to those whom have not experienced the harmful effects of discrimination?

I greatly appreciate the opportunity to express my opinion.

Sincerely,


Justin Burl Earp

*Leave to file GRANTED*

*United States District Judge*

# BLAKE LARMON
### P.O. Box 1188
### Jay, OK 74346
### 918-837-0048

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Dear Sir,

The correspondence is in regards to the Keepseagle settlement. This settlement was reached with the USDA for discriminating against Native Americans applying for farm loans or loan servicing and were denied based on their race.

I am very grateful for the settlement that I was awarded. However, since I was the Native American that suffered discrimination I do not believe the remaining funds should be awarded to non-profit organizations. Furthermore, it only makes sense that the remainder of the settlement be distributed amongst successful Track A and Track B claimants.

Once again, please remember those Native Americans that were denied services by USDA are the victims of this situation. If additional funds are available, should those suffering negative impacts not be further compensated rather than awarding money to those whom have not experienced the harmful effects of discrimination?

I greatly appreciate the opportunity to express my opinion.

Sincerely,

Blake Larmon

Leave to file **GRANTED**

United States District Judge

January 8, 2016

Warren K. Hawk
1 Plaza South, PMB 339
Tahlequah, OK 74464

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RE: Keepseagle v. Vilsack Supplemental Notice

Honorable Sir:

This letter is in response to a notice received regarding the Keepseagle settlement and the new proposal to distribute the remaining settlement funds.

Let this letter be included in the public comments presented before the court in support of the new proposal to provide an additional amount of $18,500 to be distributed to the prevailing claimants with the addition of the $2,775 to be paid to the IRS. In addition I have read the new proposal as it was presented in notice dated December 30, 2015, and support it.

Respectfully,

Warren K. Hawk
Claimant

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001



Leave to file GRANTED

United States District Judge

Dear Honorable Sullivan,

This letter will reference the "Supplemental Notice Re: Keepseagle V. Vilsack" lawsuit regarding the revised proposal which the Class, USDA, and Marilyn Keepseagle have agreed to. Your Honor I believe that this a fair and generous proposal of which I am in agreement to.

The timing of this revised proposal comes at a moment when the award amount is welcomed news as the state of the economy appears to be in a very delicate and fragile state. People are losing the jobs and the cost of living continues to rise rather than to level off and provide an opportunity to recover financially.

To further exacerbate matters nationally issues such as gun confiscation and martial law implementation give cause for a person to be less than confident in the state of the economy. Indian ranchers continue to struggle to keep their operation viable as day-to-day costs are at an all-time high.

I believe that the cattle industry will continue to remain under attack in the future as the Bundy Ranch in 2014 and now the Hammond Ranch issue in Oregon are brought to the forefront of mainstream media portraying ranchers as hostile "domestic terrorist".

I want to take this opportunity to thank you personally for your time in this manner and your kindness and wisdom by allowing Indian Country to state our position and concerns in these urgent matters.

Respectfully,

Karah Defender

*Leave to file GRANTED*

United States District Judge

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

To The Honorable Emmet G. Sullivan

Having been a successful claimant in the Keepseagle v. Vilsack Case under Track A Claimants, I respectfully would like to add my consensus to the compromise that has been agreed to by The Class, USDA and Marilyn Keepseagle of providing each Prevailing Claimant a supplemental payment and the balance being directed to nonprofit organizations to provide assistance to further Native American farming or ranching activities.

Respectfully Submitted,

Shirley F. Ross
401 W 4th Street
Tahlequah, OK 74464

## JASON COLE LARMON
### 46315 SOUTH 660 RD
### JAY, OK 74346
### 918-837-0483

Leave to file GRANTED

_____
United States District Judge

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Dear Sir,

The correspondence is in regards to the Keepseagle settlement.  This settlement was reached with the USDA for discriminating against Native Americans applying for farm loans or loan servicing and were denied based on their race.

I am very grateful for the settlement that I was awarded.  However, since I was the Native American that suffered discrimination I do not believe the remaining funds should be awarded to non-profit organizations.  Furthermore, it only makes sense that the remainder of the settlement be distributed amongst successful Track A and Track B claimants.

Once again, please remember those Native Americans that were denied services by USDA are the victims of this situation.  If additional funds are available, should those suffering negative impacts not be further compensated rather than awarding money to those whom have not experienced the harmful effects of discrimination?

I greatly appreciate the opportunity to express my opinion.

Sincerely,

Jason Cole Larmon

Leave to file GRANTED

United States District Judge

January 12, 2016

Chamber of the Honorable Emmet G. Sullivan
US District Court for the Distric t of Columbia
333 Constitution Avenue NW
Washington, DC   20001

RE: Distribution of Funds

Honorable Emmet G. Sullivan:

I, Manny C. Iron Hawk, responding to your correspondance dated 12/30/15. Once again your correspondance is addressed to my wife Renee Iron Hawk and not to myself claimant.

My belief is always been to assist ALL Native American Indigenous ranchers/farmers with some degree of a small startup capital that have filed a legal claim. To date, I myself can NOT access any loan to start my life long goal to ranching.    We do business with local banks but the loan denial is always the same no assets/capital, collateral and
credit debt ratio as reasons to not grant credit to us. Although we have taken out numerous vehicle loans and have paid them in full in the past twenty-five, we are still denied. This is an onging long standing situation and I can provide legal
documentation.

The new proposal with each prevailing claimant being paid $ 21,275 is agreeable, but to pay all claimants that filed on a timely manner that were denied. There is more than enough remaining distribution funds available and to be fair pay them the first amount of money recieved which is $ 50,000.

Last resort, if given to non-profit organizations ALL Native American indian unsuccessful cliamants be allowed to have preference to utilize the program first. I agree with NOT giving authority to Tribal Councils, especially our local entity Cheyenne River Sioux Tribe, Eagle Butte, SD.

I hope sincerely that all clainmants be paid fairly.

Respectfully,

Manny & Renee Iron Hawk
PO Box 556
Dupree, SD 57623

file3KEAPP

To:      Honorable Emmet G. Sullivan                                        January 8th, 2016
         U.S. District Court for District of Columbia
         333 Constitutional Avenue N.W.
         Washington, D.C. 20001

                                                        Leave to file GRANTED

From:    Jerrid Miller
         Route 1 Box 200                                United States District Judge
         Stilwell, Oklahoma 74960
         (918) 525-2877

Re:      Remaining Keepseagle settlement funds

I am asking that your honor please accept the new proposal being heard before the court in regard to
Keepseagle:  1). Each claimant being paid out directly $18,500 or more/ $2,775 or more to the IRS on
their behalf; 2). appointing the individuals listed on the trust list before the court and 3). Distributing the
remaining funds to their intended designated purpose. I feel that the new proposal is a happy medium
between all parties and can bring an intended closure to the case before you.

Thank you,

Jerrid Miler
Route 1 Box 200
Stilwell, Oklahoma 74960
(918) 525-2877

I leave to file GRANTED

United States District Judge

Jimmy Oxendine

1288 Pleasant Hope Road

Fairmont, NC  28340


Chambers of the Honorable Emmet G. Sullivan

US District Court for the District of Columbia

333 Constitution Avenue NW

Washington DC  20001


Gentlemen

RE:  Supplemental Notice  Keepseagle v. Vilsack

I want to voice my concerns on how this money should be distributed.  Give to the claimants who file claims on the original claim.  Return the money to the persons who originally filed the claim and not to an organization who will definitely not distribute the money. You have the money on hand, you know who we are that filed the claim, now let's give the monies to those who are deserving.  Please use this as my input on the claim and I look forward to receiving my claim refund in the future.

*Jimmy Oxendine*

Jimmy Oxendine

### JANA JAY HAYNES
#### P.O. BOX 43
#### JAY, OK 74346

Leave to file GRANTED

United States District Judge

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Dear Sir,

The correspondence is in regards to the Keepseagle settlement.  This settlement was reached with the USDA for discriminating against Native Americans applying for farm loans or loan servicing and were denied based on their race.

I am very grateful for the settlement that I was awarded.  However, since I was the Native American that suffered discrimination I do not believe the remaining funds should be awarded to non-profit organizations.  Furthermore, it only makes sense that the remainder of the settlement be distributed amongst successful Track A and Track B claimants.

Once again, please remember those Native Americans that were denied services by USDA are the victims of this situation.  If additional funds are available, should those suffering negative impacts not be further compensated rather than awarding money to those whom have not experienced the harmful effects of discrimination?

I greatly appreciate the opportunity to express my opinion.

Sincerely,


Jana Jay Haynes

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Leave to file GRANTED

United States District Judge

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board. The other



Leave to file GRANTED

United States District Judge

January 12, 2016

Chambers of the Honorable Emmett G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RE:  SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

Honorable Emmett G. Sullivan

We are in receipt of the Supplemental Notice RE: Keepseagle V.  Vilsack, and we support the
new proposal as follows:  Each prevailing claimant be paid $18,500.00 directly with $2,775.00
being paid to the IRS on each claimant's behalf; and agreements: 1, 2, 3, 4 & 5.

This amount will help us with some with our current financial needs. We went to the F.S.A.
Office on 1/11/2016 and were denied from getting any kind of loan.

Thank you for your consideration,

Sincerely,

STILLMAN KNIGHT JR. & SHARON A. KNIGHT
Western Shoshone Members
of the Southfork Band of the Temoak Tribe
& Duck Valley Western Shoshone
20 Lee 8
Spring Creek, NV  89815

Leave to file GRANTED

United States District Judge

January 14, 2016

Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RECONSIDERATION ON KEEPSEAGLE V. VILSACK
Claimant # 271802189537

This is a request for reconsideration on the Keepseagle v. Vilsack claim.  Each court-appointed neutral may or may not share the same views on discrimination or loan servicing, therefore, the denied claims should be reviewed and/or submitted back to the claimant for corrections, updates,  or more information, ect. They need to be notified as to why their claims were not selected to  participate in the distribution of funds.

The prevailing claimants have already received programmatic relief and debt relief.  Therefore the remaining claimants should rightfully be allowed to submit another claim or be informed as to why their claim was denied.  The prevailing claimants were able to obtain loans through USDA, then have them paid off and also get a settlement.  Something is terribly wrong with this situation.  It goes back to the old  saying the rich get richer and the poor get poorer.

It is my suggestion that the remaining $380 million be distributed to those that did not qualify for any kind of relief.

Thank you for your reconsideration on Keepseagle

Sincerely,

Estate of Jerry Dwain Ford
C/O Frances Ford
7741 N 485 Rd
Hulbert, Ok 74441



**LAW OFFICES OF**
MAT THOMAS, PLLC

Leave to file GRANTED

United States District Judge

January 14, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N. W.
Washington, D.C. 20001

RE: Keepseagle v. Vilsack

Your Honor,

Our firm represents Jerry Powell, a claimant in Keepseagle V. Vilsack.  While Mr. Powell's claim was approved, no claim payment was disbursed to him.  We understand from the Supplemental Notice of December 30, 2015 that more than half of the $680 million paid to settle the action remains undistributed. We respectfully request that Mr. Powell's claim be paid before disbursing the remaining funds to the various programs discussed in the recent notice. In addition to this letter, Mr. Powell has reached out to the trustee in Oklahoma Pat Gwin per his notice letter of December 30, 2015.If further action is required on his part to receive payment, please contact us to let us know what more should be done.

Sincerely,

Mat Thomas

MLT/mp
cc: Jerry Powell

*to file*

OFFICE 405.273.2332 | CELL 405.518.5111 | FAX 405.585.2529 | mat@mthomaslaw.net
400 N. Broadway | Shawnee, Oklahoma 74801 | mthomaslaw.net

January 12, 2016

Leave to file GRANTED

United States District Judge

Ronald W. Parkhurst
PO Box 827
Makawao, HI 96768

Hispanic and Women Farmers and Ranchers
Claims Administrator
PO Box 4540
Portland, OR 97208-4540

RE: Wrongful Ineligibility for Claims Resolution Process Dated 2-19-14 Tracking
# 127079 and Copy of Letter to the Honorable Judge Sullivan US District Court DC

Dear Claims Administrator,

Since I received your letter of Denial without any appeal recourse and that the decision is
final, I have been bothered by your erroneous non-factual conclusions with your own
brand of justice. In your letter dated 2-19-14, the last sentence states, "If you have any
questions, please contact us…"

I do have some questions:

1) In your letter dated 2-19-14 it states, "To participate in this process, you or your co-
claimant(s) must not have participated in or been eligible to participate in the settlements
of Pigford V. Glickman and Keepseagle V. Vilsack…" your letter further goes on to say,
"Our records indicated that you or your co-claimant(s) participated or were eligible to
participate in the Settlement of Keepseagle V. Vilsack.." is a false statement.
My question is; please provide the supporting documents that myself or my deceased wife
participated or was eligible to participate in the Settlement of Keepseagle V. Vilsack?

None exists and you wrongfully concluded otherwise. If you cannot provide such a
document, please let my deceased wife proceed with the Hispanic and Woman Farmers
and Ranchers Settlement. Thank you for considering my question.

Sincerely,

Ronald W. Parkhurst for:
Patrice E. Parkhurst (deceased)

CC:    The Honorable Judge Emmet G. Sullivan

Hispanic and Women Farmers and Ranchers
Claims Administrator
PO Box 4540
Portland, OR 97208-4540

 592806345191

000 0001651 00000000 001 001 00826 ⎪ ⎪ ⎪ ⎪: 0 0
ESTATE OF PATRICE E PARKHURST
C/O RONALD W PARKHURST
PO BOX 827
MAKAWAO HI 96768

Tracking #: 127079

February 19, 2014

Re:     Ineligibility for Claims Resolution Process

Dear Estate Of Patrice E Parkhurst,

Thank you for your interest in the Hispanic and Women Farmers and Ranchers Claims Resolution Process.  To participate in this Process, you or your co-claimant(s) must not have participated in or been eligible to participate in the settlements of *Timothy C. Pigford v. Glickman*, Nos. 97-1978, 98-1693 (D.D.C.); *In re Black Farmers Discrimination Litigation*, No. 08-0511 (D.D.C.); and *Marilyn Keepseagle v. Thomas Vilsack*, No. 99-3119 (D.D.C.).  Further, you or your co-claimant(s) must not have received a final resolution of your claim in any other administrative or civil proceeding.

Our records indicate that you or your co-claimant(s) participated or were eligible to participate in the Settlement of *Marilyn Keepseagle v. Thomas Vilsack*, No. 99-3119 (D.D.C.).

As a result, you and your co-claimant(s) are not eligible to participate in this Claims Resolution Process and your claim has been DENIED.  You cannot submit additional information at this time.  This decision is final.

If you have any questions, please contact us at 1-888-508-4429 or visit the website at www.farmerclaims.gov.

Sincerely,

Claims Administrator

L8651 v.03 02.10.2014



Leave to file GRANTED

United States District Judge

January 12, 2016

Chambers of the Honorable Emmet G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Avenue N. W.
Washington, DC  20001

Re:      Keepseagle Settlement Options

Dear Judge Sullivan:

I am one of the Track A claimants in the Keepseagle case.  I have reviewed the four options presently being considered for the distribution of the remaining $380 million proceeds and hereby respectfully request that the court consider distributing more to Track A claimants like myself than the $21,275.00 proposed in the new proposed Settlement Agreement.  In support of my request I have set forth below a brief description of the hardship I have suffered as a consequence of USDA actions.

I was granted USDA loans in connection with my farming operations throughout the 1990's.  In the latter part of the decade I was unable to repay the loan due to a drop in crop prices.  Consequently, I was unable to qualify for additional funding, and due to continuing low crop prices the next year, USDA demanded full payment.  I was forced to sell my farm equipment which in turn eliminated my ability to farm.  In that there was still a balance owed, USDA threatened to foreclose on my house.  Consequently, I was forced to secure a high interest rate (12%) loan to fully satisfy the USDA loan.  Making the ongoing house payments has proved difficult due to my reduced income and presently I have been threatened with foreclosure by the current lender.  The $50,000.00 previously received went towards the loan and other debts but I still owe a balance of $50,330.34.  It is my position that I never would have had to incur the obligation if I had been treated fairly by the USDA.

The sum, any additional funds the Court may deem appropriate to distribute to claimants such as myself would be greatly appreciated and if that amount could reach the $50,000.00 I owe I would no longer be in fear of losing my house.

Thank you for giving me the opportunity to share my views about how the remaining settlement funds should be used.

Sincerely,

Shirley Giannini

Leave to file GRANTED

United States District Judge

January 14, 2016

Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RECONSIDERATION ON KEEPSEAGLE V. VILSACK
Claimant # 271802189529

This is a request for reconsideration on the Keepseagle v. Vilsack claim. I tried to secure a loan from UDSA to purchase animals for my High School FFA project and was told by UDSA they did not have any programs like that. I started college in 1994 and tried to obtain a loan or grant for college tuition and supplies but was told they had no programs to help with higher education classes. Without their help I finished school with a Bachelors Degree in Education and I am currently paying on my student loans. Upon graduation I tried to get a loan to buy some land, cows and equipment but as before was told there was no money available.

I not only did not get a loan from them to help with my schooling, did not get any of it paid, nor did I get a loan to purchase the property, livestock or equipment I wanted to buy.

I do not know why my claim was denied for the settlement. It is my hope that you will reconsider your position on the denied claims and distribute the $380 million to those who submitted a claim.

Thank You

Damon Ford
Damon Ford
7741 N 485 Rd
Hulbert, Ok 74441

May 21, 2015



Leave to file GRANTED

United States District Judge

The Honorable Emmett G. Sullivan Chambers
United States Federal Court for the District of Colombia
333 Constitution Ave. N. W.
Washington DC 20001

RE: Keepseagle
    Case No. 1:99-cv-03119-EGS

Dear Judge Sullivan:

My Name is Robert Keenan. I was deemed a valid claimant in the Keepseagle matter.

This letter is sent to request: 1) deny plaintiffs unopposed motion, and 2) order mediation and/or settlement conference at the earliest convenient date in the Keepseagle matter.  A mediation between the (9) claims representatives and secretary Vilsack.

It is my understanding that to date, Secretary Vilsack has not communicated with the (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

Variety of reasons that the proposed Order should be signed.

1. The group of (9) claims representatives  never met with Secretary Vilsack to amend the Keepseagle Settlement Agreement.
2. The entire group of (9) should get an equal disbursement, not just the three (3). In normal ligation cases, even an Estate of deceased plaintiff is equally entitled to a disbursement as if the person was alive.
3. The class counsel received 8% of 760 million; approximately 61 million. Class counsel's interest is not to fairly represent the claims representatives nor the claimant's by their actions. Otherwise, the class representatives and claimant's disbursement would have been much more.
4. Normal litigation matters the plaintiffs receive a much higher percent than the attorneys. In the Keepseagle case the attorneys received a much higher percent than the plaintiffs and the claimant mere less than .25 percent of the 760 million.

A. Class attorneys disbursement = 61 million plus costs.

B. Claims Representatives, received total less than 1 million.

1. Luke Crisco
2. Marilyn Keepseagle
3. George Keepseagle
4. Claryca Manden
5. Kieth Manden
6. Gene Cardotte
7. Porter Holder
8.  Basil Alkire
9. John Frederick Jr.

Track B, total 16 claimants received, 250,000 each. 4 million.

Track A claimants, 3,584 received 50,000.

I was one of the many Native Americans who was DISCRIMINATED by the USDA. The USDA workers called us names, denied us the right to be treated equally. Looked down on us as a lesser human.

This class action lawsuit was because the USDA discriminated against American Farmers and Ranchers. This Lawsuit was not to put a LOT more money into the attorneys pockets than the actual plaintiffs or me a claimant!

Nor was the Lawsuit settled to put 1/2 of the money given in good faith to a trust account.
There has been interest accruing on the 380 million dollars. If the class attorney and the USDA are determined to use a portion of this settlement to set up a board then - they can use a small portion of the interest that has been accruing on the 380 million to set a board.

I ask the Honorable Court to deny the attorneys proposed Amended Settlement Agreement and Order a mediation between the nine claims representatives and Secretary Vilsack.

January 15, 2016

Robert Keenan
5300 Bayouside drive
Chauvin, La 70344

(985) 381-1746

Robert m/Keenan

Leave to file GRANTED

_____
United States District Judge

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D. C. 20001

Joseph D. Herrera
Tesuque Pueblo
Rt. 42 Box 58 TP
Santa Fe, New Mexico   87506

January 13, 2016

To: Honorable Emmet G. Sullivan,

Thank you for the Supplemental Notice received in the mail from Keepseagle Claims
Administrator, dated December 30, 2015 and also the Notice dated May 14, 2015.

I would like to first inform you of my last name is missed spelled. My last name is
Herrera not Guerrera.

My view is this:  I am aware that Pueblo farmers/ranchers from New Mexico that filled
out forms through representatives for claims at Ohkay Casino located in Ohkay
Oweengeh formally known as San Juan Pueblo, NM never receive their settlement in
2012 as mentioned in Supplemental Notice dated May 14, 2015.  I was one of them.  I
feel that New Mexico Pueblo farmers/ranchers should be re-considered to receive this
settlement. Especially for the heart ship farmers/ranchers faced with the last two snow
storms we had here in New Mexico.

Thank you for your consideration in letting my views and opinion for the remaining
settlement funds.

Sincerely,

Joseph D. Herrera

CC:
Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560

Leave to file **GRANTED**

_____
United States District Judge

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its` contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board. The other

three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1.300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00 Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests it is a shortfall. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan we successful claimants would like to thank you for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

Deleen Kougl

Name:
Deleen 'Lamb' Kougl
Address:
HC 42 Box 511
Busby, MT 59016

LaCher Pacheco
Executor for the Estate of Larry Pacheco
PO Box 40556
Albuquerque, NM 87196

Leave to file GRANTED

United States District Judge

January 13, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

Dear Honorable Emmet G. Sullivan,

I am writing this letter to share my comments on the revised proposal for changes to the Keepseagle settlement. It would most appreciative if the settlement would provide each current claimant a supplemental payment of $18,500 directly and $2,775 to the IRS, for a total supplemental award of $21,275.  I agree with this decision.

The monies would offer my family an opportunity to obtain our college degrees. I also agree with the second motion to give the remaining funds to programs that fund scholarships for Indigenous communities.

Sincerely,

LaCher Pacheco,
Executor for the Estate of Larry Pacheco

# MONTANA



**NATIVE OWNED FIRM**                                          ASSOCIATES, LLC

MONTANA & ASSOCIATES
N12923 NORTH PRAIRIE ROAD
OSSEO, WI 54758

January 7, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitutional Avenue N.W.
Washington, D.C.  20001

*Leave to file GRANTED*

*United States District Judge*

*RE: Keepseagle et al. vs. Vilsack, et al.*

Dear Honorable Judge Sullivan:

I am formally writing again in reiteration of my previous correspondence to the Court - to voice my opposition to the remaining judgment funds (cy pres) being distributed to non-profit organizations in any sum that exceeds five percent (5%).  I am a beneficiary of the *Keepseagle vs. Vilsack* settlement – Track A.   I supported the previous motion to modify the settlement agreement filed by Ms. Keepseagle, which was denied by the Court.

As indicated previously, my support for modification was and is based upon the fact that I remain to date unable to ranch based upon not only a devastating blizzard that killed nearly one-hundred head of my cattle in South Dakota in 1990's, but as well my inability to obtain loans for replacement cattle from the USDA.  Although receipt of the Track A financial benefits assisted in reclaiming a small part of what I have lost, it certainly was not sufficient to put me in the same financial situation as I was prior to the loss of my cattle and being denied financial assistance by the USDA.  The cost of cattle has nearly tripled since I lost my herd.

Further, as a Native American attorney who has practiced federal Indian law for nearly thirty (30) years, I am certainly skeptical, based upon my experience firsthand with Indian Country that any non-profit organization will accomplish any real worthwhile goals, other than creating windfall salaries, benefits and golden parachutes for a selected few individuals.  There is absolutely no fair and equitable means, by which these so-called non-profits can assist tribal ranchers and farmers in their individual endeavors, and to hand over millions of dollars to these organizations without some form of plan or intellectual planned assistance formula is ludicrous to say the least.

More importantly these so-called non-profits were never damaged by the discrimination practiced by the USDA and it seems legally illogical, if they did not have standing originally to bring suit against the USDA based upon the underlying cause of action, which is "discrimination"; how can they now argue they have standing?  Further, and more importantly, it has been completely unethical and disingenuous for the Plaintiff's attorneys to argue against

TELEPHONE: (715) 597-6464    FAX: (715) 597-3508

myself and other Plaintiff(s) legal position.   I believe an action should be filed against the Plaintiff's attorneys in Tribal Courts throughout Indian Country - based upon those attorneys inability to craft an agreement that should have taken into account the contingency that now confronts their clients and this Court.  In my view their malfeasance constitutes malpractice – and should not be allowed to stand without some form of financial punishment.  These so-called attorneys are benefiting greatly from the Plaintiff's discrimination and should not be permitted to advance their financial status based upon a situation they proximately caused by their own gross negligence.

Based upon the foregoing I believe the remaining cy pres funds should be distributed to the original qualified claimants and under no circumstances should those remaining funds in excess of five percent (5%) be distributed to so-called non-profits, who have not been injured in any manner by the discriminatory policies and practices of the USDA.  Should the remaining funds be distributed to these non-parties, I foresee additional ligation being instituted against the attorneys who have failed substantively to provide for this contingency, which is now robbing the claimants of their rightful monetary damages.

RESPECTFULLY SUBMITTED,

Gary J. Montana, Senior Attorney
Montana & Associates, LLC

CC: file 2016-0240
Claimants – Keepseagle

-2-Keeps2016033

Leave to file GRANTED

United States District Judge

January 15, 2016

SHERRY MORRIS
505 S. GRAND
STUTTGART, AR  72134

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C.  20001

Dear Judge Sullivan,

I am writing this letter to share my view on how the remaining settlement funds should be used in the Keepseagle V. Vilsack Case.

I think the funds should be divided with the Prebailing Claimants, the ones the original agreement to pay the funds to.

Thank you for this opportunity and for your time.

Sincerely,

Sherry Morris

*Leave to file GRANTED*

*United States District Judge*

January 14, 2016

Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RECONSIDERATION ON KEEPSEAGLE V. VILSACK
Claimant # 271802189511

This is a request for reconsideration on the Keepseagle v. Vilsack claim.  Each court-appointed neutral may or may not share the same views on discrimination or loan servicing, therefore, the denied claims should be reviewed and/or submitted back to the claimant for corrections, updates, or more information, ect. They need to be notified as to why their claims were not selected to  participate in the distribution of funds.

The prevailing claimants have already received programmatic relief and debt relief.  Therefore the remaining claimants should rightfully be allowed to submit another claim or be informed as to why their claim was denied.  The prevailing claimants were able to obtain loans through USDA, then have them paid off and also get a settlement.  Something is terribly wrong with this situation.  It goes back to the old  saying the rich get richer and the poor get poorer.

It is my suggestion that the remaining $380 million be distributed to those that did not qualify for any kind of relief.

Thank you for your reconsideration on Keepseagle

Sincerely,

Frances Ford
7741 N 485 Rd
Hulbert, Ok 74441

Thank you for .
Sincerely,

_____

Frances Ford
7741 N 485 Rd
Hulbert, Oklahoma 74441

Leave to file GRANTED

United States District Judge

January 13, 2016

Class Counsel & Chambers of the Honorable Emmet G. Sullivan,

I would like to express my comments on the remaining settlement funds of $380 million. This is another amount that the claimants could use and in support of that.

My reasoning for saying that these could be used is that in my area we have had a drought for some years now and we have suffered the cost of hauling water(including storage tanks & fuel), buying extra supplements for our livestock such as feed and hay just to get through the summers. We are the people who provide to the auctions to provide the markets with the beef industry.

I do not believe that these monies are to be given to the nonprofit organizations due to the fact that they will get used elsewhere than on our farms/grazing areas within the tribes. I, for a matter of fact have not worked with a nonprofit organization to assist me in my livestock or any matters that pertain to my livestock. So, therefore my answer to giving monies to the nonprofit organizations is a "no." Now on the other hand, with the new agreement with giving it to the tribes for educational, farmers and ranchers that are starting would be a good thing.

Within saying all that – I believe that recipients that received monies should be the ones to receive the remaining balance or at least some, equally - with an amount of tax being paid already for the next tax year as you have explained.

I thank you for reading my comments and for your consideration of my plea for the Native Americans Tribes.

Sincerely,

Cindy Begay

Cindy Begay
P.O. Box 849
Church Rock, New Mexico
87311

January 11, 2016

Leave to file GRANTED

_____
United States District Judge

Chambers of the Honorable Emmett G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, DC 20001

Dear Sir:

This letter refers to the Supplemental Notice, Re: Keepseagle vs. Vilsack, dated 12/30/2015.  From my understanding, the revised proposal provides each Prevailing Claimant a supplemental payment of $18,500 directly and $2,275 paid to the IRS on their behalf.

I, Julian Queton Whorton, filed on behalf of my deceased brother's estate, Spencer H. Queton.  My question is:  How is the new proposal addressing those who filed on behalf of an estate?  A total supplemental award of $21,275 does not seem a fair proposal for those of us who filed in this manner.  The revised proposal must address the "estate" issue, and consider an additional award or issue a supplemental award to the person who filed on behalf of an estate.  I worked independently to become a successful claimant on behalf of my deceased brother's estate.  I believe that those who filed for an estate have been discriminated against.

Sincerely,

Julian Queton Whorton
Claimant from the
Estate of Spencer H. Queton
928 North Sunset Drive
Anadarko, Oklahoma 73005
(405) 247-2840 – Home Telephone
(405) 933-4265 – Cellular Telephone

*Leave to file GRANTED*

United States District Judge

January 11, 2016

Honorable Emmet G. Sullivan

My husband and I are very much in agreement with the new proposal
we are prevailing claimant that surely can use the money now.
We are ranchers and have to hauling water for our livestock
and buy hay and feed from the nearest bounder town which are
more than 200 miles round trip.

It would be very beneficial for claimant to get their share
of the money that they can use immediately rather than waiting
for it for years to come.
The ecomony is very unbalance and we retired seniors are
barely making ends meet.   Speaking for us we dont get any
assistance from our local government.  We tried hard to make
our livelyhood possible with our little income.
We will appreciate your very sincere consideration to dis-
tributing the remaining fund to individual claimant.
I would like to thank you in advance , thank you.

Sincerely   *Tayah*

Roger & Annie Tayah

We cannot be at the hearing but our letter will represent us.

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

**Leave to file GRANTED**

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

United States District Judge

> Re:  <u>Keepseagle v. Vilsack</u>
>      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: *Reba Johnson*
Name:      REBA JOHNSON
Address:   2937 CR 5
           Kinston, AL 36453

Leave to file GRANTED

United States District Judge

January 11, 2016

Jerry W. Blue

1820 Orizaba Ave

Signal Hill Ca. 90755

Honorable Emmet G.Sullivan

I am writing in regards to the Keepseagle Settlement and my thoughts on the remaining funds. I was a recipient of the initial settlement in which I suffered discrimination at the hands of a banking institution. It saddens me that the attorneys or powers that be want to distribute the remaining funds to nonprofit agencies rather than to the people affected by discrimination.

I personally believe that we have suffered enough and to give the bulk of the remaining funds to a nonprofit organization or greedy attorneys is not only sinful but criminal and a slap in the face to the claimants. Where is the justice? Must we always fight for what is fair?

My prayer is that you will do the right wise thing and honor the broken people rather than give the funds to a so called nonprofits organization that will fatten the pockets of the underserving before it reaches the ones truly in need.

Again I am asking for justice for those of us who were misused, underrepresented and told no based on my race and ethnicity.

Respectfully

Jerry W. Blue

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

*Leave to file GRANTED*

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

United States District Judge

       Re:   <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Ted Fillingim_
Name: _Ted Fillingim_
Address: _3112 Hwy 125_
         _Jack, AL 36346_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Leave to file GRANTED

United States District Judge

    Re:   Keepseagle v. Vilsack
          No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties."  He
     also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
     bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million
(plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter;
total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my
understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for
$50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I
believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a
Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian
Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment
card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid
Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust
Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle
claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2)
agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3)
prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an
immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   Melissa Fillingim
Name:        Melissa Fillingim
Address:     13112 Hwy 125
             Jack, Al 36346

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.

I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Paul Wayne Grant_

Mailing Address: _441 Co. Rd. 304_
_Glenwood, A. 36034_

*Leave to file GRANTED*

*United States District Judge*

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Danny Kevin Nobles (DECEASED) POA VKH*
Name:       DANNY KEVIN NOBLES
Address:    2007 CR 5
            KINSTON, AL 36453

*Leave to file GRANTED*

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

## Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

## It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _DANNY KEVIN NOBLES (DECEASED) UNDER POA_

Mailing Address: _2667 CR5_
_KINGSTON, AL 36453_

*Leave to file GRANTED*

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

### Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

### It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Joseph Burrows

Mailing Address: P.O. Box 213    36351

New Brockton Al

Leave to file GRANTED

December 6, 2015

United States District Judge

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the
Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9)
Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle
Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys
are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants
believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600
valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement
agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Elaine Hatausau_

Mailing Address: _5075 Co. Rd. 460_
_Samson, AL 36477_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

**Leave to file GRANTED**

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

United States District Judge

　　　　Re:　Keepseagle v. Vilsack
　　　　　　　No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:　Elaine Hataway
Name:　　　Elaine Hataway
Address:　　5075 Co. Rd. 460
　　　　　　Samson, AL  36477

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _James B. Hathaway_

Mailing Address: _5075 Co. Rd. 400_
_Samson AL 36477_

Leave to file GRANTED

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: REBA JOHNSON

Mailing Address: 2667 CR 5
KINSTON, AL 36453

Leave to file GRANTED

United States District Judge

August 15, 2015

Marilyn Keepseagle, George Keepseagle, et. al.  and

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

              Re:    Keepseagle v. Vilsack
                     No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He
   also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
   bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380
Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle
matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my
understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for
$50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I
believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a
Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian
Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment
card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid
Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust
Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle
claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2)
agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3)
prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an
immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  _James C. Wright_
Name:       James C Wright
Address:    2950  Co. Rd. 377
            Elba, AL. 36323

cc:

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Leave to file GRANTED

United States District Judge

      Re:    <u>Keepseagle v. Vilsack</u>
             No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.    "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.    Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.    He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:
Name:     G. J John
Address:   2055 Co Rd 20
          Ozark AL  36360

*Leave to file GRANTED*

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _J J Johns_

Mailing Address: _2 0 5 5 C O R d 2 0_
_O Z Ark AL 3 6 3 6 0_

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Joe W Johnson_

Mailing Address: _PO Box 524 /22397 US Hwy 331 N._
_Paxton FL 32538_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Leave to file GRANTED

_____
United States District Judge

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

      Re:   <u>Keepseagle v. Vilsack</u>
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Joe W Johnson_
Name: _Joe W Johnson_
Address: _PO Box 524 / 22397 US Hwy 331 N._
_Paxton FL 32530_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

*Leave to file GRANTED*

*United States District Judge*

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Re:   <u>Keepseagle v. Vilsack</u>
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: *James R. Hathaway*
Name:      *James R. Hathaway*
Address:   *5075 Co. Rd. 660*
           *Samson AL 36477*

*Leave to file GRANTED*

*United States District Judge*

Marilyn Keepseagle, George Keepseagle, et. al. and

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

       Re:    <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. The loss I encountered due to the USDA's discrimination was far more than the $50,000.00 that I was given to be a valid Track A claimant. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   *Justin Harby*
Name:       *Justin Harby*
Address:    *1176 Lowery Rd*
             *Kinston, AL  36453*

cc:

Leave to file GRANTED

December 6, 2015

United States District Judge

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015, Opinion that:**
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: **"This Court appointed Class Representatives for a reason."**

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Elvenia L Long_

Mailing Address: _3833 Nicol_
_Park Rd. Tuscaloosa, AL 35406_

Marilyn Keepseagle, George Keepseagle, et. al.  and

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

*Leave to file GRANTED*

*United States District Judge*

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00.  The loss I encountered due to the USDA's discrimination was far more than the $50,000.00 that I was given to be a valid Track A claimant. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Brittany Hardy*
Name:       Brittany Hardy
Address:    1176 Lowery RD
            Kinston, AL  36453

cc:

Marilyn Keepseagle, George Keepseagle, et. al.  and

**Leave to file GRANTED**

United States District Judge

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

      Re:    Keepseagle v. Vilsack
             No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00.  The loss I encountered due to the USDA's discrimination was far more than the $50,000.00 that I was given to be a valid Track A claimant. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  Chaz Hardy
Name:       Chaz Hardy
Address:    1176 Lowery Rd
            Kinston, AL 36453

cc:

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

*United States District Judge*

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Roger Dale Aughtman*
Name:       *Roger Dale Aughtman*
Address:    *108 W. Stewart Ave.*
            *Opp, AL. 36467*

*Leave to file GRANTED*

_____
United States District Judge

Marilyn Keepseagle, George Keepseagle, et. al.  and

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

   Re: <u>Keepseagle v. Vilsack</u>
     No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00.  The loss I encountered due to the USDA's discrimination was far more than the $50,000.00 that I was given to be a valid Track A claimant. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: *Sherri Hardy*
Name: Sherri Hardy
Address: 1176 Lowery Road
    Kinston, AL 36453

cc:

Leave to file GRANTED

United States District Judge

August 15, 2015

Marilyn Keepseagle, George Keepseagle, et. al. and

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

      Re:   Keepseagle v. Vilsack
           No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 Million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) did NOT have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 Million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining $380 Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _____
Name: _____Nancy W. Carnley_____
Address: _____P.O. Box 365_____
         _____Kinston, AL 36453_____

cc: _____

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Dave Wright_

Mailing Address: _2950 Co Rd 377_
_Elbe, AL - 36323_

Leave to file GRANTED

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Nancy N. Cauley_

Mailing Address: _P.O. Box 565_
_Kinston, AL 36453_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

*United States District Judge*

Re:   <u>Keepseagle v. Vilsack</u>
       No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   *Frankie McCarty*
Name:        Frankie McCarty
Address:     15097 McCarty Drive
             Opp, AL 36467

January 15, 2016

To:     The U.S. District Court
        For the District of Columbia
        333 Constitution Avenue NW
        Washington, DC 20001

99-3119 (EGS)

Leave to file GRANTED

United States District Judge

Re: Keepseagle Settlement

Funds that were agreed to in the settlement should be distributed among the prevailing claimants. Class Counsel did not seek guidance from Class Members in formulating this settlement. U.S.D.A. denied claims of discrimination! If that were so this matter would not be before this court. The current agreement gives much of the remainder of the funds paid to settle this case to so called non-profit organizations that were not plaintiffs in the class action. As a member of the class action, I do not agree with the current agreement. The 14 Native American leaders named here in do not represent the class and do not represent but ten states, there are many other Native Americans that are not represented. Organizations receiving these funds are required to use the funds to provide business assistance, education, tech support or advocacy services to Native American farmers and ranchers. In each of these endeavors there have been funds made available by the Congress to U.S.D.A. and F.S.A. to accomplish this goal if they were applied without discrimination. Most of the plaintiffs when the suit was filed were in their late 50's and 60's and during the ten years of litigation some have died without even seeing justice in the case, others have become too old to continue the fight, so it is very unfair to give half the settlement funds to organizations that were not harmed. Class counsel do not represent my opinion of their new proposal. Once again a U.S. Government Agency has used time and tax money to circumvent justice if their settlement is not awarded to the plaintiffs. The remainder of the settlement funds should be divided among the plaintiffs that met the criteria of the court and U.S.D.A. should be ordered by the court to follow the Law.

Otis Ray House
9029 Highway 98 East
McComb, Mississippi 39648
Claimant's Tracking Number 2223
Phone: (601) 341-5601



RECEIVED
Mail Room

JAN 2 0 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

John Matthews

P O Box 106

Newburg, MO 65550

Chamber of the Honorable

Emmet G. Sullivan

US District Court for the District of Columbia

333 Constitution Avenue, N.W.

Washington D.C. 20001

Leave to file GRANTED

United States District Judge

January 12, 2016

To the Honorable Judge Emmet G. Sullivan:

This is to inform you that I agree with the proposal of providing each prevailing claimant of $18,500.00 directly and $2,775.00 paid to the IRS and the balance of the funds directed to Non Profit Organizations for Native American Farming and Ranching activities.

Sincerely,

John Matthews

Leave to file GRANTED

United States District Judge

January 12, 2016

Cambers of the Honorable Emmet G. Sullivan

I glad that Mrs. Marilyn Keepseagle, is trying so hard to get money that was proved to be a payment for discriminated against Native Americans like my family. It is sad to know $380 million remains undistributed and it will be given to nonprofit organizations that our future generations may not know, where, who, when, and how to get obtain any of the remaining funds.  I hope that the new proposal of getting the small amount of $21,275 be approve and that we get information on the organizations to where the remaining funds go.

Darrenn D Williams

Keepeeagle V. Vilsoch

Leave to file GRANTED

_____
United States District Judge

Honorabe Emmet G Sullivan
1-12-16
My name is John Hadley I live at 2690E-2087RD
Hugo, Ok 74743. I wood be in agreement with
the payment of $18,500 directly and $2,775 paid
to the IRS on their behalf for a total supplement
award of $21,275 with the balance of the funds
being directed to nonprofit organizations to
provide assistance designed to further Native American
farming or ranching activities.

thank you
John Hadley



Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board. The other

three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1.300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00 Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests it is a shortfall. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan we successful claimants would like to thank you for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

Name: Tom Vrooman

Address: 1028 Jefferson Street
Douglas, WY
82633

*Leave to file GRANTED*

*United States District Judge*

January 15, 2016

To: Chambers of the Honorable Emmet G. Sullivan
    U.S. District Court for the District of Columbia
    333 Constitution Avenue N.W.
    Washington, DC 20001

From: Teresa Jacobs   DOB: 2-20-1964   SS# 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
      654 Goins Rd
      Pembroke, NC 28372

To Whom It May Concern:

I am writing in reference to the leftover settlement fund from the Farmer's Claims against the unfair treatment from the USDA.  I would like for you to please consider the revised proposal that provides each prevailing claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on their behalf.  This leftover settlement money should be awarded to all who filed claims that were award money and those, who were not educated enough to apply and failed to do so.  Also, those who filed and were not found eligible.  Everyone should be considered in this matter.

I feel that the money was truly deserving to those of us who worked all our lives on the farms and were left with little assets at all to enjoy the remainder of our lives, while others enjoyed the benefits of our great labor and mistreatment.

The leftover settlement fund could be used for those of us who now are unable to work and have very little income coming into our homes.  I would have loved to have extra money to take vacations but I was never that fortunate.  Now this can be made possible.

Please consider distributing the funds to us.

I have trust and faith that you will make the correct and right decision in this matter.

Sincerely,

Teresa Jacobs
910-521-8708

*Leave to file GRANTED*

United States District Judge

RoderickNeconie (Track A) and Rosaline Archilta
P.O. Box 137
Apache, Ok 73006
January 14, 2016


Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001


Dear Chambers of the Honorable Emmet G. Sullivan:

Concerning the compromised agreement of Marilyn KeepsEagle and the U.S.D.A. for the funds to be distributed to the prevailing claimants of $18, 500.00 also the taxes to be paid to IRS.  We feel this amount to be appreciated.  This would be right, for it was part of the settlement to begin with.  If someone else (non-Indian) had won the original settlement, they would want every penny.  Lawyers have their share naturally.

Sincerely,

RoderickNeconie (Track A) and Rosaline Archilta
[Title]

Leave to file GRANTED

United States District Judge

January 15, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Supplemental Notice RE: Keepseagle V. Vilsack, dated 12/30/15

Honorable Emmet G. Sullivan:

My name is Nelson Yellowhair, Navajo Nation, a Class Member and one of the many that made a claim in connection with this settlement.

In May 2015, there were competing proposals regarding distribution of the remaining funds, which required modification of the Settlement Agreement. At that time, I submitted a letter stating I agree with the THIRD option. The THIRD Option states: Marilyn Keepseagle, one of the Class Representative, has proposed the remaining funds be distributed solely as additional damages to Track A Claimants who succeeded in their claims.

My views on how the remaining settlement funds should be used are as following: I agree with the new proposal, which is the combination of the two prior proposals. Each Prevailing Claimant would be paid $18,500 directly and $2,775 would be paid to the IRS on their behalf, for a total supplemental award of $21,275. Remaining funds, including the interests earned would be distributed to help Native American farmers and ranchers through grants to nonprofit organizations, as the current agreement provides including changes provided in #1, #2, #3, #4, & #5 as stipulated in the December 30, 2015 letter.

I, also, understand that The Class, USDA, and Marilyn Kepseagle have agreed to this compromise. I agree with The Class, USDA, and Marilyn Kepseagle and I ask the Court to approve the compromise and distributed the funds as proposed.

Sincerely,

Nelson Yellowhair
7624 Primrose Dr NW
Albuquerque, NM 87120

Leave to file GRANTED

United States District Judge

January 15, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re:   Supplement Notice Re: Keepseagle v. Vilsack

Dear Judge Sullivan:

Thank you for the opportunity to allow the prevailing claimant's to comment on the remaining undistributed funds in this matter. It is my understanding that $380 million remains undistributed. I feel that the settlement funds should be divided equally between the prevailing claimants. Also, I feel that a portion of the funds should be set aside for prevailing claimants and their family members to submit a request and/or a grant for starting new agricultural, business assistance and/or improvements to existing farms.

Just as an example, my son has attempted to get funding for assistance to start a cattle farm. However, there are very few options for him because he needs to purchase cattle, bulls, equipment and feed which is all very costly. He does not have the assets to begin a new adventure such as this.

As a young Native American wanting to start a new business in farming and ranching in the 1980's, I was unable to find the assistance to fund such a dream and I know there are many middle class hardworking Native Americans that fall in that same category. My hope is that a portion of the remaining funds be distributed to help Native American farmers and ranchers through grants. However, I think there should be some guidelines on how the information will be provided to the public. Otherwise I see the remaining funds not being used to benefit the individual Native American farmers and ranchers but being used only for the benefit of the people nominated to head the Trust and/or manage the funds.

Therefore, I feel that the largest portion of the unpaid funds should be distributed to the Claimants in order to assist them and their families in pursuing their adventures in farming and ranching.

Thank you for your kind consideration in this matter.

Pamela S. Cox
P.O. Box 348
Spiro, OK 74959
(479) 739-6508

UNIVERSITY
*of* VIRGINIA

DARDEN SCHOOL OF BUSINESS

EXECUTIVE EDUCATION

Leave to file GRANTED

_____
United States District Judge

1-13-2016

To Whom It May Concern:

I would like remaining funds
to be given to the Claimants
of the Keepseagle class suit.

Thank you

Leave to file GRANTED

United States District Judge

January 13, 2016

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe,

has four representatives. Oglala should be reduced to one represented on this board. The other three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1.300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00 Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests it is a shortfall. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. The lawsuit claims that the USDA denied thousands of Native American farmers and ranchers the same opportunities to get farm loans or loan servicing that were given to white farmers and ranchers. Plaintiffs also claim that the USDA did not do outreach to Native American farmers and ranchers or provide them with the technical assistance they needed to prepare applications for loans and loan servicing.

The Class includes all Native American farmers and ranchers who:

- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999; **and**
- Sought, or attempted to seek, a farm loan from the USDA during that period; **and**

Complained about discrimination to the USDA orally or in writing on their own or through a representative, such as a tribal government, during the same time. We feel that Class Counsel and USDA continue to discriminate for their benefit and the so called nonprofits will be doing exactly the opposite, making a profit at our expense.

I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan we successful claimants would like to thank you for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

*Rhonda Lesmeister*

Name: Rhonda Lesmeister

Address: PO Box 643
Eagle Butle, SD
57625

Leave to file GRANTED

United States District Judge

1/12/16

**To the FHA Administration:**

During the years of 1981 to 1982, we the Native American farmers of Robeson County were rejected as loan applicants for FHA Loans. I, Macy Jones Brewer and my deceased husband Neil Brewer were a victim of this decision.  We applied for these available loans and were denied. Due to this denial, we had to resort to bankruptcy and were no longer able to farm. I also suffered from a nervous breakdown because of this injustice that brought on tremendous stress. Neighboring farmers were approved with no problem.  We feel that we were discriminated against during this time. My children (Billy Brewer, Gene Brewer, Janice Brewer Locklear, Jeanne Brewer Hunt, Jennifer Brewer Locklear, and Jackie Brewer Bowen) were also affected by this unlawful, unethical decision. Please consider re-opening our claim.

Sincerely,

Macy Jones Brewer