Leave to file GRANTED

_____
United States District Judge

January 8, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RE:  Keepseagle v. Vilsack

Dear Judge Sullivan,

It is with respect that we pray for the court to take into consideration our views and beliefs before the Keepseagle Settlement hearing takes place.

Claimants entered the initial class action suit with the hope of a fair and honest settlement.   And yes, the claimants were awarded in favor of the suit.  However, only to our dismay, only partial funds allocated for awards were disbursed.  We received correspondence regarding this and participated in the telephone conferences.  Via telephone conference claimants clearly voiced a consensus for all monies to go the awarded claimants.   Knowledge of how the rules seemed to be changing mid-stream to favor parties and/or organizations that neither were **not** viable claimants **nor** ever suffered the discrimination as so described in the Keepseagle suit brings a spirit of  disappointment.   Again, you feel betrayal creeping in.

The intent of the Keepseagle suit was established to have funds distributed to claimants for their suffrage of discrimination by the USDA.  The USDA inflicted and denied financial consideration to families through crucial years for many.   Exhausting humiliation came in one form when Mr. Witt with the USDA told me adamantly that he could offer me no help.  Then had the audacity to boast about how recently he had forgiven loans in over a million dollars for a specific farm (prominent land owners) three times.  My loan at this time was right at $19,000 yet he could offer me no assistance.  At a time when most were looking to the USDA for support to further their aspiration for continuance of their heritage and skills; the Keepseagle awarded claimants were denied by the USDA opportunities of advancement.  Purchasing power for adequate farming equipment, supplies, and land acquisition were crushed in the discrimination shown by the USDA.  The desire to be educated and provide a better future in the sense of the "All

American Dream" was affected by the denial of USDA support as this support would have possibly prevented ongoing student loans within our families.   Along with the humiliation of such treatment by the USDA, we now see the awards money being tugged at by organizations that by most accounts seem to be unreachable and/or not needed to most claimants.  Obviously, some training classes or a few selected Non-Profit Organizations would enhance and promote productivity and education for younger claimants.  However, I would think that most claimants are mature or *very* mature in age at this point and have no need for most of the organizations to benefit from the funds.  Most any classes and education programs are already available, along with student loans availability.  Families now need the money to pay off student loans and debt from high interest farm/agriculture loans.   This brings up the suggestion for age consideration in future awarded monies for Keepseagle claimants.

1. Obviously, if you are 50 + in years your needs are different than younger individuals and/or families of claimants.   Health problems, existing mortgages, student loans of furthering adult education and our children, and the workforce not favorable for realistically hiring of mature adults creates the need for actual monies opposed to non-profit organizations offering support to those *not* in the arena of able to start over in life.

2. Whereas, if claimants are awarded more in actual monies other than non-profit opportunities, this offers true hope and belief in a system showing RESPECT and FORGIVENESS to claimants for the injustice suffered by the USDA.  The USDA employees and bureaucracy have already given us grief and disappointment.  We have for years suffered through it.  While still working to uphold our dignity and responsibility, our debt obligations continue!

Just as the USDA admitted to wrong doing to the Black Farmers and Ranchers, so too have the Native American Farmers and Ranchers been wronged.  The Black Farmers and Ranchers had in 1999 $1 billion to 15,000 farmers for being treated unfairly by the USDA.  (Pigford v. Glickman)  Second filing/or late filings:  2011 something like 40,000 to 65,000 black farmers are eligible to claim about $1.2 billion under a bill signed by President Obama. (CNSNEWS.COM)  I read no where in many articles regarding the Black Farmers and Ranchers where acceptance for awarded claimant funds having to go to Non-Profit Organizations.  Are we as Native Americans still being discriminated against?

SUMMIZATION:  To date if we are still in the Agriculture, Ranching and Farming business thriving to stay afloat to pass on this heritage of skills, keeping our faith and belief in America and its resources for Agriculture and Ranches, SURELY the courts will realize:

Just as we see in our everyday lives, there are people of many skills and professions necessary to make up our culture and provide the complete spectrum of jobs.  However, we just happen to have been raised in a rural environment and took on the responsibility of which Agriculture, Farming and Ranching was conducive by nature and inherited the skills passed down through generations.  We are in the caring/medical field when we get out in the freezing cold as we look after our cattle; we are machinist when we have to "make the part" work when the equipment is antiquated or the part is not in stock; we are in the transportation business while moving cattle from location to location due to inclimate weather, or low hay yield, or worse having to sale at a lower market price.  We are sad when we see our families do without.

Again, our prayer is for the court to review and honor our request for all funds to be awarded directly to verified claimants *not* to Non-Profit Organizations.  Our society is inundated with online classes, farm/ranching programs, business class, tutorials for equipment and research (How To) programs.   We just do not need anymore "red tape" Non-Profit Organizations, where someone else is ultimately making the money.

The Active Native American Farmers and Ranchers will continue to be hard working and economically efficient to produce.  Your granting to the Native American Farmers and Ranchers the complete monetary reward balance will return to us a positive reinforcement for our belief and faith to be stewards of the land supporting our heritage with honor.

Sincerely,

Donald and Deborah Lansford
2125 Sun Valley Rd
Harpersville, AL 35078

Leave to file GRANTED

United States District Judge

To: Keepseagle V. Vilsack

From: Barbara K. Murrell - Patterson

     3705 Rolling Lane Circle

     Midwest City, Oklahoma 73110

On behalf of my deceased father, Robert C. Murrell, I wasn't given a settlement 2011, which my claim was given a class letter, and was file before December 2011. Please review my claim. However, I want to be a part of the distribution. Please reconsider me a part of the Prevailing Claimant to receive a supplement of $21,275 and $2,775 paid to the IRS on their behalf, leaving a total of $18,500 directly paid to Robert C. Murrell are the amount that my father is initial to receive. During the years between 1981- 1990 my father was denied the opportunity to farm as a Native American by not receiving a farm loan from the USDA.  On February 4, 2016 I will not be able to attend the hearing, due to financial difficulties. However, please submit checks to the Estate of Robert & Odessa Murrell & Barbara K. Patterson.

Barbara K Patterson

405-881-3470

Joseph F. Coriz
P.O. Box 27
Santo Domingo, NM 87052

Leave to file GRANTED

United States District Judge

January 4, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

Dear Honorable Emmet G. Sullivan,

My name is Joseph F. Coriz from the Pueblo of Santo Domingo and a lifetime Native American Farmer and Rancher.  Today, I am writing this letter and making my comments on the revised proposal for changes to the settlement that combines two prior proposals that are now:

1. Provide each current claimant a supplemental payment of $18,500 directly and $2,775 to the IRS, for a total supplemental award of $21,275.

2. Take the balance of funds then to be directed to non-profit organizations to strengthen programs for Native Americans in all areas related to farming and ranching.

I am in agreement with this new proposal and that it helps in two important areas.  First, that the direct award aids the Native American Farmers and Ranchers almost immediately with their farming and ranching activities/needs such as purchasing new farm equipment or seeds for the upcoming season.

Secondly, having the remaining funds be directed towards a non-profit organization(s) to strengthen farming and ranching programs for Native Americans is a quality investment. This task and order is very critical because much of the U.S. and now global societies are turning back to sustainability.  Living more from the natural and organic elements that are available to meet our needs from the Earth and teaching youth to restore balance between taking and giving is much needed in this world.

Again, I am in agreement with this new proposal with benefits to farmers and ranchers directly and for future generations in each of our Native Communities respectively.  Thank you for this opportunity to comment on this settlement agreement matter and your steadfast decision is greatly appreciated as well.

Sincerely,

Joseph F. Coriz

Leave to file GRANTED

United States District Judge

January 6, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Sir:

Although it upsets me that this matter is still going on and we the ligitants I feel have been left in limbo regarding the distribution of the remaining funds, I do agree to with the latest proposal in the Keepseagle trust.

I would rather settle at this time as to have this matter drag on any longer.

Thank you,

Charlotte Detherage
595220 E 170 Road
Fairland, Ok 74343

Rodney & Chasdity Tartsah
P.O. Box 30
Cache, Ok 73527

Leave to file GRANTED

_United States District Judge_

January 4, 2016

Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Honorable Sir,

I hope this letter finds you well.  I would like to thank you for taking the time to read our letter as well as listen to all other opinions submitted in regard to the Keepseagle case.  We are in agreement with and support the new proposal to pay each prevailing claimant a total award of $21,275 and the remaining funds to be used in helping Native American farmers and ranchers through grants.  The original purpose of the settlement was to award damages to those of us who experienced discrimination, and complained about that discrimination, while applying or attempting to apply for farm loans through the USDA.  It is only fair that additional damages from remaining settlement funds be awarded to the very people who were proven victims of such discrimination.

Warm regards,

Rodney & Chasdity Tartsah

Leave to file GRANTED

United States District Judge

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

    I am a Native American Farmer and Rancher, and a recipient of the Previous Keepseagle Settlement.  I am in agreement with the new proposal which is a combination of the two prior proposals.

Don Greenfeather
1 Plaza South St.
Tahlequah, OK. 74464

*Don Greenfeather*
1-5-2016

**What other options are available for distributing the remaining funds?**

As described in the notice circulated in May 2015, there were competing proposals regarding distribution of the remaining funds, which required modification of the Settlement Agreement. In an opinion issued July 27, 2015, the Court rejected both proposals. Following that ruling, the Parties engaged in further discussion and have submitted a new compromise proposal to the Court. The Settlement Agreement requires that changes to its terms, such as those governing how to distribute the remaining settlement funds, must be agreed to by the Parties and approved by the Court.

The new proposal is a combination of the two prior proposals. First, each Prevailing Claimant would be paid $18,500 directly and $2,775 would be paid to the IRS on their behalf, for a total supplemental award of $21,275. Next, remaining funds, including the interest earned (minus expenses and some money going to several of the named Plaintiffs as Class Representative service awards) would be distributed to help Native American farmers and ranchers through grants to nonprofit organizations, as the current agreement provides. But, the Agreement would be changed in the following ways: (1) Most of the unclaimed funds would be placed in a Trust that could disburse the funds over a 20-year period, rather than immediately; (2) Decisions on how to distribute the funds would be made by a board comprised of 14 Native American leaders with experience in agriculture, Native American issues, financial issues, and grantmaking, rather than by Class Counsel; (3) Recipients of grants from the settlement funds would be expanded to include certain educational institutions, tribal-sponsored organizations, and community development financial institutions; (4) The funds could be distributed to new nonprofit organizations serving Native American farmers and ranchers, not just to previously existing organizations; and (5) $38 million would be distributed more quickly to the same types of organizations (so long as they existed prior to November 1, 2010) based on recommendations from Class Counsel that are approved by the Court.

Organizations receiving funds would be required to use the funds to provide business assistance, agricultural education, technical support, or advocacy services to Native American farmers and ranchers, including those seeking to become farmers or ranchers, to support and promote their continued engagement in agriculture.

The people nominated to head the Trust at the outset, whose appointment must be approved by the Court, are:

| Name | Tribal Affiliation | Professional Affiliation | State of Residence |
|------|-------------------|-------------------------|--------------------|
| Sherry Black | Oglala Lakota | Senior Advisor for Partnership for Tribal Governance, National Congress of American Indians | Virginia |
| Charles Graham | Lumbee | State Representative, North Carolina General Assembly | North Carolina |
| Pat Gwin | Cherokee Nation | Director of the Cherokee Nation Seed Bank and Native Plant Center at the Cherokee Nation, sheep farmer | Oklahoma |
| Dr. Joseph Hiller | Oglala Sioux | Professor Emeritus, University of Arizona (College of Agriculture and Life Sciences), rancher | Nebraska |
| H. Porter Holder | Choctaw | Rancher, Vice Chair of Council on Native American Farming and Ranching | Oklahoma |
| Marilyn Keepseagle | Standing Rock Sioux | Rancher, lead plaintiff in Keepseagle v. Vilsack | North Dakota |
| Jim Laducer | Turtle Mountain Chippewa | Director, majority owner of Turtle Mountain State Bank | North Dakota |
| Paul Lumley | Yakama | Executive Director, Columbia River Inter-Tribal Fish Commission | Washington state |
| Claryca Mandan | MHA, Three Affiliated Tribes | Former Natural Resources Director, MHA, rancher | North Dakota |
| Elsie Meeks | Oglala Sioux | Former South Dakota State Director of USDA Rural Development, rancher | South Dakota |
| Monica Nuvamsa | Hopi | Executive Director, The Hopi Foundation | Arizona |
| Ross Racine | Blackfeet | Executive Director, Intertribal Agricultural Council | Montana |
| Michael Roberts | Tlingit | Executive Director, First Nations Development Institute | Colorado |
| Rick Williams | Oglala Lakota | Consultant to American Indian nonprofit organizations, recently retired from American Indian College Fund | Colorado |

*Dan Greenfeat*  1-5-2016

Leave to file GRANTED

United States District Judge

# I've Got Bugs, LLC

P.O. Box 282
Elmer, OK 73539
Phone: (580) 481-0524

January 6, 2016

RE: Keepseagle v. Vilsack Settlement

To Whom It May Concern:

The new revised proposal sounds like a fantastic way of distributing the funds. I believe that giving the prevailing claimants another distribution would only help them succeed in furthering their business. Since the last distribution I have been able to begin a honey business and most recently expanded into pumpkin production and joined Agritourism in Oklahoma by opening a fall pumpkin farm for families to visit. This new distribution of funds would only help me expand this business and open the farm experience to more people and allow me to promote honey bee education.

As far as the remaining monies being distributed to non-profit agencies for Native American farming and ranching, this too is a good idea. However, why does the agency or company have to be non-profit? Open these grants to farmers and ranchers that need funding to educate the public and Native Americans about agriculture. I know that if my company could acquire an education grant I would be able to expand my business to teach local schools, colleges and other parties about the importance of honey bees to agriculture. Maybe even start up bee colonies could be placed around the Native American lands to promote the importance of honey bees and agriculture. So my only change to the proposal would be to allow for the grants to be given to farmers that need a boost to promote education of farming within the lands and help promote agriculture to the upcoming generations, not just non-profit organizations.

If you have any questions please contact me at at 405-694-0823.

Thank you,

Jenny Olson
I've Got Bugs, LLC
Owner

Leave to file GRANTED

United States District Judge

To Whom it may Concern

I Started Farming in 1998 After My Husband got disabled to Work. that year I ran into Some Financial trouble Exhausted All Means of trying to resolve My Problems. So I Went to USDA Hopeing to Solve My problems But they did Not Want to listen, And I feel like it Was because I Was indian. So I feel like they Owe us the Rest of the Money. We as indian Farmes Deserve to be Composited for being Hulimated and Hurt because of our skin Color. So Please make it Right for indian Farmers.

Thanks
Alice Simmens

January 10, 2016

Leave to file GRANTED

United States District Judge

Keepseagle Claims Administration

P.O. Box 3560

Portland, Oregon 97208-3560

Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer satisfactory.

My recommendations concerning this offer are:

1. Make payment immediately.
2. This money is non-taxable.
   *(This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.)* This is a settlement!
3. The full amount designated for payment and taxes should be dispersed directly to plaintiffs in the amount of $21,275.00.
4. The excess monies proposed to provide assistance to further Native American farming and ranching activities should be limited to assist only Plaintiffs families.
5. All excess moneys should be divided equally and distributed to plaintiffs.

I respectfully request that you take this recommendation into consideration.

Sincerely,

Arthur R De Roche / Shirley DeRoche
_____, Plaintiff

Address: P.o. Box 1081
Browning - Montana 59417

cc. file

January 11, 2016

*Leave to file GRANTED*

United States District Judge

Genoveries J. Stribling
Jessie Stribling
209 Woodbriar Ln
Philadelphia, MS 39350

Chambers of the Honorable Emmet G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Ave N W
Washington DC 20001

This letter is in response to your letter dated December 30,
2015, inviting our views concerning the revised proposal. We
appreciate Judge Sullivan, the USDA, DOJ, Class Counsel, Class
Representatives and other community leaders, that reconsidered
revising the previous Settlement Agreement.

Based on the information you provided in your letter the new
proposal, would award successful claimants an additional
$18,500, paid directly to the claimant and $2,775, paid to
Internal Revenue Service, on their behalf.

After further research we found in the Court files, court case
#1:99-cv-03119-ESG,Document 646, page 2,filed August 30, 2013,
there were only 3,587, successful Track A claimants,  who
received $50,000 and 14 Track B, claimants, who received
$250,000.

We would like to reference our previous correspondence dated,
August 12, 2014 and May 30, 2015; (see attached correspondence)
requesting the additional funds be distributed, to the 3,587,
claimants that received $50,000.  Track A claimants be awarded a
substantial amount, up to or equivalent to Track B claimants,

and have 25 percent paid to Internal Revenue Service on their
behalf, for additional damages and discrimination.  The purpose
for the Settlement was to compensate for damages and
discrimination our fore parents suffered and endured while
farming to take care of their families. The funds were authorize
solely for this purpose and are available for additional
distribution to successful claimants. After the second
distribution is complete if there are remaining funds, the funds
should continue to be issues to successful claimants until the
funds are dissolve. Thank you for considering our input on this
matter. Again, we ask Judge Sullivan to rule in the claimants
favor and distribute the remaining funds to successful
claimants.


V/r



Genoveries J Stribling

Mack Jimmy

Estate of Frank Billie
C/O Terry F. Billie and Stella Billie

Estate of Gaston Forbes Frazier
C/O Marilyn Lewis and Gwendolyn Willis

Estate of Clay Wesley, Sr
C/O Ann M. Wesley

August 12, 2014


Genoveries J Stribling
Jessie Stribling
209 Woodbriar Ln
Philadelphia MS 39350

Indigenous Food and Agriculture Initiative
University of Arkansas School of Law
1045 Garland Ave
Fayetteville AR  72701
Attn: Keepseagle

Dear Class Counsel:

This letter serves as my response to the letter I received,
dated July 23, 2014, regarding the settlement of Keepseagle v.
Vilsack undistributed settlement funds

The concern with this issue should be the damages the claimants
suffered and endured while farming, this issue continues until
this day with the rising cost in the economy.

The USDA, DOJ, Class Counsel, Class Representatives and other
community leaders should reconsider their decision for
distribution of the remaining funds and award the funds for
additional damages to Track A and Track B successful claimants,
that did not received up to the $250K on their original
claim.  The funds are available for additional distribution.

Based on the information you provided in your letter the USDA,
and DOJ are modifying the original settlement agreement with a
small change, why not a significant change?  My contact
information is 601-562-5028.


V/r

Genoveries J Stribling

May 30, 2015

Genoveries J. Stribling
Jessie Stribling
209 Woodbriar Ln
Philadelphia, MS 39350

Chambers of the Honorable Emmet G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Ave N W
Washington DC 20001

Dear Honorable Judge Sullivan:

This Letter serves as our official reply to the proposed
modification to the Keepseagle Settlement Agreement and the
distribution of the $380 million leftover Settlement funds.

With all due respect we understand the definition of the **cy-près
doctrine** (si /prei - See Pray) is a legal doctrine that is a
French word which literally means "so near/close" and can be
translated as "as near as possible" or "as near as may be". The
doctrine was originated for a charitable trust, and has been
applied to the context of many class action settlements in the
United States.

The purposes of the Keepseagle settlement award were to
compensate claimants for discrimination damages suffered and
endured while farming in previous years. Therefore these funds
should be distributed to successful claimants until they are
dissolved.

Due to the fact, that the settlement funds are the property of
the class members, a *cy pres* distribution to a third party of

unclaimed settlement funds is permissible *'only* when it is not
feasible to make further distributions to class members' except
where an additional distribution would provide a windfall to
class members with *liquidated*-damage claims that were 100
percent satisfied by the initial distribution. This letter
informs you not all class members were 100 percent satisfied.

The *Virginia Journal of Social Policy and Law states the
Compensation of Class Members Should Come First.* With respect
the funds leftover, after a first-round distribution to class
members; the American Law Institute Principles express a policy
preference that residual funds should be redistributed to other
class members (SUCH AS TRACK A) until they recover their full
losses, unless such further distributions are not practical:

If the settlement involves individual distributions to class
members and funds remain after distribution (because some class
members could not be identified or chose not to participate),
the settlement should presumptively provide for further
distributions to participating class members unless the amounts
involved are too small to make individual distributions
economically viable or other specific reasons exist that would
make such further distributions impossible or unfair.

   As the American Law Institute Principles recognizes, when
further distributions to class members are not feasible, the
court has discretion to order a *cy pres* distribution, which puts
the settlement funds to their next-best use by providing an
indirect benefit to the class.

Based on the information you provided in your letter dated July
23, 2014, and my previous response letter dated August 12, 2014.
The USDA agreed to modify the original settlement agreement with
a small change, why not a significant change.

We are requesting that Judge Sullivan, the USDA, DOJ, Class
Counsel, Class Representatives and other community leaders
reconsider their original decision for the distribution of the
remaining $380 million. We are electing the third option you
recommended in your letter dated, May 15, 2015, which Ms.
Keepseagle proposed that the remaining funds be distributed
solely as additional damages to Track A Claimants who succeeded
in their claims, and Track B successful claimants, that did not
received up to the $250K on their original claim, awardees

should also have 25 percent paid to Internal Revenue Service on
their behalf. The funds were authorized and are available for
additional distribution to successful claimants. After the
second distribution is complete if there are remaining funds,
the funds should continue to be issued to successful claimants
until the funds are dissolved. Thank you for considering our
input on this matter. Again we ask Judge Sullivan rule in the
claimants favor and distribute the remaining funds to successful
claimant.


V/r




Genoveries J Stribling _Genoveries Stribling, J . 601-504-4718_

Mack Jimmye _Mark Jimmie_

Rowena Willis _Rowena Willis_

Estate of Frank Billie
C/O Terry F Billie and Stella Billie _Terry Frank Billie_

Estate of Gaston Forbes Frazier
C/O Marilyn Lewis and Gwendolyn Willis _Marilyn Lewis_

Estate of Clay Wesley, Sr.
C/O Ann M. Wesley _Ann M. Wesley_


NOTARY PUBLIC
_Lisa M. Briscoe_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 79783
LISA M. BRISCOE
Commission Expires
March 30, 2018
NESHOBA COUNTY

Leave to file **GRANTED**

United States District Judge

Geanie M. Flores
913 Nixon Way
Bakersfield, CA 93308
Jflores5@bak.rr.com
(661) 399-6004

January 11, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Re:  Notice Regarding Keepseagle v. Vilsack
     Claimant Geanie M. Flores, Muscogee Creek Citizen, Roll #40242 via U.S. Department of
     Interior, Bureau of Indian Affairs amd Keepseagle Claims Adminstrator, Portland Or
     271802128436

To the Honorable Emmet G. Sullivan

Your Honor:

I read the following information and am once again asserting the fact that all possible claimants were not properly and timely notified of this lawsuit. I believe that consideration should be submitted in regard to the method of legal notification. I feel that in order for true justice to be delivered in regard to this lawsuit that all denied claimants and late filing claimants should be offered the opportunity for their portion of the case to be represented and adequately heard. I fail to see where those parties have any representation in regard to this suit. Aren't all citizens secured equal rights under the coverage of the Constitution and law? Isn't justice the goal of the courts? I submit that all of the parties and possible parties to the suit are not being adequately represented in this case. Who is representing the claimants and late-filers who have been denied access to what is rightfully theirs? I have, to date, seen no notification in regard to where these parties may receive adequate legal representation. I am such a one. I worked for USDA during the time frame set out by the court as the time where unfair practices were in place. I, personally, acquired and offered notification to local Native American representatives and agencies. And yet, neither they, nor I could attain farm loans. I was denied access to farm loans and received no response from the Bureau of Indian Affairs in regard to my requests. And, I never received notice in regard to this lawsuit until after the time for filing had passed. As soon as I heard of it, I did in fact request admission for a claim. Enclosed you will find a copy of paperwork that indicates my request. In addition, the Cobell case created a shut down of the Bureau of Indian Affairs, so that I could not receive any help.

I am hereby submitting a request on behalf of those of us who were denied access to what is rightfully ours. I was not adequately, nor timely, notified of this case and have been negatively

impacted.  I have no money to attain a lawyer, and have therefore been denied adequate legal representation.

Notice to Potential Class Members Every person who would be affected by the court's decision in the class action is entitled to notice that the action has started. Although it usually is not possible to give every such individual personal notice, all persons who might be affected are entitled to the best notice possible. The court will order that the class representative, through his or her attorneys, make reasonable attempts to notify any unknown class members by general media such as television, an advertisement in a magazine or newspaper, or a posted flyer. The court will tailor the type of notice required to the particular facts of the case. Those people who are notified then have the opportunity to join in the action -- called "opting in" -- or to decide not participate as a member of the class -- that is, to "opt out." In some cases, individuals don't have the opportunity to opt out. That is, if a class action has been filed over particular injuries caused by a particular defendant, all people who are similarly situated are automatically in the class and must live with the outcome. Class action cases involve extensive research, even more than in the typical individual lawsuit.

There are three possibilities at this point. First, a party may appeal the district court's rulings to the Court of Appeals for the D.C. Circuit. If anyone files an appeal, we expect it would be approximately a year before we receive a ruling from the D.C. Circuit. Second, the Justice Department, as counsel for USDA, and all plaintiff class representatives, could reach unanimous agreement on some alternative modifications to submit to the district judge. Third, the Settlement Agreement could be implemented as it currently stands and was approved by the district court in 2011, which would require Class Counsel to propose non-profit organizations to receive the cy pres funds, subject to approval by the Court. We do not yet know whether anyone will appeal, or whether any alternative modifications could be agreed upon.

The U.S. District Court recently ordered that it will accept written comments by mail from any Class member regarding the proposed modifications to the *Keepseagle* Settlement Agreement and the distribution of the leftover settlement funds. Class members include *all of* the following: successful claimants under Track A, successful claimants under Track B, and other Native American farmers or ranchers who applied for and were denied a loan from USDA from 1981 to 1999, *whose claims in this case were denied for any reason or who did not file a claim.*

CONDUCTING THE ACTION.

(1) *In General*. In conducting an action under this rule, the court may issue orders that:

(A) determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument;

> (B) require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of:
>
>> (i) any step in the action;
>>
>> (ii) the proposed extent of the judgment; or
>>
>> (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action;
>
> (C) impose conditions on the representative parties or on intervenors;
>
> (D) require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly; or
>
> (E) deal with similar procedural matters.
>
> (2) *Combining and Amending Orders.* An order under Rule 23(d)(1) may be altered or amended from time to time and may be combined with an order under Rule 16.

Please take the following information into consideration while determining the distribution of funds in this case. I think it is imperative to hold the meaning and scope of this lawsuit firmly in mind when deciding any distribution in funds. The funds were collected to benefit those Native Americans who directly suffered from discrimination inflicted via the U.S.D.A. How can the USDA now dictate where the funds are distributed? In addition, I cannot quite determine how there was adequate notification to the class of Native American individuals who were discriminated against. I, for instance, was not notified, though I personally complained to the USDA and the Bureau of Indian Affairs in regard to denial on farm grants and loans designated to benefit Native Americans. I think it is important to determine how class notification was accomplished, and whether or not there was adequate notification. I feel that there was not adequate notification. I am also concerned that there is this large amount of money remaining undistributed. I can't help but wonder how the amount of the funds was determined. I wonder whether or not any of those whose applications were denied have received a review of their information. It often seems to me that the poor, who have no access to attorneys, are not given enough consideration. I think it is very important that there be adequate consideration given to individuals with late filings and reviews of denied claims.

I am a claimant in this case. However, by the time I was made aware of the case, acquired a claim, and filed it, my claim was denied due to late filing. I did file late paperwork in hopes that I might receive some consideration. I did contact an attorney involved in the case but was told there was no provision for late filing in the case. He gave me the contact information and I did file a late claim anyway. In the interests of justice and honoring the cause of the case itself, it is my thought that claimants who filed late be allowed to submit their claims and receive appropriate compensation, and that denied claims be reviewed, before any funds are released to anyone else for any reason at all. And, that if any funds are distributed to other than actual Native American claimants that continuous oversight over the use of the funds be implemented.

I think it is important to remember that though we are counted as Native citizens, as reported to the federal government, though we live off the reservation and out of the state, we are offered no benefits to date. It has been my experience that this is the typical scenario. Because we do not live on the reservation, we receive no consideration nor assistance from our tribe. The monies meant for our care is absorbed by others. I constantly read of fraudulent activities in regard to money within the reservation. Consequently, I feel that if monies are released to certain tribes for the benefit of Native American citizens, the money may yet not benefit the members intended unless oversight is provided.

I would also like to state that at the times set out within this law suit regarding discrimination, I worked for the United States Department of Agriculture Farm Service Agency. I personally requested ordering pamphlets in regard to Native American assistance programs, ordered them and provided them to the Native American groups in our area. Yet, though I requested information and assistance, not even I could gain access to a farm loan or grant for my small farm. The California State Department of Agriculture suggested my soil was good for growing olallieberries. My aim was to grow a highly valuable crop of olallieberries. Though I asked USDA for assistance, I was told that there weren't enough Native Americans in our county to warrant a program. I was referred to the Bureau of Indian Affairs, and though I wrote them, I received no response at all.

Please allow those of us who were not aware of this case until too late to file and received compensation. And, please reconsider all of those who filed and were denied before distributing funds to places that may or may not benefit the natives for which these funds were collected.

Sincerely,

Geanie M. Flores

**Keepseagle Claims Administrator**
PO Box 3560
Portland, OR 97208-3560

271802128436

000 0082297 00000000 001 002 20575 ▫▫▫: 0 0
GEANIE SLORES
913 NIXON WAY
BAKERSFIELD, CA 93308

May 14, 2015

## SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

You are receiving this notice either because you were previously sent notice of the settlement of this case or because you made a claim in connection with this settlement. Please read this notice carefully. There are funds paid in settlement of this case that remain undistributed. This notice is to inform you that the Court is inviting input from Class Members on how those funds should be distributed and to let you know how and when you can provide that input.

### What is the Keepseagle case about?  Who is in the Class?

The Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing. USDA denied those claims.

The Class *includes* all Native American farmers and ranchers who:
- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999;
- Tried to get a farm loan or loan servicing from the USDA during that period; and
- Complained about discrimination to the USDA either on their own or through a representative during the time period.

The Class *does not include* individuals who:
- Experienced discrimination only between January 1 and November 23, 1997; or
- Complained of discrimination only between July 1 and November 23, 1997.

### What happened in the case?

After more than a decade of litigation, the Parties reached a settlement in October 2010, which was publicized and then approved by the Court in April 2011. The settlement included a claims process with two tracks (Track A, with payments capped at $50,000, and Track B, with payments capped at $250,000). Notice of this claims process was issued, and meetings with Class Members who wished to file claims were held from May to December 2011. The deadline for submitting claims was December 27, 2011. A Court-appointed neutral determined which claims to grant and which to deny. Claimants were notified of the rulings, and checks were mailed to successful Claimants in 2012. Of the $680 million paid to settle this case, approximately $380 million remains undistributed.

### What does the current agreement say about how the remaining funds are to be distributed?

The Settlement Agreement approved by the Court requires that the remaining funds be given to nonprofit organizations, other than a law firm, legal services entity, or educational institution, that have provided agricultural, business assistance, or advocacy services to Native American farmers between 1981 and November 1, 2010. The Settlement Agreement requires all funds to be distributed at one time in equal shares to organizations that were proposed by Class Counsel and approved by the Court.

### What other options are available for distributing the remaining funds?

The Settlement Agreement requires that changes to its terms, such as those governing how to distribute the remaining settlement funds, must be approved by the USDA and the Court. Given the unexpectedly large amount of unclaimed funds, Class Counsel asked the USDA to modify the Agreement. Five sets of options were discussed with the USDA.



*FIRST*, Class Counsel, on behalf of the Class, proposed the funds be disbursed as additional payments to the successful Claimants and to Claimants whose claims had been denied due to a technical defect but that warrant reconsideration. USDA refused to agree to these changes and warned that, if Plaintiffs asked the Court over its objections to distribute the funds in this manner, it might ask the Court to direct the funds be returned to the U.S. Treasury.

*SECOND*, after USDA objected to the first option, Class Counsel, on behalf of the Class, proposed, and ultimately USDA agreed, to distribute the funds to help Native American farmers and ranchers through grants to nonprofit organizations, as the current agreement provides. But the Agreement would be changed in the following ways: (1) Most of the unclaimed funds would be placed in a Trust that could disburse the funds over a 20-year period rather than immediately; (2) decisions on how to distribute the funds would be made by a board comprised of thirteen Native American leaders rather than by Class Counsel; (3) recipients of grants from the settlement funds would be expanded to include educational institutions and tribal-sponsored organizations; (4) the funds could be distributed to new nonprofit organizations serving Native farmers and ranchers, not just to previously existing organizations; and (5) 10% of the $380 Million in unclaimed funds, or $38 Million, would be distributed more quickly to the same types of organizations, based on recommendations from Class Counsel that are approved by the Court.

Organizations receiving funds would be required to use the funds to provide business assistance, agricultural education, technical support, or advocacy services to Native American farmers and ranchers, including those seeking to become farmers or ranchers, to support and promote their continued engagement in agriculture.

The people nominated to head the Trust at the outset, whose appointment must be approved by the Court, are:

| Name | Tribal Affiliation | Professional Affiliation | State of Residence |
|------|--------------------|--------------------------|--------------------|
| Sherry Black | Oglala Lakota | Senior Advisor for Partnership for Tribal Governance, National Congress of American Indians | Virginia |
| Charles Graham | Lumbee | State Representative, North Carolina General Assembly | North Carolina |
| Pat Gwin | Cherokee Nation | Director of the Cherokee Nation Seed Bank and Native Plant Center at the Cherokee Nation; sheep farmer | Oklahoma |
| Dr. Joseph Hiller | Oglala Sioux | Professor Emeritus, University of Arizona (College of Agriculture and Life Sciences); rancher | Nebraska |
| H. Porter Holder | Choctaw | Vice Chair of Council on Native American Farming and Ranching; rancher | Oklahoma |
| Jim Laducer | Turtle Mountain Chippewa | Director; majority owner of Turtle Mountain State Bank | North Dakota |
| Paul Lumley | Yakama | Executive Director, Columbia River Inter-Tribal Fish Commission | Washington state |
| Claryca Mandan | MHA, Three Affiliated Tribes | Former Natural Resources Director, MHA; rancher | North Dakota |
| Elsie Meeks | Oglala Sioux | Former South Dakota State Director of USDA Rural Development | South Dakota |
| Monica Nuvamsa | Hopi | Executive Director, The Hopi Foundation | Arizona |
| Ross Racine | Blackfeet | Executive Director, Intertribal Agricultural Council | Montana |
| Michael Roberts | Tlingit | Executive Director, First Nations Development Institute | Colorado |
| Rick Williams | Oglala Lakota | Consultant to American Indian nonprofit organizations; recently retired from American Indian College Fund | Colorado |

The USDA has agreed to this second option. The Court must still approve this option before it can be put into place and the funds distributed as proposed.

*Steven Defender*        *HC 79 Box 137 McLaughlin, SD 57642*

January 10, 2016

Registered Mail- Receipt Requested

Leave to file GRANTED

United States District Judge

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Judge Sullivan,

This letter is in response to the SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK
regarding the revised proposal which provides the Prevailing Claimants a supplemental payment
of $18,500 directly and $2,775 paid to the IRS on our behalf. Your Honor, I am in agreement
with the compromise made by the Class, USDA, and Marilyn Keepseagle.

The compromise comes as a pleasant surprise in an urgent time as we are struggling to make
ends meet as prices have continued to rise for necessities such as leases, machinery, and other
related costs in everyday ranch management. The future for Indian cattlemen appears to be
ominous as leading economist such as; Gerald Celente, Mark Skousen, Harry Dent, and many
others are forecasting economic challenges for mid to late 2016 and early 2017. I am in not an
economist but know from experience in the cattle industry that as cattlemen have our peaks and
troughs during the economic cycle. When you're riding out in the range checking your herd and
you see dark clouds over the horizon, well, you don't have to be a scholar to know bad weather
is coming and as a manager it's your responsibility to take the necessary actions and prepare for
what's coming.

Your Honor, I believe an economic storm is coming and this direly needed compromise will help
cushion the adverse impact that we all as Indian cattlemen will soon realize. The current political
landscape does not provide any confidence to say the least with speculation of gun confiscation
and the implementation of martial law. All I can say at this juncture of world events is "GOD
Help Us!"

Steven Defender

Leave to file **GRANTED**

United States District Judge

January 12, 2016

Chambers of the Honorable, Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C.    20001

Honorable Emmet G. Sullivan,

I take this opportunity to share my views on how the remaining settlement funds should
be distributed.

As described in paragraphs one (1) and  two (2) of  memo, SUPPLEMENTE NOTICE
RE; KEEPSEAGLE V. VILSACK, Dated December 30. 2015 it states there are funds
paid in settlement  of this case that remain undistributed.

I concur with the revised proposal that provides each Prevailing Claimant a supplement
payment of $18,500 directly and $2,775 paid to the IRS on my behalf, for a total
supplement award of $21,275

Currently, still actively involved in agriculture.  Conditions on Native American
Reservations remain painstakingly harsh and would welcome any and future distributions
if available.

I wish to thank you for all the assistance you have provided me.

Edward L. Lente
3671 Highway 47
Bosque Farms, New Mexico    87068

January 11, 2016

Leave to file GRANTED

United States District Judge

Alyce B. Joe
Jimmie E. Joe Sr.
P.O. Box 452
Fruitland, New Mexico 87416

Reference: Keepseagle V. Vilsack

We were so grateful to get a notice about the Supplemental Funds that didn't get distributed.

We feel like we should have been included in this claim because we got denied at the time they were filing for claim we sign in over there the people there told us we weren't on the list rather they had a list or not.

At the time when we file for loan we had all the paper work on hand the Farm with a plot #344 and #346 even now a got another portion of farm with #342.

When we file for farm loan we wanted to better our farming area also we have livestock to we wanted to better that too, but got denied that's why we feel we were discriminated from USDA.

We still feel that even after all the settlement are done, still we feel part of the settlements.

Thank you


X _Alyce B. Joe_
Alyce B. Joe

X _Jimmie E. Joe Sr._
Jimmie E. Joe Sr.

*Leave to file GRANTED*

*United States District Judge*

Michael S. Stone
Stone Ranch
PO Box 123
Dupuyer, MT  59432

January 10, 2016

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Ave N.W.
Washington, D.C. 20001

Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer unsatisfactory.

My recommendations concerning this offer are:

1. Make payment to original plaintiffs immediately.
2. The settlement should be non-taxable.
   (*This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.*)
3. The full amount remaining in the settlement should be distributed to the original plaintiffs directly and not redistributed to nonprofit organizations. The original plaintiffs who were hurt by the actions of the USDA should be the ones to benefit from the settlement.

I respectfully request that you take this recommendation into consideration.

Sincerely,

Michael S. Stone, Plaintiff
Stone Ranch
PO Box 123
Dupuyer, MT  59432

lawsuit. I feel that my family and I have been misled by the FmHa our whole lives. We are pleased with the outcome of the lawsuit but would encourage you to not misappropriate the settlement funds like the FmHa. The remainder of the settlement should be distributed to the original plaintiffs.


Sincerely,

Michael S. Stone, Plaintiff
Stone Ranch
PO Box 123
Dupuyer, MT  59432

Michael S. Stone
Stone Ranch
PO Box 123
Dupuyer, MT  59432

January 10, 2016

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Ave N.W.
Washington, D.C. 20001

I am writing this letter to provide additional evidence to support my personal recommendations
regarding the undistributed monies from the Keepseagle settlement.

I have lost a father, land, cattle herd, sheep herd and many nights of sleep due to the stress
involved in actions of the USDA against my family. My father started our ranching operation in
1965. At the time of the forced foreclosure by the FmHA in 1990 our herd of cattle consisted of
500 cows and we also owned 1,000 head of sheep, 2,500 acres of trust land and 5,000 acres of
leased land. We contacted FmHA for loan servicing, including write downs, several times and
never received it. We never received any assistance in this regard even though non-Indian ranch
operations on the reservation did get FHA loans.

We contacted the FmHa for assistance filling out applications because my father had declining
health due to suffering a stress-induced stroke. We were told by the local FmHa office when we
phoned for help, "I cannot come out and help you. I suggest you get a lawyer." Our phone call
was then abruptly disconnected by the local FmHa office.

During the original settlement, I was presented with a possible settlement payment of $50,000
had I ever been turned down from FmHA. My personal statement and agreeing to the
settlement was all the documentation required for this option. If I could prove beyond a
reasonable doubt with supporting documentation, I was told I may have been eligible for a
$250,000 settlement payment, but if my documentation was not considered worthy, I would not
receive anything. Because of this, I agreed to the guaranteed settlement of $50,000.

I have had to rebuild my ranch after selling my cattle and sheep herds and losing my leases. I
have lost over 20 years of positive production because I had to start over from scratch. I am not
the only one in my family that has had to sacrifice because of these damages. My wife and three
children have also suffered and still do as we continue to rebuild and have nothing left over to
help send our children to college. This has directly impacted my family in a negative way.  I feel
that the remainder of the settlement proceeds should be paid directly to the original plaintiffs to
mitigate the damages caused to those affected by the actions of the FmHa.

My children are not enrolled tribal members and therefore would not qualify for any Native
American assistance programs. I do not support any of the settlement funds being distributed to
nonprofit organizations for this purpose as it will not benefit those damaged in the original

# PHIL GIVENS & CO

P.O. Box 134 ~ Tahlequah, OK  74464 ~ 918.316.2276
19918 E. 766 Rd ~ Tahlequah, OK  74464 ~ philgivens1952.pg@gmail.com

January 6, 2016

_Leave to file GRANTED_

_United States District Judge_

Chambers of the Honorable Emmett G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, DC 20001

## In RE:  Supplemental Notice RE KEEPSEAGLE V VILSACK

Dear Judge Sullivan:

I write to request reconsideration of the decision referenced above. Please be advised that dependent on this decision are Keepseagle claimants that have not received proper due process, or consideration because of critical technical errors in the administration of the Keepseagle v. Vilsack claims process.  Unless these administrative errors are corrected, this Settlement will result in the irreparable and irrevocable harm of several qualified American Indian Keepseagle claimants, who have no recourse to prove their claims, in this process.

Please note that time is of the utmost importance in this matter, as you well know.  I can be available to provide you with any additional documentation or witness testimony that you would require to provide relief to Keepseagle claimants who have been denied an opportunity to prove their claims with no recourse for rehearing or re-adjudication of their claims.

The following individuals furnished over 3000 exhibits on their claim(s).  Please reconsider the following Native Americans for KEEPSEAGLE Track A Relief.

In addition, we request that the creation of an independent body to be established to re-adjudicate these claims for fairness, equity, and justice.

We respectfully request relief for the following individuals:

- Clyde Chip Hinds
- Mary Hinds
- Lucille Hinds
- Jerry Stevens
- Beverly Stevens
- Velva Stevens

- Rebecca Stevens
- Darrell Trammel
- John Hall

- Floyd Simmons
- Bob Adrian
- R.C. Steeley
- Francine Chuculate _on behalf of Francine Chuculate (deceased)_
- Johnny Copeland
- Larry Gleitz
- Kenny Ashalintubbi
- Randell Hutchins
- Dale Hutchins
- Bob Robertson
- Lacey Baker-Jarvis

If you have any questions, or need additional information, please call.

Sincerely,

Phil Givens

Cc:  file

- Floyd Simmons
- Bob Adrian
- R.C. Steeley
- Francine Chuculate
- Johnny Copeland
- Larry Gleitz
- Kenny Ashalintubbi
- Randell Hutchins
- Dale Hutchins
- Bob Robertson
- Lacey Baker-Jarvis

If you have any questions, or need additional information, please call.

Sincerely,

Phil Givens

Cc: file

# PHIL GIVENS & CO

P.O. Box 134 ~ Tahlequah, OK  74464 ~ 918.316.2276
19918 E. 766 Rd ~ Tahlequah, OK  74464 ~ philgivens1952.pg@gmail.com

January 6, 2016

Chambers of the Honorable Emmett G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Ave., N.W.
Washington, DC 20001

**ADDENDUM**

**In RE:  Supplemental Notice RE KEEPSEAGLE V VILSACK**

Dear Judge Sullivan:

As described in the request for reconsideration, we respectfully request relief for the additional following individuals:

- Jeffrey Bernell Slaton
- Billie Sue Peck
- Travis J. Slaton
- ~~Brittney~~ Brittany Slaton

If you have any questions, or need additional information, please call.

Sincerely,

Phil Givens

Cc:  file

Page **1** of **1**

January 10, 2016

Leave to file **GRANTED**

United States District Judge

Keepseagle Claims Administration

P.O. Box 3560

Portland, Oregon 97208-3560

Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer satisfactory.

My recommendations concerning this offer are:

1. Make payment immediately.
2. This money is non-taxable.
   *(This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.)* This is a settlement!
3. The full amount designated for payment and taxes should be dispersed directly to plaintiffs in the amount of $21,275.00.
4. The excess monies proposed to provide assistance to further Native American farming and ranching activities should be limited to assist only Plaintiffs families.
5. All excess moneys should be divided equally and distributed to plaintiffs.

I respectfully request that you take this recommendation into consideration.

Sincerely,

Richard + Rhoda Fone, Plaintiff

Address:

Box 106
1414 Distant Lane
Heart Butte, MT 59448

cc. file

Leave to file GRANTED

United States District Judge

January 13, 2016

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money. George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board.

The other three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1,300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests, **it is a shortfall**. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan, we successful claimants would like to **thank you** for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

JoBeth Reeves Swires
19722 W Meadowbrook Ave.
Litchfield Park, AZ 85340

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Leave to file GRANTED

United States District Judge

      Re:    <u>Keepseagle v. Vilsack</u>
            No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   Wendy Netz
Name:       Wendy Netz
Address:    142 Windsor Lake Rd
              Chancellor, AL 36316

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.

I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:

1. "The Settlement Agreement permits its own modification only with the *consent of the parties*." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Savannah Frederick

Address: 2017 Lee Road Lot F
          Auburn, AL 36832

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Leave to file GRANTED

United States District Judge

Re:   <u>Keepseagle v. Vilsack</u>
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties." He
     also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
     bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million
(plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter;
total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my
understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for
$50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I
believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a
Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian
Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment
card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid
Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust
Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle
claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2)
agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3)
prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an
immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.
Signature:  _Theron Smith_
Name:       _Theron Smith_
Address:    _2537 Co, Rd 54_
            _Gilda, AL 36723_

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Wendy Metz

Address: 142 Windsor Lake Rd
Chancellor, AL 36316

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Leave to file GRANTED**

United States District Judge

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _William C. Shemer_

Address: _64 Mayfair Lane_
_Loxley    Al. 36551_

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Leave to file GRANTED

United States District Judge

       Re:    Keepseagle v. Vilsack
                No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Deborah Skinner_
Name: _Deborah Skinner_
Address: _64 Mayfair Lane_
           _Loxley Al 36551_

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Leave to file GRANTED**

United States District Judge

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Billy Hardy

Mailing Address: 1176 Lowery Rd.
Kinston, AL 36453

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Leave to file GRANTED

_____
United States District Judge

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

      Re:   Keepseagle v. Vilsack
           No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Billy Hardy_
Name: _Billy HARDY_
Address: _1126 Lowery Rd_
_Kinston, AL 36453_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

United States District Judge

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _____
Name:  Jon CARNLEY
Address:  210 Hickman Ave West
          EASTON AL 36453

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

**Leave to file GRANTED**

United States District Judge

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015, Opinion that:**
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _____ (Jon Carnley)

Mailing Address: _210 Hickman AVE West_
_Kinston AL 36453_

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

*Leave to file GRANTED*

*United States District Judge*

RE:   Keepseagle
      Case No. 1:99-cv-03119-EGS

Dear Judge Sullivan:

My name is _Sandra G. Maddox_. I am a member of the Ma-Chis Lower Creek Indian Tribe of Alabama. I am also a valid Claimant in the Keepseagle matter. I recently received a letter instructing Keepseagle Claimants to write to Judge Sullivan no later than June 15, 2015. The letter further states that Claimants need to advise Judge Sullivan which Option Claimant selects to change the terms of the Settlement Agreement regarding the remaining 380 million dollars.

The financial loss that I suffered due to the USDA's discrimination against me was greater than the $50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the clients to equally divide the remaining settlement money; therefore, by way of this letter I am advising your Honor that I cast my vote for **Option Three:  I agree with Marilyn Keepseagle**. I request that this Honorable Court issue an Order to immediately disburse the remaining 380 million dollars, including any interest accrued on the 380 million dollars; equally between all of the valid Keepseagle Track A Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account: 1) pay for Board members salary and travel, 2) pay for office space and staff, and 3) process applications to give money to people who were not discriminated against by the USDA. **The Keepseagle lawsuit was litigated because the USDA discriminated against the American Native Indian farmers and ranchers – the remaining 380 million, plus interest should only be divided equally between Track A valid claimants**. **The settlement money should only go to the Keepseagle Track A claimants.** I don't believe that the Black Farmer case (Pigford I or II) had their money put into a trust account. If the Keepseagle money is put into a Trust account and not given to the people who were discriminated against; the Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date:          1-4-16
Signature:     _Sandra D Maddox_
Name:          Sandra G. Maddox
Address:       6803 Turner Road
               Adger, Alabama 35006
Phone No.:     205-491-0882
Claim No.:     Track A

Marilyn Keepseagle, George Keepseagle, ET. Al. And

*Leave to file GRANTED*

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

United States District Judge

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *William C. Skinner*
Name:       *William C. Skinner*
Address:    *64 Mayfair Lane*
            *Loxley Al. 36551*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

**Leave to file GRANTED**

United States District Judge

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Deborah Brianer_

Address: _64 Mayfair Lane_
_Loxley Al. 36551_

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

_____
United States District Judge

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date
in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9)
Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9)
Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of
Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-
claimants believe that the remaining 380 million that is in a trust should be disbursed equally
between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the
settlement agreement - to disburse the settlement monies equally between the valid
claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the
parties." Further said: "that the final legal avenue that was proposed lies in the Agreement
itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Sandra S. Maddox

Mailing Address: 6808 Turner Road
Adger, Alabama 35006

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

United States District Judge

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _____ Mary Elizabeth Hughes

Mailing Address: PO Box 133

Bellwood, NC 36313

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

*United States District Judge*

       Re:   <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

    1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He
       also said: "that the final legal avenue that was proposed lies in the Agreement itself."

    2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

    3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
       bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.
Signature: _____
Name: _____
Address: _____

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Heather Fillingim Walden_

Mailing Address: _9036 Highway 85_
_Daleville, AL 36322_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Leave to file GRANTED

United States District Judge

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He
    also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
    bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million
(plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter;
total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my
understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for
$50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I
believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a
Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian
Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment
card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid
Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust
Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle
claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2)
agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3)
prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an
immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:
Name:       Heather Fillingim Walden
Address:    9036 Highway 85
            Daleville, AL 36322

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015, Opinion that**:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

*Nadine Schloemer*

Name: _Nadine Schloemer_

Mailing Address: _4391 Co Rd 228_
_Elba, AL  36323_

Leave to file **GRANTED**

United States District Judge

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

Re:   Keepseagle v. Vilsack
No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  *Nadine Schloemer*
Name:  Nadine Schloemer
Address:  4391 Co Rd 228
Elba, AL 36323

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Leave to file GRANTED

_____
United States District Judge

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Re:   Keepseagle v. Vilsack
No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  _Savannah Frederick_
Name:   Cavennah Frederick
Address:   2017 Lee Rd. 137 Lot F
Auburn, AL 36832

Leave to file GRANTED

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.

I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

<u>It is my understanding from your July 24, 2015,</u> Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Jessica Truitt

Address: P.O. Box 106   512 South John St
New Brockton AL, 36351

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the *consent of the parties*."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Daisy Shelton

Address: 128 Woodfield Place, Enterprise, AL, 36330

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

**Leave to file GRANTED**

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

**United States District Judge**

      Re:   <u>Keepseagle v. Vilsack</u>
           No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:
Name:
Address:

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

*Leave to file GRANTED*

*United States District Judge*

RE:   Keepseagle
      Case No. 1:99-cv-03119-EGS

Dear Judge Sullivan:

My name is *Gary R. Maddox*_____. I am a member of the Ma-Chis Lower Creek Indian Tribe of Alabama. I am also a valid Claimant in the Keepseagle matter. I recently received a letter instructing Keepseagle Claimants to write to Judge Sullivan no later than June 15, 2015. The letter further states that Claimants need to advise Judge Sullivan which Option Claimant selects to change the terms of the Settlement Agreement regarding the remaining 380 million dollars.

The financial loss that I suffered due to the USDA's discrimination against me was greater than the $50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the clients to equally divide the remaining settlement money; therefore, by way of this letter I am advising your Honor that I cast my vote for **Option Three:  I agree with Marilyn Keepseagle**. I request that this Honorable Court issue an Order to immediately disburse the remaining 380 million dollars, including any interest accrued on the 380 million dollars; equally between all of the valid Keepseagle Track A Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account: 1) pay for Board members salary and travel, 2) pay for office space and staff, and 3) process applications to give money to people who were not discriminated against by the USDA. **The Keepseagle lawsuit was litigated because the USDA discriminated against the American Native Indian farmers and ranchers – the remaining 380 million, plus interest should only be divided equally between Track A valid claimants.  The settlement money should only go to the Keepseagle Track A claimants.** I don't believe that the Black Farmer case (Pigford I or II) had their money put into a trust account. If the Keepseagle money is put into a Trust account and not given to the people who were discriminated against; the Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date:         *1-4-16*
Signature:    *Gary R. Maddox*
Name:         *Gary R. Maddox*
Address:      *6808 Turner Rd.*
              *Adger Al. 35006*
Phone No.:    *205-491-0882*
Claim No.:    *Track A.*

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

United States District Judge

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account – I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement – "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   *Nadine Schloemer*
Name:        Nadine Schloemer
Address:     4391 Co Rd 228
             Elba, AL  36323

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

United States District Judge

      RE:    Keepseagle
             Case No. 1:99-cv-03119-EGS

Dear Judge Sullivan:

My name is _Gary R. Maddox_____. I am a member of the Ma-Chis Lower Creek Indian Tribe of Alabama. I am also a valid Claimant in the Keepseagle matter. I recently received a letter instructing Keepseagle Claimants to write to Judge Sullivan no later than June 15, 2015. The letter further states that Claimants need to advise Judge Sullivan which Option Claimant selects to change the terms of the Settlement Agreement regarding the remaining 380 million dollars.

The financial loss that I suffered due to the USDA's discrimination against me was greater than the $50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the clients to equally divide the remaining settlement money; therefore, by way of this letter I am advising your Honor that I cast my vote for **Option Three: I agree with Marilyn Keepseagle**. I request that this Honorable Court issue an Order to immediately disburse the remaining 380 million dollars, including any interest accrued on the 380 million dollars; equally between all of the valid Keepseagle Track A Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account: 1) pay for Board members salary and travel, 2) pay for office space and staff, and 3) process applications to give money to people who were not discriminated against by the USDA. **The Keepseagle lawsuit was litigated because the USDA discriminated against the American Native Indian farmers and ranchers – the remaining 380 million, plus interest should only be divided equally between Track A valid claimants.** **The settlement money should only go to the Keepseagle Track A claimants.** I don't believe that the Black Farmer case (Pigford I or II) had their money put into a trust account. If the Keepseagle money is put into a Trust account and not given to the people who were discriminated against; the Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date:        _1-4-16_
Signature:  _Gary R. Maddox_
Name:     _Gary R. Maddox_
Address:   _6808 Turner Rd._
             _Adger Al. 35006_
Phone No.:  _205-491-0882_
Claim No.:   _Track A._

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Leave to file GRANTED

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

United States District Judge

       Re:    Keepseagle v. Vilsack
               No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _____
Name: _Heather Fillingim Cratcher_
Address: _9034 Highway 85_
         _Daleville, AL 36322_

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.
*Nadine Schloemer*

Name: Nadine Schloemer

Mailing Address: 4391 Co Rd 228
            Elba, AL 36323

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: *Heather Fillingim Walden*

Mailing Address: *9036 Highway 85*
*Daleville, AL 36322*

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

*Leave to file GRANTED*

_____
United States District Judge

      Re:    <u>Keepseagle v. Vilsack</u>
               No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _____
Name: _____
Address: _____
             _____

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _____ Mary Elizabeth Hughs

Mailing Address: PO Box 133
Bellwood, AC 36313

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

_Leave to file GRANTED_

_United States District Judge_

      Re:    Keepseagle v. Vilsack
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Stephen R. Green_
Name:     STEPHEN R. GREEN
Address:   # 7281 Co RD 2290
                 Goshen, Al 36035

Leave to file GRANTED

_United States District Judge_

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Marvin L. Bell_

Address: _836 Campbell Rd_
_Hartford, AL 36344_

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   _____
Name:        Morvin L Bell
Address:     836 Campbell Rd
             Hartford, AL
                          36344

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

*Leave to file GRANTED*

*United States District Judge*

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:   *Stephen R. Green*
Name:        STEPHEN R. GREEN
Address:     # 7281 Co RD 2290
             Goshen, Al 36035

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the
Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9)
Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle
Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys
are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants
believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600
valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement
agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties."
Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order."

Your time and consideration in this regard is truly appreciated.

Regards.

Name: STEPHEN R & RITA B GREEN

Mailing Address: 7281  Co RD 2290

Goshen, AlABAMA 36035

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Leave to file GRANTED

United States District Judge

      RE:   Keepseagle
             Case No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

My name is _Sandra G. Maddox_.    I am a member of the Machis Lower Creek Indian Tribe of Alabama. I am also a valid Claimant in the Keepseagle matter.   The financial loss that I suffered due to the USDA's discrimination against me was greater than the $50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the clients to equally divide the remaining settlement money; therefore, by way of this letter I am advising your Honor that I cast my vote for **Option Three:   I agree with Marilyn Keepseagle**. I request that this Honorable Court issue an Order to immediately disburse the remaining 380 million dollars, including any interest accrued on the 380 million dollars; equally between all of the valid Keepseagle Track A Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account: 1) pay for Board members salary and travel, 2) pay for office space and staff, and 3) process applications to give money to people who were not discriminated against by the USDA.   **The Keepseagle lawsuit was litigated because the USDA discriminated against the American Native Indian farmers and ranchers – the remaining 380 million, plus interest should only be divided equally between Track A valid claimants**.   **The settlement money should only go to the Keepseagle Track A claimants.**   I don't believe that the Black Farmer case (Pigford I or II) had their money put into a trust account. If the Keepseagle money is put into a Trust account and not given to the people who were discriminated against; the Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date:          1-4-16
Signature:   Sandra G. Maddox
Name:       SANDRA G. Maddox
Address:     6808 Turner Road
               Adger, Alabama 35006
Phone No.:  205-491-0882
Claim No.:   Track A

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

*Leave to file GRANTED*

*United States District Judge*

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date
in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9)
Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9)
Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of
Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-
claimants believe that the remaining 380 million that is in a trust should be disbursed equally
between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the
settlement agreement - to disburse the settlement monies equally between the valid
claimants.

**It is my understanding from your July 24, 2015, Opinion that:**
1. "The Settlement Agreement permits its own modification only with the consent of the
parties." Further said: "that the final legal avenue that was proposed lies in the Agreement
itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the
Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Sandra S. Maddox_

Mailing Address: _6808 Turner Road_
_Adger, Alabama 35006_

*Leave to file GRANTED*

_____
United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

### Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

### It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Gary R. Maddox_

Mailing Address: _6808 Turner Rd._

_Adger AL, 35006_

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

## Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

## It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: _Gary R. Maddox_

Mailing Address: _6808 Turner Rd._
_Adger al, 35006_

*Leave to file GRANTED*

*United States District Judge*

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

   RE: <u>Keepseagle</u>
      Case No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

  My name is _Gary R. Maddox_ . I am a member of the _Ma-Chis Lower Creek of Al._. I am also a valid Claimant in the Keepseagle matter. The financial loss that I suffered due to the USDA's discrimination against me was greater than the $50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the clients to equally divide the remaining settlement money; therefore, by way of this letter I am advising your Honor that I cast my vote for **Option Three:  I agree with Marilyn Keepseagle**. I request that this Honorable Court issue an Order to immediately disburse the remaining 380 million dollars, including any interest accrued on the 380 million dollars; equally between all of the valid Keepseagle Track A Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account: 1) pay for Board members salary and travel, 2) pay for office space and staff, and 3) process applications to give money to people who were not discriminated against by the USDA. **The Keepseagle lawsuit was litigated because the USDA discriminated against the American Native Indian farmers and ranchers – the remaining 380 million, plus interest should only be divided equally between Track A valid claimants. The settlement money should only go to the Keepseagle Track A claimants.** I don't believe that the Black Farmer case (Pigford I or II) had their money put into a trust account. If the Keepseagle money is put into a Trust account and not given to the people who were discriminated against; the Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date: _1-4-16_
Signature: _Gary R. Maddox_
Name: _Gary R. Maddox_
Address: _6808 Jones Turner_
    _Rd. adger al. 35006_
Phone No.: _205-491-0882_
Claim No.: _track A._

Leave to file GRANTED

United States District Judge

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

RE:   Keepseagle
      Case No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

My name is *Sandra G. Maddox*                    .    I am a member of the
*this Lower Creek Indian Tribe of Alabama* I am also a valid Claimant in the Keepseagle matter.   The financial
loss that I suffered due to the USDA's discrimination against me was greater than the
$50,000.00 awarded to Track A Claimants.

It is my understanding that in litigation matters, it is a normal routine practice for the
clients to equally divide the remaining settlement money; therefore, by way of this letter
I am advising your Honor that I cast my vote for **Option Three:   I agree with
Marilyn Keepseagle**. I request that this Honorable Court issue an Order to
immediately disburse the remaining 380 million dollars, including any interest accrued
on the 380 million dollars; equally between all of the valid Keepseagle Track A
Claimants.

It just doesn't make sense that the attorneys are insisting on setting up a Trust Account:
1) pay for Board members salary and travel, 2) pay for office space and staff, and 3)
process applications to give money to people who were not discriminated against by the
USDA.   **The Keepseagle lawsuit was litigated because the USDA
discriminated against the American Native Indian farmers and ranchers –
the remaining 380 million, plus interest should only be divided equally
between Track A valid claimants.  The settlement money should only go to
the Keepseagle Track A claimants.**   I don't believe that the Black Farmer case
(Pigford I or II) had their money put into a trust account. If the Keepseagle money is put
into a Trust account and not given to the people who were discriminated against; the
Keepseagle valid Track A claimants - isn't this yet another form of discrimination?

Date:         *1-4-16*
Signature:    *Sandra G. Maddox*
Name:         *SANDRA G. Maddox*
Address:      *6808 Turner Road*
              *Adger, Alabama 35006*
Phone No.:    *205-491-0882*
Claim No.:    *Track A*

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Kelli Grant

Address: 441 Co. Rd. 304 Glenwood, AL 36034

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

_Leave to file GRANTED_

_United States District Judge_

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.   "The Settlement Agreement permits its own modification only with the consent of the parties." He
     also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.   Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.   He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties
     bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million
(plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter;
total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my
understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for
$50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I
believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a
Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian
Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment
card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid
Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust
Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle
claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2)
agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3)
prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an
immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  _Debbie Shelter_
Name:       _Debbie Shelton_
Address:    _7559 County Rd. 519, Elba,_
            _AL, 36323_

Marilyn Keepseagle, George Keepseagle, ET. Al. And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250

_Leave to file GRANTED_

_United States District Judge_

      Re:   <u>Keepseagle v. Vilsack</u>
             No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _Tanner W. Grant_
Name:     Tanner W. Grant
Address:   441 Co. Rd. 304
           Glenwood, Al. 36034

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

*Leave to file GRANTED*

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

United States District Judge

       Re:   <u>Keepseagle v. Vilsack</u>
              No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3. He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: *Jessica Truitt*
Name: *Jessica Truitt*
Address: *512 South John St*
          *PO Box 106 New Brockton al, 36351*

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

**Leave to file GRANTED**

_____
United States District Judge

Re:   Keepseagle v. Vilsack
      No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature:  Kelli Grant
Name:       Kelli Grant
Address:    491 Co. Rd. 304
            Glenwood, AL 36034

Leave to file GRANTED

United States District Judge

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

**Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS**

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am not a Keepseagle claimant however. I agree with George and Marilyn Keepseagle, and other co-claimants that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

**It is my understanding from your July 24, 2015,** Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: Marvin L. Bell

Address: 836 Campbell Rd
Hartford, AL 36344

Marilyn Keepseagle, George Keepseagle, ET. Al.  And

Thomas Vilsack, Secretary
U.S Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C.  20250

**Leave to file GRANTED**

United States District Judge

Re:  Keepseagle v. Vilsack
     No. 1:99-cv-03119-EGS

Dear Honorary Keepseagle Claims Representatives and Mr. Vilsack:

It is my understanding that Judge Sullivan stated in his Opinion dated July 24, 2015, that:

1.  "The Settlement Agreement permits its own modification only with the consent of the parties."  He also said: "that the final legal avenue that was proposed lies in the Agreement itself."

2.  Judge Sullivan further stated: "This Court appointed Class Representatives for a reason."

3.  He also stated: "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an Order."

The undersigned wants the Keepseagle Claim Representatives and Defendant Vilsack to know that I want the $380 million (plus interest) to be divided equally between all valid Track A (3,587) and Track B (14) claimants in the Keepseagle matter; total valid claimants is 3,600; giving each claimant an additional amount of approximately $100,000.00. It is my understanding that it is normal practice in litigation matters to divide the settlement monies equally between all Plaintiffs.

Also, during the claims process, there were numbers of NON-American Indian individuals attempting to file a claim for $50,000.00.

The USDA and class attorneys think that the remainder of the settlement money should be put into a Trust account - I believe this is a form of discrimination. The Black Farmer case (Pigford I and II) **DID NOT** have to put their money into a Trust Account.

Also, I believe that if forced to put money into a Trust that some groups calling themselves a non-profit American Indian Farmers group would most likely NOT have the Valid Claimants and/or American Indians, who hold a Tribal enrollment card and/Certificate of Blood Quantum card, interest at heart. Another question is if put into a Trust, how will valid Keepseagle claimants who are elders and families who filed on behalf of deceased family members benefit from a Trust Account?

The only true and just option is: to equally divide the remaining 380 million, including interest to the valid Keepseagle claimants.

I urge the nine (9) Keepseagle Claims Representatives and Secretary Vilsack to: 1) meet within the next 30-45 days; and 2) agree to amend the settlement agreement - "to disburse the settlement monies equally between all valid claimants;" and 3) prepare the Amendment to the Keepseagle Settlement Agreement and submit to the Honorable Judge Sullivan for an immediate Order to disburse the remaining 380,000. Million equally to all valid Track A and Track B claimants.

Thank you.

Signature: _____
Name:      Marvin L Bell
Address:   836 Campbell Rd
           Hartford, AL
                        36344

*Leave to file GRANTED*

*United States District Judge*

December 6, 2015

The Honorable Emmett G. Sullivan United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, DC 20001

Re: Keepseagle v. Vilsack No. 1:99-CV-03119-EGS

Dear Judge Sullivan:

This letter is sent to request you to schedule a hearing at the Courts earliest convenient date in the Keepseagle matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves.

I am a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million that is in a trust should be disbursed equally between the 3,600 valid claimants.
I have sent letters urging the group to meet (Please see enclosed letters.) to modify the settlement agreement - to disburse the settlement monies equally between the valid claimants.

It is my understanding from your July 24, 2015, Opinion that:
1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the Parties bring him the agreement and he would issue an order.

Your time and consideration in this regard is truly appreciated.

Regards.

Name: STEPHEN R & RITA B GREEN
Mailing Address: 7281 Co RD 2290
Goshen, Alabama 36055

*Leave to file GRANTED*

*United States District Judge*

12/30/2015

The Honorable Emmett G. Sullivan
Attn: Judge Sullivan Chambers
United States Federal Court for the District of Columbia
333 Constitution Ave. N.W.
Washington DC 20001

      RE: <u>Keepseagle</u>
        Case No. 1:99-cv-03119-EGS

Dear Judge Sullivan:

My name is Joan Waller and I am the Administrator of my mother's estate for Jane M Graham,  a valid Keepseagle claimant. Jane M Graham, died September 1992, I had enough documentation to apply for a Track B claim for my mother's estate,  however, I was told that if I filed for Track B and was denied that I would not be eligible for a Track A claim. The class action attorneys basically said that if I didn't take the Track A Claim that I might not get any money at all for her estate. This was also told to other Native American farmers thru out the United States.

My mother applied for a loan and was denied and was told due to the nature of her race, she could not receive money but to go get her husband and they could give it to him…and  they did, My father received my mother's low interest loan and she was not allowed to sign any paper work.  Gene Allen from the Taylor County office told my mother in front of me, " so sorry Ms Graham, but this is a mans world in farming, you just raise those kids and let us handle this"/now this really upset her,  In her estate there are 8 siblings which have asked me to speak on their behalf and my mothers estate.

  I was unable to attend the June 29, 2015 Court hearing but I sent numerous letters to your office asking you to hear my words that the USDA discriminated against my mothers estate.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, or to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement.

It appears that the attorneys, Keepseagle attorneys, Joe Sellars and the Department of Justice attorneys are attempting to settle by themselves. I am somewhat concern about this matter, as it is my understanding that all nine (9) Keepseagle Claims Representatives and Secretary Vilsack were to meet, not the attorneys or their co councils.

Jane M Graham is  a valid Keepseagle claimant and I, along with George and Marilyn Keepseagle and my co-claimants believe that the remaining 380 million, including interest should be disbursed equally between the 3,600 valid claimants.

I have sent letters to your office commenting on my concerns of how the USDA is and continues to establish this bully like mentality to the Native American, that we have no say so or ability to  comment our concerns regarding this matter.

It is my understanding that to date, Secretary Vilsack has not communicated with the nine (9) Keepseagle Claims Representatives, in any way, or to schedule a meeting between the nine (9) Keepseagle Claims Representatives and himself to modify the settlement agreement, but they have the attorneys to meet, I feel again USDA is throwing their weight and power against the Native Americans rights to resolve this matter and not be forced to accept an agreement which USDA wants.

It is my understanding from your July 24, 2015, Opinion that:

1. "The Settlement Agreement permits its own modification only with the consent of the parties." Further said: "that the final legal avenue that was proposed lies in the Agreement itself."

2. Also, you stated: "This Court appointed Class Representatives for a reason."

3. "Once the parties agree on a revision to the Settlement Agreement, that the

Parties bring him the agreement and he would issue an order.

This letter is sent to request that you schedule a hearing and issue and order for a mediation or settlement conference in the Keepseagle matter.

Your time and consideration in this regard is truly appreciated.

Regards,

Estate of Jane M. Graham

CLAIM # : 800009486
TRACKING #: 20361

Leave to file GRANTED

United States District Judge

DECEMBER 30, 2015

THE HONORABLE EMMET G. SULLIVAN
U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE N.W.
WASHINGTON, DC 20001

YOUR HONOR,

AS A PARTICIPANT AND RECIEPIENT OF KEEPSEAGLE VS. VILSACK SETTLEMENT
FUNDS IN THE AMOUNT OF $50,000.00, I HAVE REVIEWED THE NEW PROPOSED
CHANGES TO THE REMAINING SETTLEMENT FUNDS AND I HAVE FOUND THEM BIASED
AND LACKING IN THEIR SINCERITY.

I AM AGAIN SUGGESTING THAT THE REMAINING AMOUNT BE AGAIN DISTRIBUTED TO
THOSE RECIPIENTS OF THE FIRST DISTRIBUTION. MY REASON IS VERY SIMPLE, WE
KNOW WHAT WE NEED TO DO WITH OUR MONEY AND WE DON'T NEED ANYONE
SPEAKING ON OUR BEHALF.

POINT BY POINT:

1. DISTRIBUTION OVER A 20 YEAR PERIOD MAKES NO SENSE, LAST YEAR CATTLE
   PRICES WENT TO OVER $4.00 A POUND...THIS YEAR THEY HAVE DROPPED TO
   LESS THAN $1.35 A POUND. DO THE MATH...
2. I SINCERELY DOUBT THAT ANY OF YOUR PROPOSED 14 MEMBER BOARD OF
   "TRIBAL LEADERS" HAS EVER EXPERIENCED DISCRIMATION AS WE HAVE. MOST
   TRIBES OF THE "GREAT SIOUX NATION" ARE IN DANGER OF GOING INTO
   RECIEVERSHIP BECAUSE OF WHAT OUR "TRIBAL LEADERS" HAVE DONE TO
   THEIR PEOPLE.
3. IF THE COURT IS LOOKING FOR THE "GREATER GOOD" AND TRULY WANT TO
   HELP THE "OFFENDED CLASS MEMBERS", GIVING OUR MONEY TO
   "EDUCATIONAL AND TRIBALLY SPONSORED ORGANIZATIONS" IS NOT THE WAY,
   THESE EDUCATIONAL AND TRIBAL ORGANIZATIONS ARE CONTINUALLY
   SEEKING FUNDING AND WE KNOW OUR MONEY WILL BE SQUANDERED AS THEY
   SO PASSIVELY HAVE DONE IN THE PAST, SIMPLY BECAUSE THE MONEY WAS NOT
   THEIRS TO BEGIN WITH...
4. OPENING UP THE DOORS TO "GREED AND CORRUPTION" BY GIVING OUR MONEY
   TO "NEW NON-PROFIT ORGANIZATIONS" SHOULD BE A NO BRAINER. STANDING
   ROCK SIOUX TRIBE DOES NOT NOW AND IT REFUSES TO ALLOW ME OR
   MEMBERS OF MY IMMEDIATE FAMILY ANY TRIBAL SERVICES SUCH AS FIRE
   SUPPRESSION, ROAD MAINTENANCE, OR WATER/SEWER ACCESS BECAUSE WE
   HAVE PURCHASED OUR OWN LANDS AND REFUSE TO SELL THEM OUR TRIBAL
   LANDS...AND YOU ARE CONSIDERING EXPANDING ON THIS KIND OF
   DYSFUNCTIONAL GOVERNMENT?

5.  BY DISTRIBUTING THE REMAINING $38 MILLION TO "THE SAME TYPES OF ORGANIZATIONS BASED ON CLASS COUNSEL" IS NOT LOOKING FOR THE GREATER GOOD. IT IS ONLY PERPETUATING WHAT WE, THE CLASS MEMBERS, HAVE, ARE AND CONTINUE TO EXPERIENCE ON A DAILY BASIS.

IN CLOSING, I AGAIN APPEAL TO YOU SIR.

WE NEED OUR MONEY. THERE ARE SO MANY OF US WHO STRUGGLE ON A DAILY BASIS AND YET, CONTINUE TO MOVE FORWARD WITH WHAT LITTLE WE HAVE.

EXAMPLE:

MY SON'S NEED A CAR LIFT AND TIRE CHANGING MACHINE FOR THEIR AUTO REPAIR WORK BUT I HAVE BEEN TURNED DOWN FOR A SMALL BANK LOAN OF $35,000.00 TO MAKE IMPROVEMENTS ON OUR PROPERTY. I WILL GET THERE, AND THEY WILL HAVE THEIR GARAGE EQUIPMENT, BUT PAYING OUT OF POCKET, WILL TAKE A LOT LONGER.

AN ADDITIONAL PAYMENT OF $50,000.00 WOULD GO A LONG WAY FOR WHAT WE NEED TO DO FOR OUR BOYS, OUR GRAND CHILDREN AND NOW OUR GREAT GRAND CHILDREN.

THANK YOU,

RESPECTFULLY,

JOHN LUKE FLYINGHORSE SR.
1031 TATANKA IYOTAKA ST.
WAKPALA, SD 57658
605-845-5164
tipimakr@yahoo.com

Leave to file GRANTED

Jan~~United States~~ District Judge

Chambers of the Honorable Emmet G. Sullivan

U.S. District Court for the District of Columbia

333 Constitution Avenue North West

Washington, D.C. 20001

Dear  Honorable Emmet G. Sullivan:           Re: Keepseagle V. Vilsack

                                             Proposal for remaining $380 million

My name is Calvin Guy. I was a successful claimant under the programmatic track A relief. I farm just over 95 acres and was very much appreciative for the  funds I received which has already been spent for fencing materials; barbed-wire, T-poles, and other pertinent accessories. The received funds were also used to established a water well for the farm, and livestock. Then the remaining monies  were  expended for yearly herbicides, pens-repairs, gates, and barn maintenance. This was all was accomplished without any **Tractor, which I dearly need, but cannot afford.**  I regret that I will not be able to attend **February 4,2016  hearing** *before your Honor. However, I have respectfully, faithfully ,and prudently, submit my sincere views as a down-to-earth, in the trenched, dedicated, Native American Farmer in dire need of a continual financial resource or sources.*

In short, my proposal for, and how the remaining  undistributed millions are to be used is to:

1. **Have the funds placed in a fiduciary for interest under the supervision of a court Monitor, or administrator, or a tribal administrator for :**
   a. Documented, submitted  farming/ranching projections and/or needs.
   b. For documented major purchases' of i.e., tractor, combines, bailers, or equipment.
   c. Annual reports to the court providing the amounts spent, distributed, and to whom.
   d. The updates and findings on the Indian Famer's, advances, improvement, and status of their farmers/ranches, who have applied and received monies out of the remaining 380 million funding bank.
2. **Have the Native American Farmers, who apply and receive additional funding's, submitted an annual report on their successes and/or failures.**
3. Have photos,  receipts, and  invoices submitted to assist in further documenting the Usage and expenditures by the applying Native American Farmers.

4. Based upon the size of the Farm or Ranch, established an appropriate and reasonable Amount that an Native American farmer can receive for his/her operation.

5. Finally, any farmer, or persons found to  be committing a fraud, or misappropriating of The  applied for additional funds, shall be denied , or  excluded from any future distribution of funds, and perhaps be held liable  and/ or prosecutable.

Your Honor, in this manner the perspective Native Farmers present, and future, will have the available financial resource as a means to assist them in their farming endeavors.  **If these remaining funds Do Not eventually  arrive, or be received in the direct hands of the individual  Native American Farmer(s) , then  primary causes and purposes, and intent of the Keepseagle  settlement; and all the millons spent on the arbitrations, hearings, and the lawyers, will all be in vain, and a travesty.**

I respectfully submit this proposal and pray to the Lord my God that my words are received by the trust, with  some prudence, creditability and understanding for implementation in the final decision on how the remaining 380  million is to be honesty and fairly distributed.

Sincerely,

Calvin Guy
(602) 268-1131

Leave to file GRANTED

United States District Judge

January 7, 2016

Lacy Locklear Jr.

2335 Moore's Lane Road

Lumberton, NC  28358

TO THE CHAMBERS OF THE HONORABLE EMMET G. SULLIVAN:

THIS LETTER IS IN REGARDS TO MY VIEWS AND COMMENTS ABOUT THE KEEPSEAGLE SETTLEMENT
REMAINING MONEY.

I THINK THAT THE REMAINING FUNDS SHOULD GO TO THE CLAIMANTS THAT HAD RECEIVED A PAYOUT.
THEY ARE THE ONE'S THAT WERE DISCRIMINATED AGAINST, NOT NON-PROFIT ORGANIZATIONS. ALSO,
SOME OF THE FARMERS THAT WER FARMING THEN ARE NO LONGER FARMING BECAUSE THEY WENT
BANKRUPT OR ARE OUT OF BUSINESS.

THE REMAINING FUNDS SHOULD GO TO THE CLAMAINTS THAT HAD ALREADY FILED A CLAIM. PLEASE
CONSIDER MY COMMENTS ABOUT THIS.

LACY LOCKLEAR JR.