January 15, 2016

Chambers of the Honorable Emmett G. Sullivan
US District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C.  20001

RE: Distribution of remaining funds

Honorable Sullivan:

Sir, I am a Native American that has had many set backs, trials and hardships.  I hear that there are funds left over from our lawsuit.  I tried to borrow money from a bank AND lending Institution...both times being rejected quite smugly.

I have lost my two daughters and live ANYWHERE I can because I am disabled.  I received disability and food stamps.  No one will hire me because of my past nd I have NO MONEY!!!!!  I received $690. a month.  That Is supposed to cover rent, electricity, water, phone and any personal items I may need.

I desperately NEED any assistance I could get from my tribe...but I live in ALABAMA.  There is no one here to help me.  PLEASE re-distribute the remaining funds back to those who filed a claim.

Sincerely,

Alon Peters
254 Newton Ave
Ozark, Al.  36360
334-733-2822

Leave to file GRANTED

_____
United States District Judge

January 5th, 2016

To:

Chambers of the Honorable Emmet G. Sullivan

U, S. District Court for the District of Columbia

333 Constitution Avenue N.W.

Washington, D.C. 20001

To whom it may concern,

According to the last update from the Keepseagle Claims Administrator, we who are Tract A Claimants who wish to give our opinion on the situation as to what happens with the funds that are left, were asked to write a letter to that fact.

I would like to thank Mrs Keepseagle for all her hard work in this matter and remembering us at this time.

I feel the right thing to do is with option 3  and the remaining funds should be distributed solely as additional damages to Claimants who succeeded in their claims.

Thank you,

Ms. Georgia L. Taylor, Little Shield

P.O. Box 183

Isabel, SD 57633

Leave to file GRANTED

United States District Judge

January 7, 2016

Lacy Locklear Jr.

2335 Moore's Lane Road

Lumberton, NC  28358

TO THE CHAMBERS OF THE HONORABLE EMMET G. SULLIVAN:

THIS LETTER IS IN REGARDS TO MY VIEWS AND COMMENTS ABOUT THE KEEPSEAGLE SETTLEMENT REMAINING MONEY.

I THINK THAT THE REMAINING FUNDS SHOULD GO TO THE CLAIMANTS THAT HAD RECEIVED A PAYOUT. THEY ARE THE ONE'S THAT WERE DISCRIMINATED AGAINST, NOT NON-PROFIT ORGANIZATIONS. ALSO, SOME OF THE FARMERS THAT WER FARMING THEN ARE NO LONGER FARMING BECAUSE THEY WENT BANKRUPT OR ARE OUT OF BUSINESS.

THE REMAINING FUNDS SHOULD GO TO THE CLAMAINTS THAT HAD ALREADY FILED A CLAIM. PLEASE CONSIDER MY COMMENTS ABOUT THIS.

LACY LOCKLEAR JR.

Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560

271802174778

000 0000965 00000000 001 002 00242
LACY LOCKLEAR JR
2335 MOORE LANE ROAD
LUMBERTON, NC 28358

December 30, 2015

## SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

You are receiving this notice either because you were previously sent notice of the settlement of this case or because you made a claim in connection with this settlement. Please read this notice carefully. There are funds paid in settlement of this case that remain undistributed. This notice is to inform you that the Court is inviting input from Class Members on how those funds should be distributed and to let you know how and when you can provide that input.

Please note: As described in greater detail below, this concerns a revised proposal, different from the one described in the May 2015 notice. The revised proposal provides each Prevailing Claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on their behalf, for a total supplemental award of $21,275, with the balance of the funds being directed to nonprofit organizations to provide assistance designed to further Native American farming or ranching activities.

### What is the Keepseagle case about? Who is in the Class?

The Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing. USDA denied the claims of discrimination.

The Class *includes* all Native American farmers and ranchers who:
- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999;
- Tried to get a farm loan or loan servicing from the USDA during that period; and
- Complained about discrimination to the USDA either on their own or through a representative during the time period.

The Class *does not include* individuals who:
- Experienced discrimination only between January 1 and November 23, 1997; or
- Complained of discrimination only between July 1 and November 23, 1997.

### What happened in the case?

After more than a decade of litigation, the Parties reached a settlement in October 2010, which was publicized and then approved by the Court in April 2011. The settlement included programmatic relief, debt relief, and a claims process with two tracks (Track A, with payments of $50,000 plus tax relief and Track B with payments capped at $250,000). Notice of this claims process was issued, and meetings with Class Members who wished to file claims were held from May to December 2011. The deadline for submitting claims was December 27, 2011. A Court-appointed neutral determined which claims to grant and which to deny. Claimants were notified of the rulings, and checks were mailed to successful Claimants in 2012. Of the $680 million paid to settle this case, approximately $380 million remains undistributed.

### What does the current agreement say about how the remaining funds are to be distributed?

The Settlement Agreement approved by the Court requires that the remaining funds be given to nonprofit organizations, other than a law firm, legal services entity, or educational institution, that have provided agricultural, business assistance, or advocacy services to Native American farmers between 1981 and November 1, 2010. The Settlement Agreement requires all funds to be distributed at one time in equal shares to organizations that were proposed by Class Counsel and approved by the Court.



In addition, Plaintiffs nominate as initial Executive Director of the Trust Janie Hipp, a member of the Chickasaw tribe and Director of the Indigenous Food and Agriculture Initiative at the University of Arkansas School of Law.

The Class, USDA, and Marilyn Keepseagle have agreed to this compromise. The Court must still approve this option before it can be put into place and the funds distributed as proposed.

**What happens next?**

Class Counsel filed a motion asking the Court to approve the new proposal.

*What the Court has ordered:* The Court has scheduled a hearing for **February 4, 2016**, beginning at 10 a.m. EDT, to hear from the Parties and others with an interest in how the remaining settlement funds should be distributed. The hearing will be held in Courtroom 24A of the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. If you submit your comments in writing (*see* below), the Court will consider your views even if you do not attend the hearing. If you attend the hearing, you will be provided a brief opportunity to speak to the Court.

**How can I get more information?**

The website www.indianfarmclass.com has copies of all the main court filings and additional information about this issue.

**How can I share my views?**

If you want to share your views about how the remaining settlement funds should be used, you may submit them in writing, addressed to the Court, with a postmark date no later than **January 20, 2016**.

Comments should be addressed to:

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

**PLEASE DO NOT SUBMIT ANY NEW CLAIMS.**

P.O. Box 92
Ganado, Arizona 86505

Leave to file GRANTED

United States District Judge

January 6, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Honorable Sullivan:

Greetings!
I am writing in response to the letter postdated December 30, 2015. SUPPLEMENTAL
NOTICE RE: KEEPSEAGLE V. VILSACK. I first made a claim under (Track A, with payments
of $50,000 plus tax relief) in connection with this settlement in December 2011. Since then I
was never notified if my claim was accepted, if I qualified, or if my claim was being considered.
According to this letter claimants were notified of the rulings, and checks mailed to successful
Claimants in 2012. Again, I was never notified if my claim was rejected and for the reason. As
far as I am concerned I qualify for the claim and would like to know why I was never made
aware of my claim.

I received another letter postdated May 14, 2016. SUPPLEMENTAL NOTICE RE:
KEEPSEAGLE V. VILSACK. In this letter class counsel filed a motion asking the court to
approve a second option: which was to distribute the remaining $380 million to help Native
American farmers and ranchers through grants to nonprofit organizations. At this time I was
allowed to express my disapproval of this option through teleconference. At which time I
voiced my concerns about not being represented by a nonprofit organization in Navajo Nation.
Also, I recommended that the remaining funds be distributed for the claims that were not
considered (Track A, with payments of $50,000 plus tax relief). I voiced my disapproval of this
option because I will not be benefiting from any nonprofit organization due to no
representation from my tribe in the people that were nominated to head the Trust.

Lastly, my views are still in opposition to the compromise. And I would recommend that the
remaining undistributed funds be paid out to the remaining claimants like myself that were
never considered nor notified. Furthermore, I will not benefit in any way if the funds are
distributed to nonprofit organizations.
We as Native American farmers and ranchers have been discriminated against in the past and
still presently. This is just one example of such.

Sincerely,
Alice N. Tsosie
Alice N. Tsosie
Claim# 271802194768

Leave to file GRANTED

_____
United States District Judge

CHAMBERS OF THE HONORABLE EMMET G. SULLIVAN

U. S. DISTRICT COURT FOR THE DISRICT OF COLUMBIA

333 CONSTITUTION AVE. . W.

WASHINGTON, DC 20001

RE SUPPLEMETAL NTOCE

KEEPSEAGLE V. VILSACK                    # 27180 2188 232

IN ANSWER TO DECEMBER 30, 2015 LETTER FROM THE ABOVE COURT IN THE "REVISED PROPOSAL" DISCRIBED IN MAY 2015 NOTICE WHEREIN SUPPLEMENTAL PAYMENT OF 18,500 DIRECT PAYMENT WIH 2,775.00 PAID TO THE IRS IN TOTAL SUPPLEMENTAL AWARD OF 21,275 IS OF COURSE WHAT THE COURT WHOULD CONSIDER. ITHINK WHAT FAMILIES WENT THROUGH AT THAT DATE AND TIME 11/1/81 TO 11/24/99 WAS VERY HARD TIMES AND THE BANKS OR FDI BUEAU WHO REFUSED TO HELP AND BEING TURNED DOWN BECAUSE OF NO SECURITY TO SUBSTANUATE A LOAN TO NATIVE AMERICANS WAS IMPOSIBLE TO GET HELP.

MY COMMENT TO DISTRIBUTION WOULD BE FORE THE PEOPLE IT WAS INTENDED FOR AND NOT TO GOVERNMENT PROGRAMS AS OTHERS WOULD WANT.  WE HAVE TO REMEMBER HOW MANY HELP PROGAMS ARE  AVAILABLE IN TO DAYS WORLD.

I HOPE THAT THE BOARD YOU CHOSE TO REPRESENT US IN PARTICULAR MARILYN KEEPSEAGLE, THE MONTANA REP. ROSS RACINE FROM THE BLACKFEET TRIBE WOULD TRULY WORK TOWARD OUR BEN EFIT. I AM THRILLED THAT THE OUTCOMES TO THIS CLASS ACTION SUITWILL BE RESOLVED.


THANK YOU SINCERELY; I AM ANITA E. DUBAY SWOPE, BOX 1032, POLSON, MT. 59860

Leave to file GRANTED

United States District Judge

1/6/2016

I am writing about the supplemental notice that I received in the mail. I would like to request that the money be sent back to the ones that had filed claims before. I had filed a claim and received the 50,000. But I was told by a lady that my case was a little different and that I really had a good chance of being able to receive the 250,000 but I chose to just do the 50,000 because I wanted to make sure that I got my name in. I owed money to the FHA and had paid that back to them. So I would like to request to get the additional funds sent to me.


Thank You,


James Albert Hunt

Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560

 271802170339

000 0001217 00000000 001 002 00305 ████: 0 0
JAMES A HUNT
581 CABINET SHOP ROAD
MAXTON, NC 28364

December 30, 2015

### SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

You are receiving this notice either because you were previously sent notice of the settlement of this case or because you made a claim in connection with this settlement. Please read this notice carefully. There are funds paid in settlement of this case that remain undistributed. This notice is to inform you that the Court is inviting input from Class Members on how those funds should be distributed and to let you know how and when you can provide that input.

Please note: As described in greater detail below, this concerns a revised proposal, different from the one described in the May 2015 notice. The revised proposal provides each Prevailing Claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on their behalf, for a total supplemental award of $21,275, with the balance of the funds being directed to nonprofit organizations to provide assistance designed to further Native American farming or ranching activities.

**What is the Keepseagle case about? Who is in the Class?**
The Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing. USDA denied the claims of discrimination.

The Class *includes* all Native American farmers and ranchers who:
- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999;
- Tried to get a farm loan or loan servicing from the USDA during that period; and
- Complained about discrimination to the USDA either on their own or through a representative during the time period.

The Class *does not include* individuals who:
- Experienced discrimination only between January 1 and November 23, 1997; or
- Complained of discrimination only between July 1 and November 23, 1997.

**What happened in the case?**
After more than a decade of litigation, the Parties reached a settlement in October 2010, which was publicized and then approved by the Court in April 2011. The settlement included programmatic relief, debt relief, and a claims process with two tracks (Track A, with payments of $50,000 plus tax relief and Track B with payments capped at $250,000). Notice of this claims process was issued, and meetings with Class Members who wished to file claims were held from May to December 2011. The deadline for submitting claims was December 27, 2011. A Court-appointed neutral determined which claims to grant and which to deny. Claimants were notified of the rulings, and checks were mailed to successful Claimants in 2012. Of the $680 million paid to settle this case, approximately $380 million remains undistributed.

**What does the current agreement say about how the remaining funds are to be distributed?**
The Settlement Agreement approved by the Court requires that the remaining funds be given to nonprofit organizations, other than a law firm, legal services entity, or educational institution, that have provided agricultural, business assistance, or advocacy services to Native American farmers between 1981 and November 1, 2010. The Settlement Agreement requires all funds to be distributed at one time in equal shares to organizations that were proposed by Class Counsel and approved by the Court.



In addition, Plaintiffs nominate as initial Executive Director of the Trust Janie Hipp, a member of the Chickasaw tribe and Director of the Indigenous Food and Agriculture Initiative at the University of Arkansas School of Law.

The Class, USDA, and Marilyn Keepseagle have agreed to this compromise. The Court must still approve this option before it can be put into place and the funds distributed as proposed.

## What happens next?

Class Counsel filed a motion asking the Court to approve the new proposal.

*What the Court has ordered:* The Court has scheduled a hearing for **February 4, 2016**, beginning at 10 a.m. EDT, to hear from the Parties and others with an interest in how the remaining settlement funds should be distributed. The hearing will be held in Courtroom 24A of the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. If you submit your comments in writing (*see* below), the Court will consider your views even if you do not attend the hearing. If you attend the hearing, you will be provided a brief opportunity to speak to the Court.

## How can I get more information?

The website www.indianfarmclass.com has copies of all the main court filings and additional information about this issue.

## How can I share my views?

If you want to share your views about how the remaining settlement funds should be used, you may submit them in writing, addressed to the Court, with a postmark date no later than **January 20, 2016**.

Comments should be addressed to:

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

**PLEASE DO NOT SUBMIT ANY NEW CLAIMS.**

O4433 v.02 12.22.2015



Jan. 8, 2016

Leave to file GRANTED

United States District Judge

Chambers of the Honorable Emmet G. Sullivan
US District Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 20001

Honorable Emmet G. Sullivan:

My wife and I are part of the Keepseagle Class
Action Law Suit. We would like to voice our
opinion regarding the extra money that was not
paid out in the original settlement.

We feel that the money should be distributed
to the individual claimants, rather than organizations.
The organizations were not discriminated against, but
we were. This fact caused our family financial
hardship for many years.

Please consider us when you make your
final determination.

Very truly yours,

Jimmy Barlow          Linda Barlow

Jimmy & Linda Barlow
825 FM 3031
Childress, TX 79201

Leave to file GRANTED

United States District Judge

Chambers of the Honorable Emmet G. Sullivan

U.S. District Court for the District of Columbia

333 Constitution Avenue N.W.

Washington, D.C.  20001

Honorable Sullivan;

As a recipient from the Keepseagle V. Vilsack case, I would first like to state my gratitude for the money I have previously received.  I also would like to thank you and our Native family for additional consideration with the undistributed funds.  I do, however, feel the Settlement Agreement allowing other organizations or institutions to gain access to money we were originally denied from the USDA seems quite unfair.  We were the ones who felt hurt and humiliated.

I honor the families who have fought for this case and shown great strength through the years.  May they never be forgotten.

Sincerely,

Vickie Crowder Rambo

Vickie Crowder Rambo

Claim
271802144698

Leave to file GRANTED _ 1-8-16

United States District Judge

Dear Honorable Emmet G Sullivan)
    I James Meagher feels this
settlement is O.K. but I also lost land
and hired attorney and recived only
the $50 000 so at this time I should
be entiled to intrest and more being
there is such a large balance
read my claim and see what I went
threw to keep the land I have I
had to sell parcel's to keep my
home stead because thy refused me
loan's

                    Thank you
                    James Meagher)

Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560



000 0009513 00000000 001 002 02379 00611 0 0

271802144698

JAMES E MEAGHER
8796 70TH AVE N
GRAND FORKS, ND 58203

December 30, 2015

### SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

You are receiving this notice either because you were previously sent notice of the settlement of this case or because you made a claim in connection with this settlement. Please read this notice carefully. There are funds paid in settlement of this case that remain undistributed. This notice is to inform you that the Court is inviting input from Class Members on how those funds should be distributed and to let you know how and when you can provide that input.

Please note: As described in greater detail below, this concerns a revised proposal, different from the one described in the May 2015 notice. The revised proposal provides each Prevailing Claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on their behalf, for a total supplemental award of $21,275, with the balance of the funds being directed to nonprofit organizations to provide assistance designed to further Native American farming or ranching activities.

### What is the Keepseagle case about? Who is in the Class?

The Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing. USDA denied the claims of discrimination.

The Class *includes* all Native American farmers and ranchers who:
- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999;
- Tried to get a farm loan or loan servicing from the USDA during that period; and
- Complained about discrimination to the USDA either on their own or through a representative during the time period.

The Class *does not include* individuals who:
- Experienced discrimination only between January 1 and November 23, 1997; or
- Complained of discrimination only between July 1 and November 23, 1997.

### What happened in the case?

After more than a decade of litigation, the Parties reached a settlement in October 2010, which was publicized and then approved by the Court in April 2011. The settlement included programmatic relief, debt relief, and a claims process with two tracks (Track A, with payments of $50,000 plus tax relief and Track B with payments capped at $250,000). Notice of this claims process was issued, and meetings with Class Members who wished to file claims were held from May to December 2011. The deadline for submitting claims was December 27, 2011. A Court-appointed neutral determined which claims to grant and which to deny. Claimants were notified of the rulings, and checks were mailed to successful Claimants in 2012. Of the $680 million paid to settle this case, approximately $380 million remains undistributed.

### What does the current agreement say about how the remaining funds are to be distributed?

The Settlement Agreement approved by the Court requires that the remaining funds be given to nonprofit organizations, other than a law firm, legal services entity, or educational institution, that have provided agricultural, business assistance, or advocacy services to Native American farmers between 1981 and November 1, 2010. The Settlement Agreement requires all funds to be distributed at one time in equal shares to organizations that were proposed by Class Counsel and approved by the Court.



In addition, Plaintiffs nominate as initial Executive Director of the Trust Janie Hipp, a member of the Chickasaw tribe and Director of the Indigenous Food and Agriculture Initiative at the University of Arkansas School of Law.

The Class, USDA, and Marilyn Keepseagle have agreed to this compromise. The Court must still approve this option before it can be put into place and the funds distributed as proposed.

## What happens next?

Class Counsel filed a motion asking the Court to approve the new proposal.

*What the Court has ordered:* The Court has scheduled a hearing for **February 4, 2016**, beginning at 10 a.m. EDT, to hear from the Parties and others with an interest in how the remaining settlement funds should be distributed. The hearing will be held in Courtroom 24A of the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. If you submit your comments in writing (*see* below), the Court will consider your views even if you do not attend the hearing. If you attend the hearing, you will be provided a brief opportunity to speak to the Court.

## How can I get more information?

The website www.indianfarmclass.com has copies of all the main court filings and additional information about this issue.

## How can I share my views?

If you want to share your views about how the remaining settlement funds should be used, you may submit them in writing, addressed to the Court, with a postmark date no later than **January 20, 2016**.

Comments should be addressed to:

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

### PLEASE DO NOT SUBMIT ANY NEW CLAIMS.



*Leave to file GRANTED*

_____
United States District Judge

January 7, 2016

Chambers of the Honorable Emmet G. Sullivan
US District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Dear Honorable Emmet G. Sullivan,

My name is Sandra Oxendine, and I reside at 357 Solomon Rd., Pembroke, NC 28372.

I received a correspondence from the Keepseagle Claims Administrator dated December 30, 2015. It was sent to inform me that a new proposal to distribute the remaining funds from the settlement was being presented to you for your approval. It asked me to express my views on the matter so I am writing you today.

Sir, I am in agreement with the proposal and pray that you will proceed accordingly.

Sincerely,

*Sandra Oxendine*

Sandra Oxendine
357 Solomon Rd.
Pembroke, NC 28372

Leave to file GRANTED

United States District Judge

To Whom it may concern,

Why the remaining funds cannot be distributed to plaintiffs who were denied or unapproved.

In my particular case,  I was discriminated against by the USDA and was denied a loan

I at the time was unaware that I were to file a discrimination case against the USDA.

Thank you for your time.


Billie J Webster
13500 Chapman RD
St. George, KS 66535



Donated By:

**Southwestern**
STATIONERY AND BANK SUPPLY, INC.
4500 N. Santa Fe, Oklahoma City, OK 73118
Phone: 800-356-9905 / Fax: 877-551-9100
www.southwesternok.com

Leave to file GRANTED
United States District Judge

January 7, 2016

To Whom It May Concern:

Concerning the distribution of the monies, I feel like my Dad really tried to have cattle, so, not many, just enough so he could support us kids with school. I see now what he actually went thru trying to do this and I see around me, people with cattle & farm land which some claim as a disaster and the government pays them for loss!

Anyway, I'm thinking us as heirs should be entitled to something so we can maybe do for our kids.

Sylvia Taylor

heir of Reed Lena

**NBS**
BECAUSE TECHNOLOGY IS ONLY THE BEGINNING

NICOLA BANKING SYSTEM EXECUTIVE USERS MEETING
OCTOBER 8, 2008
Nicola User Group E-Mail  contact@nbsusers.org

Leave to file GRANTED

United States District Judge

P.O. Box 92
Ganado, Arizona 86505

January 4, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Honorable Sullivan:

Greetings!
I am writing in response to the letter postdated December 30, 2015. SUPPLEMENTAL
NOTICE RE: KEEPSEAGLE V. VILSACK. I first made a claim under (Track A, with payments
of $50,000 plus tax relief) in connection with this settlement in December 2011. Since then I
was never notified if my claim was accepted, if I qualified, or if my claim was being considered.
According to this letter claimants were notified of the rulings, and checks mailed to successful
Claimants in 2012. Again, I was never notified if my claim was rejected and for the reason. As
far as I am concerned I qualify for the claim and would like to know why I was never made
aware of my claim.

I received another letter postdated May 14, 2016. SUPPLEMENTAL NOTICE RE:
KEEPSEAGLE V. VILSACK. In this letter class counsel filed a motion asking the court to
approve a second option: which was to distribute the remaining $380 million to help Native
American farmers and ranchers through grants to nonprofit organizations. At this time I was
allowed to voice my disapproval of this option through teleconference. At which time I
expressed my concerns about not being represented by a nonprofit organization in Navajo
Nation, Arizona. I articulated my disapproval of this option because I will not be benefiting
from any nonprofit organization due to no representation from my tribe in the people that were
nominated to head the Trust. I recommended that the remaining funds be distributed for the
claims that were not considered (Track A, with payments of $50,000 plus tax relief).

Lastly, my views are still in opposition to the compromise. And I would recommend that the
remaining undistributed funds be paid out to the remaining claimants like myself that were
never considered nor notified. Furthermore, I will not benefit in any way if the funds are
distributed to nonprofit organizations.
We as Native American farmers and ranchers have been discriminated against in the past and
still presently. This is just one example of such.

Sincerely,

Emmett O. Tsosie
Claim# 271802115466

Leave to file GRANTED

*United States District Judge*

Barbara Nell Byrd
5630 Mammoth Mountain Street
North Las Vegas, Nevada 89081
702-750-0947

January 7, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC 20001

      Re:    *Keepseagle v. Vilsack*
              (Native American Discrimination Case Against the USDA)

Dear Judge Sullivan:

      I am a Claimant in the above case and welcome this opportunity to have my voice heard in urging you to reject the latest settlement proposal set before you regarding the distribution of the $380million not distributed to the claimants in this case.

      My first concern is that only on-half of the money awarded to the claimants was distributed in the first place. If there was $680million awarded, shouldn't it have all been distributed to the claimants in the first place?

      I believe this settlement proposal sets a bad precedent for other cases in that money intended to be awarded to the victims will be diverted to set up another agency that will not benefit the victims directly.

      Why would the attorneys for the claimants even entertain the idea of diverting money awarded to the victims of discrimination to fund other not-yet-formed agencies?

      In my case, Your Honor, I have been the victim of discrimination my whole life. When my family left Oklahoma as a child I did not want people to know I was Indian because of discrimination. My children lost out on a lot by not being able to embrace their Native heritage as children because of my fear that they would be discriminated against. When my children were grown and my grandchildren were faced with being in schools with drugs and gangs, as a family we decided to return to Oklahoma, buy property and raise our children in a better place. We were going back to our roots, learning our heritage. We were happy.

      As a family we worked very hard to buy 124 acres of untamed land. We put in roads, dug water lines, and septic tanks and but in 4 houses. We worked hard and were proud of ourselves. We were teaching the children that it is honorable to be hard working, and satisfying to take pride in a job well done. Never, never, never did we think that we would be discriminated against. After all, we were in Oklahoma; land that generations ago the federal government set aside for Native Americans they were forced relocate to. We thought we would be accepted for our heritage, and proud to be who we really are.

      We approached the USDA not for a hand out, but for a loan so that we could buy a tractor to help tame our land, and buy cattle to start our ranch. We approached the local bank for the loan, and were referred to the USDA because they had programs that would help us. The banker was bewildered that we were turned down for the loan because we more than qualified. It was the banker that told us we were being discriminated against. The banker was willing to give us a loan but because of the higher

interested rate we could only afford to buy the tractor.  My husband and I were retired, all four of our adult children had jobs, every penny we had went into the family dream of a working cattle ranch.  We bought the few cattle we could afford, and word very very hard. But we could never get ahead. The few cattle we had were raised for the cattle barn for money to keep the other cattle going.  We didn't even butcher a cow for ourselves because we couldn't afford to keep one for ourselves.  After ten years, we had to sell it all. We paid off everything, and walked away from our dreams with nothing but memories of a dream that died. Instead of living together on family owned land that we wanted to pass on to those to come, we are once again scattered in other states.

Please do not misinterpret me.  I welcome the money, but when I think of the hurt to my pride, the amount of money that was allotted to me does not even come close to the amount of money lost to me and my family due to the discrimination.  If we had been given the loan we qualified for, the whole course of our lives would have been different.

The claimants in this case should receive every penny awarded to us.  It is unconscionable that even one penny of the money awarded to the victims should be diverted to fund new programs that duplicate those already in place.  Yes, Native Americans as a whole are discriminated against, just as African Americans, Japanese Americans, Latinos, and all other people who are considered "minorities" in this country are discriminated against. But in <u>this particular case</u>, Native American minorities as a whole were not discriminated against.  <u>In this particular case</u> there are individually named victims of discrimination and as such we should be compensated by receiving the WHOLE amount we were awarded.  Anything less is just another way of hurling injustice in our faces once again.

I urge Your Honor to once again reject this settlement proposal and direct that ALL monies awarded to the victims be given to the victims and not diverted in any way.

Sincerely,

*Barbara Nell Byrd*

Barbara Nell Byrd

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Leave to file GRANTED

United States District Judge

Gentlemen:

I am writing on behalf of your most recently correspondence dated December 30, 2015 concerning Keepseagle v Vilsack.  I wish to be on record that I support a distribution to those who qualified before and to those that were denied but is on record to have submitted a claim before.  I have been a rancher and farmer all my life.  We grew up to this type of life.  Now is the time to really help us.  We have been through a drought and object to the money be distributed to Non Profits who really do not help but are waiting to maintain their own existence.  Thank you for not giving it back to President Obama. Give us another chance please.  I pray that you will help us.

Jose Seferino Lente
P.O. Box 636
Isleta, New Mexico 87022

January 5, 2016
Email:  pureinspirit@hotmail.com

*Leave to file GRANTED*

_____
United States District Judge

January 15, 2016

Chambers of the Honorable Emmet G. Sullivan
US District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington DC. 20001


To the Honorable Emmet G. Sullivan:

This is in regard to the Keepseagle V. Vilsack Settlement, and comments on the Issue of Distribution of remaining funds initially awarded to the individuals in the Class Action Suit and who were successful in their claim.

First of all I don't agree with the reasoning that the pay out to the American Indian Claimants must be comparable to the payout to Black and Mexican Farmers and Ranchers received. That is apples to oranges, when you apply the fiduciary responsibility of the United States towards American Indians and in this case, through the United States Department of Agriculture (USDA) and the USDA's failure to meet that responsibility.

First Level of Distribution of Funding:
I recommend that a payout to those successful claimants be $50,000.00 plus the applicable Tax for the Internal Revenue Service. That would be an easy application of the funds, Fair and Just.

Second Level of Distribution of Funding:
There needs to be a vessel to assist American Indians in their effort to acquire adequate funding to start an Agriculture Business, maintain or enhance an Agriculture Business. It seems like there would be such a rush to start a Non-Profit to get funds that it would complicated that process, and a great deal of time and money would be spent on activities other than assisting those in need. I recommend that Those existing entities ( i.e… Stock Associations, Farm Associations made up of existing Indian Livestock Operators and Agriculture Producers on Reservations) be given first consideration. Certainly they would need to meet a standard related to the capacity to manage the funding and provide the technical assistance to those applying for the appropriate assistance to Federal Programs, and Local Banking Institutions. That, that funding be released over a fifteen (15) year period.

Thank you for your consideration on these comments. I am a Northern Cheyenne Tribal member that has a Livestock Operation on the Northern Cheyenne Reservation, and was a successful claimant.

Ernest Robinson
Box 242
Ashland, Montana 59003

Estate of James E. McGirt

C/O Teresa Ann Wilkins, Administratrix

3985 Old Lowery Road

Red Springs, NC  28377

Leave to file GRANTED

_____
United States District Judge

Chambers of the Honorable Emmet G. Sullivan

U.S. District Court for the District of Columbia

Washington, DC  20001

January 13, 2016

Supplemental Notice RE: Keepseagle V. Vilsack

Dear Honorable Sullivan

I have read the latest proposal concerning the disbursement of the remaining funds from the Keepseagle V. Vilsack.  While it is admirable that the proposal includes granting each Prevailing Claimant 18,500 directly and 2,775 going to the IRS on their behalf I am not in agreement with the rest of the money going to non-profits.  The intent of the ligation was on behalf of farmers that faced discrimination by the USDA between the years of January, 1 1981 and November 24, 1999.  I know that there were Indian farmers that tried to secure loans during that period and were denied, yet they were unable to prove their case to the courts satisfaction.  Giving the rest of the money to non-profits will not in the least benefit those farmers.

It is my hope that the Court can come to some kind of settlement in this case.  It is difficult I understand to reach a settlement that all the parties will be in agreement with, never-the-less I believe it is time this case is closed.

Thank you for your attention.

Sincerely yours

Teresa Wilkins

January 8, 2016

*Leave to file GRANTED*

United States District Judge

Cynthia Greenfeather
5864 Clover Lane
Chelsea, OK.  74016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

RE: Keepseagle v. Vilsack Supplemental Notice

Honorable Sir:

This letter is in response to a notice received regarding the Keepseagle settlement and the new proposal to distribute the remaining settlement funds.

Let this letter be included in the public comments presented before the court in support of the new proposal to provide an additional amount of $18,500 to be distributed to the prevailing claimants with the addition of the $2,775 to be paid to the IRS. In addition I have read the new proposal as it was presented in notice dated December 30, 2015, and support it.

Respectfully,

Cynthia Greenfeather
Claimant

Former address used:  Cynthia Greenfeather
                       11080 E 440 Road
                       Claremore, Ok. 74017

*Leave to file GRANTED*

*United States District Judge*

January 7, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC 20001

Supplemental Notice RE: KEEPSEAGLE V. VILSACK

To Whom It May Concern:

I have received ongoing notice regarding settlement of this case.  I am requesting clarification regarding the new proposal both in the document I received by mail and what's available on-line:

- The letter does quote: "The new proposal is a combination of the two proposals.  First, each Prevailing Claimant would be paid $18,500 directly and $2,775 would be paid to the IRS on their behalf, for a total supplemental award of $21,275."

- On-line website: http://www.indianfarmclass.com/CyFunds.aspx  "Cy Pres Funds"   REVISED PROPOSAL FOR CHANGES TO SETTLEMENT COMBINES TWO PRIOR PROPOSALS – DEADLINE TO COMMENT IS JANUARY 20, 2016

  The first paragraph does include what was quoted in the letter received, however my question remains in the second paragraph as written:
  The additional part I need clarification is regarding the following quote:  "The U.S. District Court recently ordered that it will accept written comments by mail from any Class member regarding the proposed modifications to the Keepseagle Settlement Agreement and the distribution of the leftover settlement funds. Class members include all of the following: successful claimants under Track A, successful claimants under Track B, and other Native American farmers or ranchers who applied for and were denied a loan from USDA from 1981 to 1999, whose claims in this case were denied for any reason or who did not file a claim."

  Does this new proposal now include: "other Native American farmers or ranchers who applied for and were denied a loan from USDA from 1981 to 1999, whose claims in this case were denied for any reason or who did not file a claim?"

  If interpreted as written it includes those who applied, denied and did not file a claim.  This to me demonstrates recognition that more claimants are offered due diligence.  It is also evidence that the $760 million was in fact an accurate estimation for settlement.  All claimants whether successful or not took time to voice and give evidence based on individual beliefs and values.

  I as many other claimants feel it's time to encourage Class Counsel to file a motion asking for the court to approve the new proposal.  Many years have now passed to right a wrong and I feel it is time to bring sunset to the agreement.

David L. Lente
Pueblo of Isleta

Leave to file **GRANTED**

United States District Judge

January 6, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Honorable Emmet G. Sullivan,

My name is Donald E. McGhee an enrolled member of the Crow Creek Sioux Tribe in
South Dakota. I am also a claimant regarding the Keepseagle Settlement. In the past I
have came into the Track A Settlement that was issued. As a prevailing claimant I am
writing this to share my views or opinion about how the remaining settlement funds
should be used.

I am still in the farm/ranching business. I operate cattle and horses. I have children and
grandchildren who may someday pick up where I may leave off. In operating a
homestead with livestock we experience break downs whether it be farm machinery,
veterinary services, and whatever else comes with expenses on operating my own ranch.
So you can see that I am in favor of the supplemental payment be issued to the original
claimants that was issued in the past payment.

Thank you for your time in this matter.

Sincerely,

Donald E. McGhee
37398 Dakota Drive
Chamberlain, S.D. 57325

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Leave to file GRANTED

_____
United States District Judge

Raymond R. Clark
Delois S. Clark
12701 Highland Rd
Laurinburg, NC 28352

January 9, 2016

To Whom It May Concern:

It is our understanding that in the matter of KEEPSEAGLE V. VILSACK, our opinion is warranted as to what should be done with the remaining undistributed $380 million in funds. We understand that a compromise has been reached between the Class, USDA, and Marilyn Keepseagle to distribute to the prevailing claimants an award of $18,500 after a distribution of $2,775 being paid to the IRS for a total supplement award of $21,275. After deliberation on the subject and discussion with my spouse, we have came to the conclusion that we firmly believe that a settlement of $21,250 would be more appropriate with a payment of $2,750 be paid directly to IRS on their behalf, for a total supplement award of $25,000. We concurrently agree that the remaining funds be distributed as compromised to the nonprofit organizations to help others in their time of need for funds; however, if final agreements have been reached, we definitely appreciate any and all help that will be received in the future.

Initially, we agreed that the remaining funds be distributed as additional damages to Track A Claimants who were successful in their initial claims. Our stance on the issue stills remains the same as to how the damage of being denied has had an impact on our family.

The monies that were awarded to my family and I for the hardships and burdens we faced was very much appreciated, but not sufficient for the damages incurred while trying to making a living with farming. The financial hardship that we were placed in made us very vulnerable to the daily cost of living. We inevitably lost our home and were barely able to keep our heads above ground. This period in our lives has scarred us and wilted our trust with the government. We were a low-to-middle income family that worked to provide solely for our family, whom gave back to our community with farming. We were knocked down to below poverty level because in the time of need and crisis we were unfortunately unapproved for funds. The unwillingness to help us has had a detrimental effect on our lives as a whole.

Conclusively, we do not believe in a hand-out, we believe in fairness and equal opportunity. Farming is not an easy task, but it is something that was instilled in me and was part of generations of family roots. To know that with the changing economy we could not humble ourselves, ask and be able to receive help-- is very demeaning. So yes, Honorable Sullivan we wish that you consider distributing the remaining funds to the claimants that were previously awarded. The amount did not help my family and I regain our lives and feel like we were in control of what we could and could not do financially.

Finally, we truly believe that you will keep the damaged parties in mind when you make you final decisions on this case and will increase the compromised award monies that they may have a greater chance of improving our livelihood. We humbly and gratefully thank you for your consideration and generous time.

Thank you,

Blessings,

*Raymond R Clark*

*Delois S. Clark*

Raymond R. Clark
Delois S. Clark

*Leave to file GRANTED*

_____
United States District Judge

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Hubert Clark
18701 Norma Road
Laurinburg, NC 28352

January 9, 2016

To Whom It May Concern:

It is our understanding that in the matter of KEEPSEAGLE V. VILSACK, our opinion is warranted as to what should be done with the remaining undistributed $380 million in funds. We understand that a compromise has been reached between the Class, USDA, and Marilyn Keepseagle to distribute to the prevailing claimants an award of $18,500 after a distribution of $2,775 being paid to the IRS for a total supplement award of $21,275. After deliberation on the subject I have came to the conclusion and firmly believe that a settlement of $21,250 would be more appropriate with a payment of $2,750 be paid directly to IRS on their behalf, for a total supplement award of $25,000. Concurrently, I agree that the remaining funds be distributed as compromised to the nonprofit organizations to help others in their time of need for funds; however, if final agreements have been reached, any decided funds to be dispersed will be greatly appreciated.

Initially, I was content with the agreement to take the remaining funds and distribute them as additional damages to Track A Claimants who were successful in their initial claims. Our stance on the issue stills remains the same as to how the damage of being denied has had an impact on our family.

Farming is not an easy task, but it is something that was instilled in me and was part of generations of family roots. To know that with the changing economy we could not humble ourselves, ask and be able to receive help-- is very demeaning. So yes, Honorable Sullivan we wish that you consider distributing the remaining funds to the claimants that were previously awarded. The amount did not help my family and I regain our lives and feel like we were in control of what we could and could not do financially.

Finally, I truly believe that you will keep the damaged parties in mind when you make you final decisions on this case and will increase the compromised award monies that they may have a greater chance of improving our livelihood. We humbly and gratefully thank you for your consideration and generous time.

Sincerely,

Hubert Clark

Hubert Clark

Leave to file GRANTED

United States District Judge



**DOUBLE A FARMS**
1218 Hammonds Road
Lumberton, N.C. 28360



R.G. Hammonds
Owner & Operator

Office 910-734-2991

Jan 5, 2016

Your Honor
   Emmet G. Sullivan
Why all the Arbitration over our money?
   The Blacks knew the Just 'and Right way
to settle lefe over Funds.

   The Court Orders for Damage Inflicted
By Discrimination from Federal Government to
American Indians. was for All monies to go
to American Indian Farmers Ranchers Victims
of Discrimination.

   Not  Non-Profits
   Not  Trust Funds
   Not  Greedy Lawyers

the American Indian Have Always Been
Shafted! Beginning in 1492 By whites.
   We was lied to About Tract #13, We
should get All monies, Nothing less!

          Thank You and
          God Bless America

          Ronald G. Hammonds

January 11, 2016

Leave to file GRANTED

_____
United States District Judge

Mark S. Harmon
30833 E 221st Street South
Coweta, OK 74429

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D. C. 20001

To The Honorable Emmet G. Sullivan,

I am writing in regards to the Keepseagle case.

Allow me to provide some background information.  I wanted to purchase 200 acres that bordered my farm. I went to my local USDA office to apply for a loan to purchase that land. I requested a loan in the amount of $125,000 to increase my farming/ranching operation. My loan was denied and we were told they did not think we needed the land.

When the Keepseagle case was brought to my attention I submitted a Track A and Track B claim. My Track A claim was approved but my Track B claim was denied by Keepseagle because I had no documentation. I lost my copies of my documents when a tornado hit my house. I went to my local USDA office to request copies of my documents for my Track B claim and they told me my documents had been shredded. Therefore, my Track B claim was denied. I feel that the undistributed funds should be distributed to the people who had successful Track A claims. While I am thankful for the amount I was given through the Track A claim and will be thankful for any amount given in the future from this case, I feel that with the amount of funds remaining the Track A claimants should receive more than $18,500 plus tax relief given the fact that successful Track B claimants received up to $250,000.

These funds were received by Keepseagle to distribute to Native American farmers and that is where they should be distributed. They should not be placed in a Trust. They should go to aid those farmers/ranchers who, like myself, were denied the opportunity to better themselves and their farming/ranching operations.

Thank you for your consideration.

Sincerely,

Mark Harmon

**Mark Harmon**

*Adelina Defender*                                   *HC-79 Box 137, McLaughlin, S.D. 57642*

January 8, 2016

Leave to file GRANTED

_____
United States District Judge

Registered Mail—Receipt Requested

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Honorable Sullivan:

This letter will reference the *Keepseagle v Vilsack* lawsuit regarding the revised proposal which provides the Prevailing Claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on our behalf. Your Honor, I am in agreement with your decision.

We are in dire need of the second payment. Although, in *Pickford vs Glickman*, the second payment remained at $50,000 which would have been most welcomed due to our continuing struggling economic situation as most of us lost our cattle operations based on blatant discrimination which was I believed a forced-upon us that was intended to limit economic growth on our reservations as the expansion of lands needed for more cattle would support our tribes to keeps their total land bases under it "sovereign" status. The usage of all lands would limit the federal government's use of our lands in the pursuit to supply more energy projects to the world.

Full blown discrimination to limit this growth was instituted on the Standing Rock Reservation in the early 60s when a majority of the ranchers were forced to have their cattle taken away under the Cattle Repossession project that was not mentioned in the *Keepseagle* case.

Furthermore, the monies that was being provided to non-profit organizations to help American Native ranchers will not materialize simply because of the President's Executive Order 13603, National Resources Preparedness Act in which the President will take over all lands both private and federal at will and severe drought is predicted on the internet for the next coming years as evidenced now in the southern California states and foremost, in God's Holy Word—Book of Revelations. So the thought of getting into cattle operation is out of the bigger picture during my lifetime.

My wish is to have met you face to face to thank you for your kindness, wisdom and allowing us to state our positions. I am now 77 years old, still very independent and helping others with their issues donating my God-given talents.

Very respectfully yours,

*Adelina Defender*
Adelina Defender
271802190071

Leave to file GRANTED

United States District Judge

January 15, 2016

Lavarange Davis
588 Mitchell Rd.
Almyra, AR  72003

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C.  20001

Dear Judge Sullivan,

I am writing this letter to share my view on how the remaining settlement funds should be used.  I think it is just to divide the funds with the Prevailing Claimants who received the damages.

Thank you for your time.

Sincerely,

Lavarange Davis

Leave to file GRANTED

United States District Judge

Annie L. Baker
3235 West Helena Drive, NW
Huntsville, AL 35810
January 9, 2016


Chambers of the Honorable Emmet G. Sullivan
U. S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, D. C. 20001

Dear Mr. Sullivan:

I am writing to you on behalf of my deceased father (Willie Lee Baker) in reference to the Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing.

I am in agreeable with the new proposal. Wherefore, the Prevailing Claimant would receive a supplemental award. I would have preferred for the Prevailing Claimant to receive the original amount.

Thanks for your usual unconditional support.

Sincerely,

Annie L. Baker

January 6, 2016

Chambers of the Honorable Emmet J. Sullivan
U.S District Court for the District of Columbia
333 Constitution Avenue N.W
Washington, D.C. 20001

Leave to file GRANTED

United States District Judge

Dear Honorable Sullivan,

As Track A claimants, for the Keepseagle settlement case my wife and I, believe and hope that the remaining $380 million dollars should be divided and dispersed back to the Native American farmers for being discriminated against. However, we know that this may not be the ending outcome for our case, we disagree with the push of lawyer's decision to give the remaining monies to a non profit organization. Secondly at the beginning of the case this arrangement was never brought up or discussed at any of the open meetings, until this exceedingly large amount of money was seen to be left over after the first payouts. Due to the lengthy court process we understand that it can take years for any changes to occur in this case. I am 85 years old and this money ($18,500) would partially replace the finances lost due to the USDA discrimination.

Sincerely,

Wesley Schofield (Track A Claimant)

Lolita Schofield (Track A Claimant)

Keepseagle Claim Administration

PO Box 3560

Portland, OR 97208-3560



Leave to file **GRANTED**

United States District Judge

January 6, 2016

     In the case of Keepseagle vs Vilsack and the remaining funds yet to be distributed, we propose that the remaining 38 million ($38,000,000 USD) dollars be distributed as a one time equal payment spread across all discriminated and denied applicants from the time stated in the case (1 January 1997 – 23 November 1997). Funds should be distributed to private farms, farmers and involved individuals in equal amounts. In addition, we do not believe that commercial firms should be included in the settlement and the aforementioned funds remain within the private farming community where the loans were intended to be allocated. As ranchers and farmers, we firmly believe that we be given the opportunity to reside on the lands which we cultivate.

     We conclude that action similar to fund distribution which took place in 2010 be enacted once more.

     Thank you for your extended invitation and involvement in and for this matter.

Johnny R & Elsie Billie

PO Box 434

Montezuma Creek UT, 84534

Leave to file GRANTED

United States District Judge

January 5th, 2016

To:

Chambers of the Honorable Emmet G. Sullivan

U, S. District Court for the District of Columbia

333 Constitution Avenue N.W.

Washington, D.C. 20001

To whom it may concern,

According to the last update from the Keepseagle Claims Administrator, we who are Tract A Claimants who wish to give our opinion on the situation as to what happens with the funds that are left, were asked to write a letter to that fact.

I would like to thank Mrs Keepseagle for all her hard work in this matter and remembering us at this time.

I feel the right thing to do is with option 3  and the remaining funds should be distributed solely as additional damages to Claimants who succeeded in their claims.

Thank you,

Mrs. Angeline Taylor (widow of Charles H. Taylor)

A.T.

P.O. Box 183

Isabel, SD 57633

Clifton & Leona Bowekaty                    P.O. Box 422                    Zuni, New Mexico 87327

January 5, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC 20001

*Leave to file GRANTED*

*United States District Judge*

Honorable Emmet G. Sullivan,

I am writing to express my support for the latest proposal on the undistributed Keepseagle V. Vilsack settlement funds. The litigation has taken an inordinate amount of time to no one's satisfaction, however, the latest proposal is agreed upon by most parties which has good merits that I support.

The payment to each prevailing claimant of $18,500 and $2,775 for IRS tax is fair. It is similar to the first round of disbursements and we did not encounter any obstacles, therefore it should be fairly straightforward.

The remaining settlement balance plus interest earned should be put into Trust and be disbursed over the 20 year period to nonprofit organizations that were listed in the court approved agreement. The proposed Trust Board Membership is okay. I have no disagreement on membership. I want to stress that it is very important to disburse quickly, the proposed $38 million to existing nonprofit organizations listed in the current court approved agreement. These entities have helped us farmers and ranchers in the past and they can further their efforts with an influx of funding to expand services to American Indian and Alaska Natives.

The new Trust Board can best determine new or tribally-sponsored nonprofits to receive disbursements when the interest earned is sufficient.

I sincerely hope my views will be considered and that your approval of this "new proposal" is expedited to benefit most prevailing claimants and existing nonprofits entities who helped us in our time of need. Thank You Honorable Judge Sullivan!

Sincerely,

*Leona Bowekaty*

Clifton Bowekaty and Leona Bowekaty

Leave to file GRANTED

_____
United States District Judge

Margaret Leivas
19161 15th Avenue
Parker, AZ 85344

Margaret Leivas, Widow and the Executor of the ESTATE OF AUGUSTINE LEIVAS
C/O CRIT Legal Aid Department
26600 Mohave Road
Parker, AZ 85344

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

January 5, 2016

Honorable Emmet G. Sullivan,

I, Margaret Leivas, as a successful Track A Claimant, approve the new proposal to pay
Prevailing Claimants $18,500 directly and $2,775 be paid to the IRS on their behalf and that the
remaining funds be distributed to help Native American farmers and ranchers through grants to
nonprofit organizations.

Thank you for the opportunity to consider the input of our opinions.

Respectfully,

Margaret Leivas

Margaret Leivas

Leave to file GRANTED

United States District Judge

Richard Leivas
19259 15th Avenue
Parker, AZ 85344

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

January 5, 2016

Honorable Emmet G. Sullivan,

I, Richard Leivas, as a successful Track A Claimant, approve the new proposal to pay Prevailing Claimants $18,500 directly and $2,775 be paid to the IRS on their behalf and that the remaining funds be distributed to help Native American farmers and ranchers through grants to nonprofit organizations.

Thank you for the opportunity to consider the input of our opinions.

Respectfully,

Richard Leivas

Richard Leivas

Leave to file GRANTED

_____
United States District Judge

January 5th, 2016

To:

Chambers of the Honorable Emmet G. Sullivan

U, S. District Court for the District of Columbia

333 Constitution Avenue N.W.

Washington, D.C. 20001

To whom it may concern,

According to the last update from the Keepseagle Claims Administrator, we who are Tract A Claimants who wish to give our opinion on the situation as to what happens with the funds that are left, were asked to write a letter to that fact.

I feel the right thing to do is with option 3  and the remaining funds should be distributed solely as additional damages to Claimants who succeeded in their claims.

Thank you,

Jerald  D. Taylor

P.O. Box 322

Isabel, SD 57633

Leave to file **GRANTED**

United States District Judge

Edward Wemytewa
P.O. Box 1528
Zuni, NM 87327
PH (505) 713-8208
wemytewa@hotmail.com

January 7, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC 20001

Honorable Emmet G. Sullivan,

First and for most, I thank the parties for keeping the dialogue going. My admiration and respect goes to Marilyn Keepseagle for her continued role in this settlement negotiations the second time around. I write you to express my support for the latest proposal on the undistributed Keepseagle V. Vilsack settlement funds because I feel it is a win-win situation.

The payment to each prevailing claimant of $18,500 and $2,775 for IRS tax is fair. In the first disbursements of funds, I sifted through the legal jargon with my tax preparer(s) and managed to resolve minor questions that were raised by IRS.

I have no problem with the remaining settlement balance plus interest earned be put into Trust and be disbursed over the twenty-year period to nonprofit organizations, and I support the proposed Trust Board Membership.

I hope and pray that your approval of this new proposal is dealt in a timely manner so the claimants and the existing nonprofit entities can realize the settlement dollars.  Your understanding is much appreciated, Honorable Judge Sullivan. Thank you.

If there are any questions, I can be reached by phone or email.

Sincerely,

Edward Wemytewa

Edward Wemytewa

Leave to file GRANTED

United States District Judge          01/08/2016

Keepseagle Claims Administrator          Chambers of the Honorable Emmet G. Sullivan

Apparently You (Above names) don't listen or not give a second thought of reading or at least opening the letter I sent. I thought I made myself perfectly clear not to send anymore correspondence.

As a veteran of the United States Marine Corps I felt I had an obligation to my country. I didn't expect to be treated like someone that has no say or what opportunity that was available to me for my services.

Instead, to this day; I'm still cheated, discriminated. Due to the fact it's the white person that sits behind the desk that thinks I have no right to WHITE AMERICA !!!

So, in closing why don't you white people use the remaining balance of the settlement. Put it in your wallets or purses, where you think it belongs!!!!!!!!!

Signed another disenchanted NATIVE AMERICAN (the real people of America)

Tom Mason, Jr.

Leave to file GRANTED

United States District Judge

January 4, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

To Whom It May Concern,

I am a successful Claimant in the case of KEEPSEAGLE V. VILSACK. However, I am unable to attend the hearing scheduled for February 4, 2016. I along with many other Native Americans was discriminated against by the USDA. I believe it is only fair that the approximately $380 million that has not been distributed be divided equally among the successful Claimants.

Sincerely,

Brad Hix

Brad Hix

Leave to file GRANTED

_____
United States District Judge

January 4, 2016


Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Dear Sir:

I am responding to the recent correspondence from Keepseagle Claims Administrator. The claim number is 271802156072.

As a recipient of the past settlement and upon reading the terms outlined in this letter I would like to make known my decision. I, Saundra L. Revan, agree to the disbursement terms of a supplemental payment of $18,500 paid directly to recipients and $2,775 paid to the IRS on recipients' behalf, for a total supplemental award of $21,275.

Please contact me at the information listed below if there are further questions or concerns to be addressed.

Kind regards,

Saundra L. Revan
2425 West Delmar Street
Broken Arrow, Oklahoma 74012
Mobile # 918.853.8528

Frances A. Jones
4428 S. 197 E. Ave.
Broken Arrow, Okla.
74014

Jan. 5, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the Dist. of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 2006

Leave to file GRANTED

United States District Judge

Dear Honorable Emmet G. Sullivan,

I am asking the court to _approve_ the
remaining settlement funds be distributed
to Irish A Claimants.

I pray the right decision be made, and
quickly resolved. The Native Americans
have suffered long enough.

Thank you very much doing the right
thing.

Sincerely,
Frances A. Jones

I approve of settlement
distribution to Native American Farmers

*Leave to file GRANTED*

_____
United States District Judge

January 6, 2016

Chambers of the Honorable Emmet G. Sullivan
U.S. Distract Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

Honorable Emmet G. Sullivan:

Mr. Roy Rankin, was FSA County Agent, at the time I applied for a loan, was approved, went back several times to check on the loan "had it come in", last time Mr. Rankin was there, requested to talk to him, closed door on me.  Tammy Sewell, told me I wouldn't get the loan because our Senator We Watkins, called Mr. Rankin, telling him to give all money allotted for Atoka County to two people.

We needed the loan; high interest rates, low cattle prices and a drought forced us to borrow from Atoka State Bank.  As a result we almost lost our land, which is my Mother-in-law's Indian Allotment.  My husband had to take a job outside of our ranching operation leaving me to work and do his ranch work with four small children, was not easy.

Atoka State Bank tried to foreclose on us instead of work with us.  In the meantime Mr. Rankin left FSA and we applied for another loan and were approved.  After several years we were able to get a little ahead and get our loan paid off  although, this left us without enough livestock therefore, forcing us to have a very small ranch and much less income.

One of the two men who received the loan money from FSA built his wife a heated enclosed swimming pool with the money.  I know this because I was told by them that is how they were able to build it. I did write Mr. Watkins a letter, and of course he denied all.  Mr. Watkins was not reelected because of the situation he put the people in Atoka County in.  Of course the man who built the swimming pool was unable to pay his loan back and therefore, we sent to the Federal Pen for it.

This is why I feel the money is mine; our family suffered greatly, not the organizations you want to allow the money to go to.

We are proud of our Indian land, and there are not many original allotted Indian lands left in this area.

Sincerely,


Sue Betts

Leave to file GRANTED

_____
United States District Judge

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333Constitution Avenue N.W.
Washington, D.C. 20001

January 14, 2016

The Honorable Emmet G. Sullivan,

This letter will serve as my comments about how the remaining settlement funds should be used.

My recommendations are the following:

1. Pay out the second supplemental payment of $18,500.00 to each Prevailing claimant.

2. Claimants under Track A ($50,000.00) and Track B ($250,000.00) that Were awarded the capped amounts referenced above should receive the full capped amounts of $250,000.00.

3. The remaining balance after the two awards are paid out to prevailing Claimants should be invested, and paid out to the claimants every five (5)Years over a twenty (20) year period.

4. I do not support the recommendation to give the remaining funds to Nonprofit organizations. Most of these organizations exist off the reservation in my area; and the accessibility to these organizations is very limited in the area that I reside. I am certain other Native American Tribes experience these same problems.

In closing, my recommendations would serve to directly benefit the claimants in improving and building on their various farming and ranching enterprises.

Respectfully submitted,

*Roger Manygoats*

Roger Manygoats, Claimant

Leave to file GRANTED

United States District Judge

Friday, January 15, 2016

RE: CY PRES FUNDS

TO THE HONORABLE JUDGE SULLIVAN:

LET ME START BY THANKING YOU FOR TAKING THE TIME TO READ THIS, IT IS VERY MUCH APPRECIATED BY MYSELF AND MY FAMILY.

ONCE AGAIN WE SEEM TO FIND OURSELVES AT A CROSSROADS WITH THE HISTORICAL CASE AND AGAIN THE USDA IS AT ODDS WITH THE NATIVE AMERICAN FARMERS AND RANCHERS. I HAVE BEEN FARMING AND RANCHING MY WHOLE LIFE, SOMEDAYS HAVE BEEN HARDER AND SOMEDAYS EASIER, BUT MOSTLY HARD DAYS.  AND WE HAVE FOUND OUR DAYS HARDER DURING THE DISCRIMINATORY ERA OF THE FSA/USDA.

WE NATIVE AMERICAN FARMERS AND RANCHERS ARE VERY MUCH APPRECIATIVE OF THE INITAL AWARD, IT HAS HELPED. HOWEVER, THIS SECOND OFFERING, WHILE APPRECIATED IS NOT QUITE WHAT WE WERE HOPING FOR. AS WE UNDERSTAND THERE IS AN ADDITIONAL 380 MILLION AVAILABLE FOR DISTRIBUTION. THE UNITED STATES POPULATION IS 321,400,000. THE USDA COULD GIVE EVERY PERSON IN THE UNITED STATES 1 MILLION DOLLARS AND STILL HAVE 59 MILLION TO GIVE TO A NON-PROFIT AND OTHER TYPES OF PROGRAMS TO HELP NATIVE AMERICAN FARMERS AND RANCHERS AND FOR EDUCATION PROGRAMS.

WE FEEL IT WOULD BE JUST AND BENEFICIAL TO AWARD EACH AND EVERY SUCCESFULL NATIVE FARMER CLAIMANT TO RECIEVE 1 MILLION DOLLARS EACH AND AWARD THE REMAINDER TO THE NATIVE TRUST THAT HAS BEEN PROPOSED. BY DOING THIS, THE SUCCESSFUL CLAIMANT NATIVE FAMER AND RANCHER WILL HAVE ENOUGH TO FUND THEIR ON GOING STURGGLE WITHOUT HAVING TO GO THROUGH MORE PAPER WORK AND RED TAPE BY APPLING FOR A GRANT WITH THE TRUST. IT WOULD FURTHER BENEFIT UNSUCCESSFUL NATIVE FAMERS AND RANCHERS BY HAVING THEM APPLY FOR ASSISTANCE, FIRST, THROUGH THE TRUST.

WE BELIEVE TO BE THE MOST JUST AND BENEFICIAL USE FOR THE KEEPSEAGLE CY PRES FUNDS AND FURTHER FEEL THAT IT IS TIME THAT NATIVE AMERICANS IN GENERAL STOP HAVING DISCRIMNATION PLACED UPON THEM.

THANK YOU AGAIN FOR TAKING THE TIME TO READ THIS AND MAY IT FIND YOU IN GOOD HEALTH.


RESPECTFULLY SUBMITTED,

Pete W. Duchenoux

1

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Leave to file GRANTED

United States District Judge

January 13, 2016

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that



Leave to file GRANTED

United States District Judge

January 13, 2016

Chambers of the Honorable
Emmet G. Sullivan
US District Court for the District of
Columbia
333 Constitution Avenue NW
Washington DC 20001

Honorable Judge Sullivan:

This letter is in regards to decision on the Keepseagle V Vilesack.  My name is Mildred Stronghearat ,
widow of Joseph C. Strongheart Sr, , whom was a claimant in the first payout (A).  It is my decision to

Accept the last payout of $18,500 direct and $2,775 tax.

I am now 72 years old and I don't see myself living any longer to get the full payment.  Again, the

Government is still denying/dictator  in this Original Claim.  As far as I see or understand, we are no

Better off and it takes someone to understand and fully work the ranch.

So I accept this payment with regret. Non-Profit was never mentioned or considered fr. beginning.

Mildred Strong Heart

PO Box 20

Wakpala SD 57658

Phone: 605-845-2536

Enclosures: 4

STANDING ROCK SIOUX TRIBAL COURT
STANDING ROCK SIOUX INDIAN RESERVATION

IN CIVIL COURT

---

In The Matter Of the Estate of:                          Case #: __ADM-15-414__

**JOSEPH STRONG HEART, Sr.,**                  LETTERS OF ADMINISTRATION
Decedent,

---

Mildred Strong Heart, is hereby appointed Administrator of the Estate of Decedent, **JOSEPH STRONG HEART, Sr.,**

    WITNESS: _Uenna Gone_ , Clerk of the above-entitled Court, with the seal thereof affixed the __14th__ day of __September__ , 2015.

(OFFICIAL SEAL)

                             Attest:  Tribal Court Judge

**STATE OF NORTH DAKOTA)**
                   ) ss
**COUNTY OF SIOUX**      )

    I hereby accept the duties of Administrator of the estate of **JOSEPH STRONG HEART, Sr.,** and will perform according to law, the duties of Administrator.

    Dated this __14th__ day of __September__ , 2015

                                 Mildred Strong Heart

Subscribed and sworn before me this __14th__ day of __September__ , 2015

(OFFICIAL SEAL)

                              Clerk of Court / Notary

DEPARTMENT OF HEALTH



## CERTIFICATE OF DEATH

**FACT OF DEATH NUMBER**
4153

**STATE FILE NUMBER**
140-2015-004192

**DATE FILED:** 07/23/2015

**DECEDENT'S INFORMATION:**
**NAME:** JOSEPH CHARLES STRONGHEART
**ALIAS:**
**SEX:** MALE   **SOCIAL SECURITY NUMBER:** 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   **ARMED FORCES:** NO
**DATE OF DEATH:** 07/11/2015   **DATE OF BIRTH:** 05/26/1941   **AGE:** 74 YEARS
**PLACE OF DEATH INFORMATION:**
**TYPE:** DECEDENT'S HOME
**FACILITY NAME OR ADDRESS:** 12150 277TH AVE WAKPALA CORSON SOUTH DAKOTA

**DISPOSITION INFORMATION:**
**METHOD:** BURIAL
**CEMETERY:** STRONGHEART RANCH CEMETERY
**LOCATION:** WAKPALA SOUTH DAKOTA
**CREMATORY:**
**LOCATION:**

**DEMOGRAPHIC INFORMATION:**
**RESIDENCE:** 12150 277TH AVE WAKPALA CORSON SOUTH DAKOTA 57658
**PLACE OF BIRTH:** SOUTH DAKOTA UNITED STATES OF AMERICA   **MARITAL STATUS:** MARRIED
**SURVIVING SPOUSE'S NAME, IF WIFE MAIDEN NAME:** MILDRED SANDS
**FATHER'S NAME:** WALTER STRONGHEART
**MOTHER'S NAME PRIOR TO FIRST MARRIAGE:** EVA YELLOW
**INFORMANT INFORMATION:**
**INFORMANT'S NAME:** MILDRED STRONGHEART   **RELATIONSHIP:** SPOUSE
**MAILING ADDRESS:** PO BOX 592 MOBRIDGE, SOUTH DAKOTA 57601
**FUNERAL HOME:** KESLING FUNERAL HOME BOX 126 MOBRIDGE SOUTH DAKOTA 57601

*Eric Schley*

**FUNERAL SERVICE LICENSEE:** SCHLEY ERIC   **LICENSE NO:** 1505
**CAUSE OF DEATH PART I:**   **MEDICAL CERTIFICATE**   **INTERVAL:**
PULMONARY EMBOLISM
CONGESTIVE HEART FAILURE

**PART II:**

**CORONER CONTACTED:** YES   **AUTOPSY PERFORMED:** NO   **AUTOPSY AVAILABLE:**
**ACTUAL OR PRESUMED TIME OF DEATH:** 1622   **MANNER OF DEATH:** NATURAL CAUSES
**INJURY INFORMATION:**
**DATE OF INJURY:**   **TIME OF INJURY:**
**INJURY AT WORK:**   **TYPE OF WORK:**
**PLACE OF INJURY:**
**LOCATION OF INJURY:**
**HOW THE INJURY OCCURRED:**

**CERTIFIER:** SCHOTT ARNOLD   **SD LIC NO:**
**CERTIFIER'S ADDRESS:** PO BOX 19 MCLAUGHLIN SOUTH DAKOTA 57642

*This is a true certification of the official Vital Record filed in the Department of Health as provided in Chapter 34-25 of the SOUTH DAKOTA CODIFIED LAWS.*
**ISSUED BY WALWORTH COUNTY REGISTER OF DEEDS**

*Mariah R Pokorny*   *Sue Eisemann*

**MARIAH R POKORNY, STATE REGISTRAR**   REGISTER OF DEEDS
**DATE ISSUED:** JULY 27, 2015

SD1438798

STANDING ROCK AGENCY
FORT YATES, ND



# STATE OF SOUTH DAKOTA

## Marriage License

Circuit Court for the County of   HUGHES

To any person Lawfully Authorized to Solemnize Marriages within said State:

Know Ye, That License is hereby granted to join together as Husband and Wife   JOSEPH STRONGHEART   of   WAKPALA

County of   CORSON   and State of   SOUTH DAKOTA

and   MILDRED SANDS   of   PARKER

County of   YUMA   and State of   ARIZONA   being satisfied

by the   APPLICATION   of   BOTH PARTIES

that there is no legal impediment thereto

Therefore, This shall be your sufficient authority for solemnizing the Marriage of said parties, and making return thereof as provided by law. In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Circuit Court, at   PIERRE, S. D.

this   2nd   day of   JUNE   1972

Isis Chance   Deputy   Eunice Corey   Clerk

# Certificate of Marriage

State of South Dakota. } ss.
County of Hughes

I Hereby Certify, That on the 2nd day of June in the year of our Lord, one thousand nine hundred and 72 at Pierre in said County, I, the undersigned, a Justice of the Peace did join in the HOLY BONDS OF MATRIMONY, according to the laws of this State, Joseph Strongheart of Wakpala County of Corson State of So. Dak. and Mildred Sands of Parker County of Yuma State of Arizona

Iris Crain In the presence of

ADDRESS Pierre S. Dak.

Velma Vane Witnesses

ADDRESS Pierre S. Dak.

Dick P. Miller
SIGNATURE OR CLERGYMAN OR MAGISTRATE
Justice of the Peace

ABOVE LICENSE AND CERTIFICATE TO BE GIVEN TO CONTRACTING PARTIES.

No. 9649

## Marriage License

JOSEPH STRONGHEART
TO
MILDRED SANDS

Leave to file GRANTED

United States District Judge

P.O. Box 338
Ramah, New Mexico 87321

01/15/2016

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.\Washington, D.C. 20001

Dear Judge Sullivan:

I am writing this letter in support of the new proposal scheduled to be present before you on February 04, 2016.  I believe the changes presented to you will provide better economic opportunities to individual Native Americans and Native Organizations.

I respectfully encourage you to approve the changes as presented with the courts clear direction of the grant procedure and assistance in the grant application process.

I humbly submit this letter and await your decision.

Thank you,

Sincerely

Ernest Mackel

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Leave to file GRANTED

United States District Judge

January 13, 2016

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that

Leave to file GRANTED

United States District Judge

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money. George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that will oversee the remainder of the funds, Oglala Sioux Tribe, has four representatives. Oglala should be reduced to one represented on this board. The other three positions should be filled with representatives from other reservations or regions not included.

Furthermore, we should bring to the courts attention, in a document filed by class counsel in your court which states approximately $1.300, 000.00 in uncashed checks from the first settlement. Subsequently, this issue has not been addressed there are at least 26 claimants that will not be able to respond to this comment period.

The amount of compensation given in this settlement is inferior in today's economic values. This lawsuit was an injustice reaching back to 1981. If you want to compare the value of a $50,000 Income or Wealth in 1981 there are four choices. In 2014 the relative:

Historic opportunity cost of that project is $112.000.00 Contemporary opportunity cost is $157,000.00Labor cost of that project is $128,000.00 (using the unskilled wage) or $147,000.00 (using production worker compensation)

Economic cost of that project is $270,000.00. Economy Cost of a project is measured using the relative share of the project as a percentage of the output of the economy. This measure indicates opportunity cost in terms of the total output of the economy. This view point is the importance of the item to society as a whole, and the measure is the most inclusive. This measure uses the share of GDP.

Judge Sullivan these additional funds we are seeking are by no means a windfall, as USDA and DOJ suggests it is a shortfall. A minimum of $62,500.00 in which we are seeking as an additional supplemental payment would help ease this horrific act that has devastated entire Tribal economies and generations of Native Americans. I pray that the remaining funds be dispersed as in the amount stated above, to the successful claimants. Anything less would be gross negligence and another breach on the U.S. government.

Judge Sullivan we successful claimants would like to thank you for all you have done throughout this timely process and making sure we are treated fairly and justly. We appreciate your time and ask for your favorable consideration of this matter.

Sincerely,

Name: *Melissa Wientjes*

Address: *PO Box 362, Brush, CO  80723*

Chamber of the Honorable Emmet G. Sullivan
U.S. District Court of the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001

Leave to file GRANTED

United States District Judge

January 13, 2016

To the Honorable Judge Sullivan,

It has been very disheartening being represented by this class counsel who has turned out to be no more than self-serving. The lawsuit began to correct an injustice and because of the self-serving negotiating between class counsel, USDA and DOJ has become a deception to the claimants. When I originally filled out the claim form class counsel explained if more claimants applied for the lawsuit than the counsel anticipated, claimants would receive less money.

George and Marilyn Keepseagle have shown true dedication for the sole purpose of making sure this injustice is solved righteously and lawfully. We are truly thankful for all of the Keepseagles hard work in keeping the real issue alive, and keeping us well informed in this case. The Keepseagles have told several of the claimants that they felt forced into accepting an unfair and unjust amount of $21,275. George and Marilyn are concerned at their age, if something would happen to them prior to an appeal date the case would die with them therefore; we stand behind the Keepseagles and ask for a higher additional payment.

My question is, why would class counsel put a cap of $50,000 on the amount of money each person would receive on the high end but not the lower end? Why would class counsel be so willing for the claimants to receive less money if there were more claimants than they anticipated and not negotiate a higher pay out for a smaller claimant sign up? If the left over funds are given to non-profits as class counsel suggests, twenty to thirty percent of the funds will be taken for administration fees which does not benefit the claimants. We would rather have the left over funds be returned to the U.S. government instead of given to a non-profit. We believe class counsel should also have to return its' contingency fee back to the U.S. government on the amount of money not paid out to the claimants. If the left over money is given to a non-profit, class counsel should return its' contingency fees back on that amount of money given to non-profits because they grossly misrepresented the size of the class and gained by unjust enrichment.

We do not believe that any of the money should be going to non-bonded non-profit organizations. A stipulation should be placed, if you are employed by a non-profit or a descendants of an employee, also people working for USDA, Indian Ag., or any non-profit that receives Cy Pres funds would be ineligible for applying for any grants. The Great Plains Region had one of the highest numbers of successful claimants, when you look at the list of board of directors proposed to the court that

*Jerry Taylor*



## Keepseagle v Vilsack Settlement Online Claim Form

*Please Read*

# [CLAIMANT COPY]

*NO # 14042*

Yes

QUESTION 5: Were you denied an opportunity to submit application(s) for loan(s) or loan servicing, or discouraged from applying between January 1, 1981 and November 24, 1999?

No

QUESTION 6: Was the only instance of being denied an opportunity to submit an application or being discouraged from applying between January 1, 1997 and November 23, 1997?

No

Identify the type(s) of loan(s) or loan servicing you sought.

Operating Loan

My cow calf operation is similar to other cow calf operations in Western South Dakota. In the Fall of 1985, we sold our calves and a week later applied for operating money, which was the usual annual routine. That year, we went to the Dewey County office in Timber Lake, South Dakota and met with Ken Melgaard and applied for a $20,000 operating loan. I was denied the operating loan as he said they were cutting back fundings. I asked, "Why me?" I was aware of other non-Indian ranchers in the area who were receiving operating loans at that same time. *Other Native American ranchers were being denied operating money at the time as well.* I complained to Mr. Melgaard that this wasn't right but he would not reconsider. My plan was to use the operating money to buy fuel and feed, pay vet bills, fix fence and pay leases. At that time we had 80 head of cattle. The calf crop was 95% that year. A week after turning over our calf check to the FSA, I was forced to go out of business.

QUESTION 7: Were the loan(s) or loan servicing you applied for denied, provided late, approved for a lesser amount than requested, encumbered by restrictive conditions, or did USDA fail to provide appropriate loan services, such as assistance with completing forms or restructuring of payments?

Yes

QUESTION 8: Was the only instance of conduct described in the previous Question between January 1, 1997 and November 23, 1997?

No

In the Fall of 1985, we sold our calves and a week later were forced to sell out completely as we wer denied operating money from the Dewey County FSA office in Timberlake, South Dakota. I was aware of other non-Indian ranchers in the area who were receiving operating loans. Other Native American ranchers were being denied operating money at the time as well. I complained to Mr. Melgaard that this wasn't right but he would not reconsider. My plan was to use the operating money to buy fuel and feed, pay vet bills, fix fence and pay leases. At that time we had 80 head of cattle. The calf crop was 95% that year. A week after turning over our calf check to the FSA, I was forced to go out of business.

QUESTION 9: Did USDA's treatment of you lead to financial harm?

Yes

I feel if I would have been able to keep 20% of my calf crop, my stock would be at least 400 head of cows right now making it worth at least $400,000 today. Instead, I was forced to sell out my entire herd, making the value zero to me today.

QUESTION 10: During the period January 1, 1981 through June 30, 1997 or November 24, 1997 through November 24, 1999, did you file a discrimination complaint with USDA either individually or through a representative with regard to alleged discrimination?

Yes

*Thank You Sir.*

Chambers of the Honorable Emmet G. Sullivan

U.S. District Court for the District of Columbia

333 Constitution Avenue N.W.

Washington, D.C.  20001

*Leave to file GRANTED*

_____
United States District Judge

January 12, 2016

Dear Honorable Emmet G. Sullivan,

I am writing this letter in reference to the Keepseagle Settlement and how the remaining funds should be distributed.  I am one of the original claimants who was denied the claim and would like to see the remaining claimants paid for their claims at what is stated in the letter that I received, which is $21,275.00 minus the taxes.  I think that the original law suit was intended for that reason, so that these individuals would be compensated for the injustice.  Any remaining funds after this should be awarded to other organizations as stated in the letter.

I thank you for this opportunity to voice my opinion and hope it is heard.

Sincerely,

Angelena R. Bahe

Angelena R. Bahe
P.O. Box 1121
Keams Canyon, AZ 86034

Leave to file GRANTED

United States District Judge

1-14-16

I Am Wynette Tookes I think the Remaining settlement Funds should go back to the USDA and be distributed to the ones who was denied. I don't think the one's was denied did not have a fair chance.

I Think everyone should have a Equal Chance who attempted or tried to get a Farm loan or loan servicing from the USDA was discrimination again be approved a settlement or a supplemental payment. I hope the Count will consider the one's who was denied award settlement. Thanks For giving us a chance to share our views to the Court.

Wynette Tookes.

Leave to file GRANTED

United States District Judge

January 11, 2016

Chambers of the Honorable Emmet Sullivan
US District Court For The District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

IT IS MY OPINION THAT THE REMAINING SETTLEMENT FUNDS BELONGS TO THE PEOPLE

WHO WERE DISCRIMINATED AGAINST, THE NATIVE AMERICAN RANCHERS.

Neal L. LaPointe, Sr.
P.O. Box 6
Rosebud, S.D. 57570
605-208-1112

Leave to file GRANTED

United States District Judge

Jan - 13/2016
Pryor, Mt., 59066

Honorable Emmet G. Sullivan

This is in response to the Keepeagle letter of Dec. 30/2015.

This is not a new claim, as I was one of the members who was successful under the tract one claim.

I personally feel all of these non-profit organizations are not entitled to any of this left over money.

They did not do any of the ground work that started this lawsuit, but they seen how much money was left over and want it to pad there own pockets and their relatives pockets.

The common people who started this lawsuit do not want these non-profit organizations to have any of this money.

I am a enrolled member of the Crow tribe of Indians. I was one of the first four or five people from the Crow Tribe who helped get this lawsuit started.

I feel that this left over money should be given to the members who were successful in the first round of claims. Each member gets the same amount, no tract one or tract two claims.

ADORA A. TURNSPLENTY
NOTARY PUBLIC for the
State of Montana
Residing at Pryor, Montana
My Commission Expires
March 21, 2017

SEAL

Adora A. Turnsplenty

Thank You
Warren D. Smith
Box 38
Pryor, Mt. 59066
phone 1-406-259-7681

January 10, 2016

Leave to file GRANTED

United States District Judge

Keepseagle Claims Administration

P.O. Box 3560

Portland, Oregon 97208-3560

Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer satisfactory.

My recommendations concerning this offer are:

1. Make payment immediately.
2. This money is non-taxable.
   *(This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.)* This is a settlement!
3. The full amount designated for payment and taxes should be dispersed directly to plaintiffs in the amount of $21,275.00.
4. The excess monies proposed to provide assistance to further Native American farming and ranching activities should be limited to assist only Plaintiffs families.
5. All excess moneys should be divided equally and distributed to plaintiffs.

I respectfully request that you take this recommendation into consideration.

Sincerely,

Plaintiff

Address:

cc. file

Leave to file GRANTED

United States District Judge

January 10, 2016

Keepseagle Claims Administration

P.O. Box 3560

Portland, Oregon 97208-3560


Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer satisfactory.

My recommendations concerning this offer are:

1.  Make payment immediately.
2.  This money is non-taxable.
    *(This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.)* This is a settlement!
3.  The full amount designated for payment and taxes should be dispersed directly to plaintiffs in the amount of $21,275.00.
4.  The excess monies proposed to provide assistance to further Native American farming and ranching activities should be limited to assist only Plaintiffs families.
5.  All excess moneys should be divided equally and distributed to plaintiffs.

I respectfully request that you take this recommendation into consideration.

Sincerely,

Dale R Penner , Plaintiff

Address:
Box 25
Browning, Mt
59417

cc. file

January 10, 2016

Keepseagle Claims Administration

P.O. Box 3560

Portland, Oregon 97208-3560

Attention Claims Administration:

In regards to your request for rebuttal concerning the proposed determination of the Keepseagle case, as a plaintiff, I find the offer satisfactory.

My recommendations concerning this offer are:

1. Make payment immediately.
2. This money is non-taxable.
   *(This settlement money is non-taxable, nor will it affect eligibility for government benefits. Congress passed the Claims Resolution Act of 2010, H.R. 4783, 111th Cong. (2010), which specifically prohibits settlement awards from being treated as gross income or a resource.)* This is a settlement!
3. The full amount designated for payment and taxes should be dispersed directly to plaintiffs in the amount of $21,275.00.
4. The excess monies proposed to provide assistance to further Native American farming and ranching activities should be limited to assist only Plaintiffs families.
5. All excess moneys should be divided equally and distributed to plaintiffs.

I respectfully request that you take this recommendation into consideration.

Sincerely,

_Truman + Joy Hall_, Plaintiff

Address:

435 Badger Crk
Valier, Mt 59486

cc. file

In addition, Plaintiffs nominate as initial Executive Director of the Trust Janie Hipp, a member of the Chickasaw tribe and Director of the Indigenous Food and Agriculture Initiative at the University of Arkansas School of Law.

The Class, USDA, and Marilyn Keepseagle have agreed to this compromise. The Court must still approve this option before it can be put into place and the funds distributed as proposed.

**What happens next?**
Class Counsel filed a motion asking the Court to approve the new proposal.

*What the Court has ordered:* The Court has scheduled a hearing for **February 4, 2016**, beginning at 10 a.m. EDT, to hear from the Parties and others with an interest in how the remaining settlement funds should be distributed. The hearing will be held in Courtroom 24A of the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. If you submit your comments in writing (*see* below), the Court will consider your views even if you do not attend the hearing. If you attend the hearing, you will be provided a brief opportunity to speak to the Court.

**How can I get more information?**
The website www.indianfarmclass.com has copies of all the main court filings and additional information about this issue.

**How can I share my views?**

If you want to share your views about how the remaining settlement funds should be used, you may submit them in writing, addressed to the Court, with a postmark date no later than **January 20, 2016**.

Comments should be addressed to:

Chambers of the Honorable Emmet G. Sullivan
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001

### PLEASE DO NOT SUBMIT ANY NEW CLAIMS.

*If This settlement was Approved For Native Americans Farmers And Ranchers why Shoud NONPROFIT organizations get part of it so do what is Right.*

Leave to file GRANTED

United States District Judge



Keepseagle Claims Administrator
PO Box 3560
Portland, OR 97208-3560

271802178217

000 0001453 00000000 001 002 00364 ░░░ 0 0

OZELL BAKER
2996 EVERGREEN CHURCH RD
PEMBROKE, NC 28372

December 30, 2015

## SUPPLEMENTAL NOTICE RE: KEEPSEAGLE V. VILSACK

You are receiving this notice either because you were previously sent notice of the settlement of this case or because you made a claim in connection with this settlement. Please read this notice carefully. There are funds paid in settlement of this case that remain undistributed. This notice is to inform you that the Court is inviting input from Class Members on how those funds should be distributed and to let you know how and when you can provide that input.

Please note: As described in greater detail below, this concerns a revised proposal, different from the one described in the May 2015 notice. The revised proposal provides each Prevailing Claimant a supplemental payment of $18,500 directly and $2,775 paid to the IRS on their behalf, for a total supplemental award of $21,275, with the balance of the funds being directed to nonprofit organizations to provide assistance designed to further Native American farming or ranching activities.

### What is the Keepseagle case about?  Who is in the Class?
The Keepseagle case claimed the USDA discriminated against Native Americans who applied for or tried to apply for farm loans or loan servicing. USDA denied the claims of discrimination.

The Class *includes* all Native American farmers and ranchers who:
- Farmed or ranched or attempted to farm or ranch between January 1, 1981 and November 24, 1999;
- Tried to get a farm loan or loan servicing from the USDA during that period; and
- Complained about discrimination to the USDA either on their own or through a representative during the time period.

The Class *does not include* individuals who:
- Experienced discrimination only between January 1 and November 23, 1997; or
- Complained of discrimination only between July 1 and November 23, 1997.

### What happened in the case?
After more than a decade of litigation, the Parties reached a settlement in October 2010, which was publicized and then approved by the Court in April 2011. The settlement included programmatic relief, debt relief, and a claims process with two tracks (Track A, with payments of $50,000 plus tax relief and Track B with payments capped at $250,000). Notice of this claims process was issued, and meetings with Class Members who wished to file claims were held from May to December 2011. The deadline for submitting claims was December 27, 2011. A Court-appointed neutral determined which claims to grant and which to deny. Claimants were notified of the rulings, and checks were mailed to successful Claimants in 2012. Of the $680 million paid to settle this case, approximately $380 million remains undistributed.

### What does the current agreement say about how the remaining funds are to be distributed?
The Settlement Agreement approved by the Court requires that the remaining funds be given to nonprofit organizations, other than a law firm, legal services entity, or educational institution, that have provided agricultural, business assistance, or advocacy services to Native American farmers between 1981 and November 1, 2010. The Settlement Agreement requires all funds to be distributed at one time in equal shares to organizations that were proposed by Class Counsel and approved by the Court.

O4431 v.02 12.22.2015

1

