```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
MARILYN KEEPSEAGLE, et al.,   )
                              )
          Plaintiffs,         )
                              )
     v.                       ) Civil Action No. 99-3119 (EGS)
                              )
SONNY PERDUE, Secretary, U.S. )
Department of Agriculture,    )
                              )
          Defendant.          )
_____)
```

**MEMORANDUM OPINION**

On April 28, 2011, the Court granted, among other things, plaintiffs' motion for award of attorneys' fees and costs, awarding class counsel at the high end of the range set forth in the 2011 Settlement Agreement between the parties: 8% of the $760 million compensation fund amount, or $60.8 million, pursuant to the following provision:

> Plaintiffs will ask the Court to approve an award of attorneys' fees and costs to Class Counsel, payable as part of the common fund awarded to the Class, with the understanding that the Plaintiffs may seek, and the Court may award, such attorneys' fees and costs the total amount of which shall be at least 4% and not more than 8% of $760,000,000.

Settlement Agreement, ECF No. 576-1 at XV.B; Order, ECF No. 606 at 3. Because a compensation fund had been established, the Court made this award pursuant to the common fund doctrine. *See Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1262 (D.C. Cir.

1993)(holding that the "proper measure of [contingent counsel fees in class actions resulting in the creation of a common fund payable to plaintiffs] is a percentage of the [common] fund"). Class counsel provided a lodestar calculation of actual and projected fees[1] and costs of $26,533,940.48 for cross-check purposes. Mem. of Law in Support of Pls.' Mot. for an Award of Attorneys' Fees and Expenses, ECF No. 581-1 at 9.[2] The fees awarded by the Court therefore exceeded actual and projected fees and costs by a multiplier of 2.3, which fell "well within the typical range of [comparable] awards." *Id*. at 43-45.

Class counsel now seek a supplemental award from interest accrued from the compensation fund based on a lodestar calculation and pursuant to the following provision of the 2015 Addendum to the Settlement Agreement ("Addendum"):

> In the event counsel seek an award of attorneys' fees and costs for work involved in establishing the Trust and Modifying the Agreement, such award may be made from interest that has accrued from the total Compensation Fund, and may only be with approval by the Court upon a properly noticed motion. The Secretary reserves the right to address the entitlement to fees, the amount of fees, or both entitlement and amount, in any opposition or response.

---

[1] The lodestar method is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[2] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

Addendum, ECF No. 824-2 at IV.C. Specifically, class counsel seek $3,220,035.85 in fees and $46,656.50 in additional costs that they contend were not foreseen and therefore not compensated in the prior award. Final Report to Court on Payments from the Keepseagle Settlement Fund and Mot. for Approval of Final Payments Including Suppl. Att'ys' Fees ("Mot. for Att'ys' Fees"), ECF No. 911 at 10, 18. Class counsel also seek an award of $566,537.50 in fees and $6,987.56 in costs for Mrs. Keepseagle's independent counsel, Olsson Frank Weeda Terman Matz PC ("OFW Law"). *Id*. Mrs. Keepseagle obtained independent counsel after the Court asked if she would like the opportunity to do so to assist her in her efforts to modify the Settlement Agreement. *Id*. at 22. Class counsel have provided notice of this request to the class and to the Trustees of the Trust. *Id*. at 11.

The Addendum was negotiated after the claims process concluded and an unanticipated $380 million remained in the compensation fund for distribution to *cy pres* beneficiaries. The Addendum was agreed to by class counsel, the government, and Mrs. Keepseagle's counsel, and approved by the Court. *See Keepseagle v. Vilsack*, No. 99-3119, slip op. (D.D.C. April 20, 2016), aff'd, 856 F.3d 1039 (D.C. Cir. 2017).

The government disputes that class counsel is entitled to a supplemental award pursuant to the Settlement Agreement. The

3

government argues that the 8% cap on an award of attorneys' fees and costs was not increased by the Addendum and therefore an additional award is not permitted pursuant to the Settlement Agreement. Def.'s Opp'n to Counsels' Second Fee Pet. (Def.'s Opp'n), ECF No. 912 at 6-8. The Court disagrees. The Addendum clearly contemplates that class counsel and Mrs. Keepseagle's counsel[3] would be entitled to seek an award of attorneys' fees and costs, which would be made on motion to the Court, with an opportunity for the government to oppose, and "may be made from interest that has accrued from the total Compensation Fund." Addendum, ECF No. 824-2 at IV.C. Since the Addendum unambiguously provides that the award would be paid "from interest that has accrued from the total Compensation Fund," this provision overrides the 8% award cap in the Settlement Agreement. To accept the government's argument would render this provision of the Addendum meaningless. *See Beal Mort., Inc. v. FDIC,* 132 F.3d 85, 88 (D.C. Cir. 1998)("the cardinal interpretative principle [is] that we read a contract to give meaning to all of its provisions and to render them consistent with each other.")(internal quotation marks and citation

---

[3] Although the term "counsel" is not defined in the Addendum, it was signed by class counsel, Mrs. Keepseagle's counsel, and government counsel. Addendum, ECF No. 824-2 at 6-7.

4

omitted). Therefore, class counsel is entitled to seek a supplemental award pursuant to the terms of the Addendum.

"When awarding attorneys' fees, federal courts have a duty to ensure that claims for attorneys' fees are reasonable." *Swedish Hosp. Corp.*, 1 F.3d at 1265. "In general, a trial court enjoys substantial discretion in making reasonable fee determinations." *Id.* at 1271 (citation omitted). "[C]ourts maintain discretion to award supplemental fees to counsel for work performed in relation to the litigation or settlement following counsel's initial fee application." *Cassese v. Washington Mut.*, 27 F. Supp. 3d 335, 339 (E.D.N.Y. 2014) (internal quotation marks and citations omitted). Courts have this discretion whether the work for which the supplemental fees are sought was anticipated or not. *Pray v. Lockheed Aircraft Corp.*, 1987 WL 9757, at *1 (D.D.C. Apr. 3, 1986). That said, "it is reasonable to inquire whether any supplemental award of attorney's fees for work performed . . . is justified." *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 440 (D.Md. 1998). "[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but . . . that does not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (2010)(internal quotation marks and citation omitted).

The government argues that an additional award is not reasonable on several grounds: (1) the original award exceeded

5

class counsels' actual and projected fees and costs by nearly $34 million and so the extra fees and costs incurred have been covered by that "cushion"; (2) class counsel was overcompensated for their projected costs when the award was made since the amount of unclaimed funds–$380 million–was so large; and (3) class counsels' original award should have been half of what it was because the settlement amount was twice what it should have been. Def.'s Opp'n, ECF No. 912 at 10-12.

Class counsel responds that: (1) the Court has already rejected the argument that the award was too high when it awarded to the cap; (2) as a factual matter, it was not overpaid for the projected costs; and (3) regarding the amount of unclaimed funds, the settlement amount was fully justified by the damages calculation of plaintiffs' expert, but a variety of factors lead to not all class members being able to, or choosing to, make their claims. Pls.' Reply, ECF No. 914 at 3-6. Class counsel also points out that the government does not contest the reasonableness of the rates or hours in their request. *Id*. at 5.

Class counsels' supplemental request is neither reasonable nor justified. There is no dispute that this supplemental request is for work and costs that were not contemplated in class counsels' 2011 award request. However, the reason class counsel needed to undertake this work and incur these costs, was because of the magnitude of unclaimed funds. Class counsel

object to taking into consideration the magnitude of unclaimed funds because the damages calculation was "fully justified." Pls.' Reply, ECF No. 914 at 5. The Court disagrees that the magnitude of the unclaimed funds should not be considered. Although the damages calculation was fully justified, the fact is that class counsels' original award was based on a percentage of a compensation fund amount that exceeded successful claims by approximately half. The Court recognizes that the Supreme Court has held it to be a proper application of the common fund doctrine for an award of fees to be based on a percentage of the entire fund even if not all funds were disbursed to class members. *See Boeing Co. v. Van Gemert*, *et al.*, 444 U.S. 472, 473 (1980). However, the amount not disbursed in that case—$1.5 million out of a $3.2 million settlement fund—as compared to $380 million out of the $760 million settlement fund here renders this precedent entirely distinguishable. *See id*. at 474, 476.

The Court agrees with class counsel that its work on the Addendum benefitted the class: It resulted in additional payments to successful claimants and the creation of a Trust to benefit the members of the class. And class counsels' work resulted in this Court approving the Addendum and in that approval being upheld on appeal. However, the Court must still determine whether the supplemental award is reasonable. Here,

the $60.8 million awarded exceeded class counsels' actual and projected lodestar fees and costs by approximately $34 million.[4] The Court recognizes persuasive authority approving supplemental fees where the prior award exceeded lodestar fees and costs, *Pray,* 1987 WL 9757, at *2, but doing so here would not be reasonable. It is neither reasonable nor justified to award supplemental fees, even though the work was not anticipated, when the original award: (1) was a percentage of a settlement fund of this magnitude that exceeded the successful claims by half; and (2) exceeded actual and projected fees and costs by a multiplier of 2.3.

Class counsel also seek an award of $566,537.50 in fees and $6,987.56 in costs for OFW Law, which represented Mrs. Keepseagle in her efforts to modify the Settlement Agreement. Mot. for Att'ys Fees, ECF No. 911 at 22. OFW Law was instrumental in negotiating the Addendum, which obtained $77 million in additional payments to class members, a supplemental service award of $100,000 to Mrs. Keepseagle, and created the Trust. *See* Decl. of Marshall L. Matz in Support of Marilyn Keepseagle's Request for an Award of Att'ys' Fees and Expenses ("Matz. Decl."), ECF No. 911-8 ¶ 9. OFW Law also represented

---

[4]The Court recognizes that class counsels' actual lodestar fees were somewhat higher than originally projected. *See* Mot. For Att'ys' Fees, ECF No. 911 at 12 n.4.

8

Mrs. Keepseagle in her successful Motion to Modify the Settlement Agreement, in successfully opposing the appeal of this Court's approval of the Addendum to the Court of Appeals for the District of Columbia Circuit, and in successfully opposing petitions of certiorari to the Supreme Court. *Id.* ¶¶ 6,7.

In response to class counsels' request for this award, the government reiterates its argument that the Settlement Agreement does not authorize the payment, but makes no other objection. Def.'s Opp'n, ECF No. 912 at 12-13. The Court has rejected that argument. *See supra* at 3-5. The Addendum specifically provides that OFW Law would be able to "seek an award of attorneys' fees and costs for work involved in establishing the Trust and Modifying the Agreement" payable from the interest accrued from the compensation fund. Addendum, ECF No. 824-2 at IV.C.

Unlike the Settlement Agreement, the Addendum did not provide for the payment of attorneys' fees as a percentage of the compensation fund. *See id.* OFW Law has submitted a lodestar request for fees and costs. While the source of any award here will be the interest accrued from the compensation fund, which is distinct from damages awarded by a court pursuant to the fee

9

shifting provisions the Equal Credit Opportunity Act ("ECOA")[5], and because the ECOA underpins this litigation, the Court will consider whether the lodestar fees requested are reasonable by reference to the fee shifting provisions of the ECOA. In this context, this Court has stated:

> The starting point for determining a reasonable fee is the "lodestar method," which "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "[T]he lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case[.]" *Perdue*, 130 S.Ct. at 1672. There is a "strong presumption" that the lodestar figure represents a reasonable attorney's fee, *id.* at 1673, because " 'the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee,' " *id.* at 1667 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).
>
> In calculating a reasonable fee award, the Court must make three separate determinations: (1) what constitutes a "reasonable hourly rate" for the services of plaintiff's counsel; (2) the number of hours that were reasonably expended on the litigation; and (3) whether plaintiff has offered "specific evidence" demonstrating this to be the "rare" case in which a lodestar enhancement is appropriate, and if so, in what amount. *Miller v. Holzmann*, 575 F.Supp.2d 2, 11 (D.D.C.2008); *see also*

---

[5]*See* 15 U.S.C. § 1691e(d)("the costs of the action, together with a reasonable attorney's fee as determined by the court, shall be added to the damages awarded by the court").

> *Covington v. District of Columbia,* 57 F.3d
> 1101, 1107 (D.C.Cir.1995). The fee applicant,
> however, "bears the burden of establishing
> entitlement to an award, documenting the
> appropriate hours, and justifying the
> reasonableness of the rates [.]" *Covington,* 57
> F.3d at 1107 (citing *Blum,* 465 U.S. at 896 n.
> 11, 104 S.Ct. 1541; *Hensley,* 461 U.S. at 437,
> 103 S.Ct. 1933). Likewise, "the burden of
> proving that an enhancement is necessary must
> [also] be borne by the fee applicant." *Perdue,*
> 130 S.Ct. at 1673.[6]

*Heller v. District of Columbia*, 832 F. Supp. 2d 32, 37-38 (D.D.C. 2011).

First, the Court must determine whether OFW Law's rates are reasonable based on its review of OFW Law's: (1) billing practices; (2) skill, experience and reputation; and (3) prevailing market rates in the relevant community. *Id*. at 38. The Court finds OFW Law's rates to be reasonable. The declaration submitted in support of the request attests that the hourly rates are consistent with the usual and customary rates for work performed for non-contingency fee clients and that have been paid by the firm's commercial clients. Matz. Decl., ECF No. 911-8 ¶ 16. Attached to the declaration are descriptions of the experience and reputation of counsel upon which the rates are established. *Id*. at 11-27. The Court notes the impressive

---

[6] OFW Law does not seek a lodestar enhancement. *See generally*, Mot. For Att'ys Fees, ECF No. 911; Pls.' Reply, ECF No. 914; Marilyn Keepseagle's Reply, ECF No. 915.

qualifications of Mrs. Keepseagle's counsel. *See id*. She was represented by a skilled team of litigators with significant relevant experience at both the trial and appellate levels. *See id*. Furthermore, the rates are comparable to, and for the most part lower than, the Legal Services Index (LSI) of the Bureau of Labor Statistics Laffey Matrix. *Compare* Matz. Decl., ECF No. 911-8 at 78 *with* the LSI Laffey Matrix, available at http://laffeymatrix.com/see.html. Finally, the rates are comparable to, but slightly higher than, the United States Attorney's Office Laffey Matrix. *Compare* Matz. Decl., ECF No. 911-8 at 78 *with* USAO Attorney's Fees Matrix, available at https://www.justice.gov/usao-dc/file/796471/download. In this Circuit, either matrix may be used to demonstrate prevailing market rate. *See Covington v. District of Columbia,* 57 F.3d 1101, 1109 (D.C. Cir. 1995). After evidence has been provided demonstrating that counsels' rates are reasonable, the burden shifts to the government to produce "equally specific countervailing evidence" demonstrating that the proposed hourly rate is "erroneous." *Heller*, 832 F. Supp. 2d at 40 (quoting *Covington*, 57 F.3d at 1109). Here, however, the government has not disputed the reasonableness of OFW Law's rates. *See generally* Def.'s Opp'n, ECF No. 912.

Next, the Court must determine whether the number of hours expended on the litigation was reasonable. *See Heller*, 832 F.

Supp. 2d at 38. The evidence supporting the hours worked must "be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Id*. at 49 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). The Court finds the number of hours OFW Law expended on the litigation to be justified. OFW Law claims 1,179.1 attorney, law clerk and paralegal hours that "were actually expended, in the exercise of professional judgment, by the lawyers, paralegal staff, and clerks involved in the matter." Matz Decl., ECF No. 911-8 ¶ 15. In support, OFW Law submitted detailed, contemporaneously-made records indicating the amount of time spent on a particular day on the matter and describing the tasks performed. *Id.* ¶ 13, Ex. B at 29-76. The Court has reviewed these records and, in view of its detailed knowledge of this matter, finds them to be adequately detailed, and the number of hours expended justified. OFW Law seeks a total of $566,537.50 in fees for work performed over two and a half years for the following number of billable hours: Attorney Dillard: 679.8 hours; Attorney Matz: 206.2 hours; Attorney Fried: 79.5 hours; Attorney Tsien: 43.2 hours; Attorney Durkin: 27.2 hours; Law Clerk Chapin: 88.5 hours; Law Clerk Ardalan: 30.3 hour; Attorney Weinreib: 6.5 hours; Paralegal Morgan: 17.9 hours. *Id*. ¶ 17, Ex. B at 29-76, Ex. C. Appropriately, the bulk of the billable hours

13

are for a junior attorney with three to six years' experience, with the more senior attorneys generally providing a supervisory role. Again, the government has not disputed the reasonableness of the number of hours expended. *See generally* Def.'s Opp'n, ECF No. 912.

Finally, OFW Law claims $6,987.56 in costs. The Court has compared the types of costs OFW Law claims to the types of costs the Court originally approved for class counsel and finds them to be for the same type of costs, such as telephone charges, transportation charges, postage, duplicating, filing fees, etc. *Compare* Matz. Decl., ECF No. 911-8, Ex. D *with* Decl. of Joseph M. Sellers in Supp. of Pls.' Mot. For an Award of Att'ys' Fees and Costs, ECF No. 581-1, Ex. C. Additionally, the costs are not excessive. Therefore, the Court finds these costs to be reasonable.

Accordingly, the supplemental motion for an award of attorneys' fees and expenses is **GRANTED IN PART** and **DENIED IN PART.** Class counsels' request for supplemental fees and costs is **DENIED.** Counsel for Mrs. Keepseagle are awarded $566,537.50 in fees and $6,987.56 in costs from the interest accrued from the compensation fund. An appropriate order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**September 21, 2018**